# CV 12          4167

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**SUMMONS ISSUED**

JANINA DAVIS & SUBHANA RAHIM,
    Plaintiffs,

    *-against-*

Index No.: _____

MORAD YEROUSHALMI, MOUSSA YEROUSHALMI
a/k/a MOISHE YEROUSHALMI,
FARZANEH YEROUSHALMI, ASWAD AYINDE a/k/a
ARUNE DESTULA a/k/a ERIC MCGILL, JAMES GUY,
JOHN DOES 1-5, JANE DOE, ALTRIA DEVELOPMENT, LLC,
M&M DEVELOPER, LLC, MBM DEVELOPMENT, LLC,
& MBM ENTERTAINMENT, LLC, P S Y TRADING, INC.,
    Defendants.

**GERSHON, J.**

**LEVY, M.J.**

## - COMPLAINT -

**COME NOW PLAINTIFFS** JANINA DAVIS and SUBHANA RAHIM, by their attorney André Ramón Soleil, Esq., to complain of the Defendants and state as follows:

## - PARTIES, JURISDICTION AND VENUE -

1.    This Court has jurisdiction over this action under 28 U.S.C. §1331, FEDERAL QUESTION. The matters in controversy arise under 18 U.S.C. §1961, *et seq.*, RACKETEERING INFLUENCED & CORRUPT ORGANIZATIONS and the court has SUPPLEMENTAL JURISDICTION pursuant to 28 U.S.C. §1367 over the related state law matters.

2.    VENUE properly lies in this Eastern District of New York ("EDNY") pursuant to 28 U.S.C. §1391(b)(1-2), because all Defendants reside in EDNY's jurisdiction, a "substantial part of the events ... giving rise to the claim occurred ..." in EDNY, and "a substantial part of property that is the subject of the action is situated" in EDNY.

3.    Plaintiff JANINA DAVIS (hereinafter "DAVIS") is over the age of 18, is a citizen of the United States of America and the State of New York, and resides at 139 Clinton Avenue, Apt. 1, Brooklyn, NY 11205.

4.    Plaintiff SUBHANA RAHIM (hereinafter "RAHIM") is over the age of 18, is a citizen of the United States of America and the State of New York, and resides at 395 Madison Street, Brooklyn, NY 11221.

5.    Defendant MORAD YEROUSHALMI (hereinafter "MORAD") is over the age of 18, is a citizen of the United States of America and the State of New York, and resides at 12 Orange Dr., Jericho, NY 11753-1518.

6.    Defendant MOUSSA YEROUSHALMI a/k/a MOISHE YEROUSHALMI (hereinafter "MOUSSA") is over the age of 18, is a citizen of the United States of America and the State of New York, and resides at 44 Maple Dr., Great Neck, NY 11021-1240.

7.    Defendant FARZANEH YEROUSHALMI (hereinafter "FARZANEH") is over the age of 18, is a citizen of the United States of America and the State of New York, and resides at 44 Maple Dr., Great Neck, NY 11021-1240.

8.    Defendant ASWAD AYINDE a/k/a ARUNE DESTULA a/k/a ERIC MCGILL a/k/a BAKU (hereinafter "BAKU") is over the age of 18, is a citizen of the United States of America and the State of New York, and is an inmate of South Woods State Prison, 215 Burlington Rd., Bridgeton, NJ 08302.

9.    Defendant JAMES GUY (hereinafter "GUY") is over the age of 18, is a citizen of the United States of America and the State of New York, and has business offices at 49 Spice Mill Blvd., Clifton Park, NY 12065.

10. Defendants JOHN DOE 1-5 are each apparently over the age of 18. Their citizenships

are unknown.

11. Defendant JANE DOE is apparently over the age of 18. Her citizenship is unknown.

12. Defendant ALTRIA DEVELOPMENT, LLC (hereinafter "ALTRIA") is a foreign authorized limited liability company whose primary place of business is 683 Middle Neck Rd., Great Neck, NY 11024.

13. Defendant M&M DEVELOPER, LLC (hereinafter "M&M") is a foreign unauthorized limited liability company whose primary place of business is 683 Middle Neck Rd., Great Neck, NY 11024.

14. Defendant MBM DEVELOPMENT, LLC (hereinafter "MBM-D") is a foreign authorized limited liability company whose primary place of business is 683 Middle Neck Rd., Great Neck, NY 11024.

15. Defendant MBM ENTERTAINMENT, LLC (hereinafter "MBM-E") is a foreign authorized limited liability company whose primary place of business is 683 Middle Neck Rd., Great Neck, NY 11024.

16. Defendant P S Y TRADING, INC. (hereinafter "PSY") is a foreign authorized limited liability company whose primary place of business is 683 Middle Neck Rd., Great Neck, NY 11024.

---

## - FACTS COMMON TO ALL CLAIMS -

17. DAVIS and BAKU were romantically involved from May 2002 until June 2006.

18. DAVIS and BAKU are parents of Altria Ayinde who was born October 21, 2003.

19. On information and belief, MOUSSA is married to FARZANEH

20. On information and belief, MORAD is the full brother of MOUSSA.

21. On information and belief, ALTRIA's members, while it operated and existed, were DAVIS, MOUSSA and MORAD.

22. On information and belief, M&M's members were and are MORAD and MOUSSA.

23. On information and belief, MBM-D's members were and are DAVIS and M&M.

24. On information and belief, MBM-E's members are MORAD and FARZANEH.

25. On information and belief, PSY was wholly owned by BAKU.

26. On information and belief, the Defendants conspired against DAVIS and took more than $4,800,000.00 of real property from DAVIS without adequate consideration, paying DAVIS a mere $150,000.00 total consideration, by conversion and in a manner contrary to the CIVIL RICO STATUTE.

*- 148 West 127th Street, Harlem, NY -*

27. Prior to April 2005, DAVIS was fee simple absolute owner, without significant mortgage or encumbrance, of 148 West 127th Street, New York, NY (New York County, Block 1911, Lot 54) (hereinafter "W127").

28. At or about April 2005, W127 had an estimated value of $1,500,000.00.

29. In or about April 2005, MOUSSA and M&M entered into a joint venture with DAVIS to form MBM-D and to develop W127 through MBM-D (together with the development of GATES (defined below) the "Joint Development"). The parties agreed that M&M pay the cost of rehabilitation, that DAVIS would transfer W127 in title to MBM-D, that DAVIS would be an equal (50%) partner with M&M in MBM-D, that DAVIS would receive an equal share (50%) of the net profits of MBM-D, and that M&M would pay $150,000.00 to DAVIS in consideration of her initial risk.
**EXHIBIT A** – MBM-D Agreement, dated April 19, 2005.

4

30. There was never any contract of sale regarding DAVIS's transfer of W127 to MBM-D.

31. Davis never received $150,000.00; and, in any case, $150,000.00 was not adequate consideration for the alleged transfer of W127 in 2005.

32. DAVIS did not intend or agree to divest herself of interest in W127.

33. In and between April and May 2005, DAVIS formed MBM-D with M&M. DAVIS understood and agreed that membership in MBM-D was exclusive to M&M and herself.

34. On May 6, 2005, DAVIS allegedly executed a deed for W127 from DAVIS to MBM-D. The New York City Register recorded this deed on October 13, 2005. DAVIS has no recollection of signing this deed. **EXHIBIT B** – Deed (W127) DAVIS to MBM-D, Filed 10-13-05.

35. Unbeknownst to DAVIS, on or about May 9, 2006, MBM-D, an entity in which she believed herself to be a partner, transferred title of W127 to MBM-E, an entity in which she had no interest. Upon this deed, MORAD and FARZANEH, both alleging to be members of MBM-D, executed the transfer deed dated May 9, 2006 to MBM-E. On information and belief, FARZANEH was neither a member of MBM-D, nor an officer of M&M. The New York City Register recorded this deed on May 22, 2006. **EXHIBIT C** – Deed (W127) MBM-D to MBM-E, Filed 5-22-06.

36. Unbeknownst to DAVIS, on or about October 23, 2006, MBM-E transferred title of W127 to MBM-E and BAKU. The purported effect of this transfer was to create a 66 2/3% interest in MBM-E and a 33 1/3% interest in BAKU as tenants-in-common of W127. MOUSSA executed this deed as member of MBM-E. The New York City

5

Register recorded this deed on November 13, 2006. **EXHIBIT D** – Deed (W127)

MBM-E to MBM-E (66 2/3%) and BAKU (33/1/3%), Filed 11-13-06.

37.     Unbeknownst to DAVIS, on or about October 23, 2006, BAKU transferred his alleged

33 1/3% interest in title of W127 to PSY. The purported effect of this transfer was to

create a 66 2/3% interest in MBM-E and a 33 1/3% interest in PSY as tenants-in-

common of W127. The New York City Register recorded this deed on November 13,

2006. **EXHIBIT E** – Deed (W127) BAKU (33 1/3%) to PSY (33 1/3%), Filed 11-13-

06.

38.     Unbeknownst to DAVIS, on or about March 5, 2007, MORAD and FARZANEH

transferred their purported interest in title of W127 to PSY and MBM-E. The

purported effect of this transfer was to create a 66 2/3% interest in MBM-E and a 33

1/3% interest in PSY as tenants-in-common of W127. The New York City Register

recorded this deed on March 21, 2007. **EXHIBIT F** – Deed (W127) MORAD and

FARZANEH to MBM-E and PSY, Filed 3-21-07.

39.     Unbeknownst to DAVIS, on or about March 5, 2007, PSY and MBM-E transferred

their purported interest in title of W127 to MORAD and FARZANEH. The purported

effect of this transfer was to create a 50% interest in MORAD and a 50% interest in

FARZANEH as tenants-in-common of W127. The New York City Register recorded

this deed on March 21, 2007. **EXHIBIT G** – Deed (W127) MBM-E and PSY to

MORAD and FARZANEH, Filed 3-21-07.

40.     DAVIS was never given any money from any Defendant in consideration for her

alleged transfer of W127. DAVIS did not intend or agree to divest herself of her

interest in W127.

6

*- 187 Gates Avenue, Clinton Hill, NY -*

41. On or about October 29, 2003, DAVIS received title, fee simple absolute, of 187 Gates Avenue, Brooklyn, NY (Kings County, Block 1972, Lot 38) (hereinafter "GATES") from RAHIM and BAKU. The New York City Register recorded this deed on March 9, 2004. **EXHIBIT H** – Deed (GATES) RAHIM and BAKU to DAVIS, Filed 3-9-04.

42. On October 6, 2004, RAHIM commenced *Rahim v. Destula*, Index No.: 31765/2004, Supreme Court Kings County (the "*Rahim* Supreme Court matter"). This complaint and *lis pendens* were served on BAKU and DAVIS on or about November 15, 2004.

43. GATES was the other property, as DAVIS's consideration and as a property to be developed into condominiums, in the Joint Development. See EXHIBIT A.

44. There was never any contract of sale regarding DAVIS's alleged transfer of GATES to MBM-D.

45. DAVIS never received $150,000.00; and, in any case, $150,000.00 was not adequate consideration for the combined transfer of W127 and GATES in 2005.

46. DAVIS did not intend or agree to divest herself of interest in GATES.

47. On December 13, 2004, DAVIS was stayed and enjoined from executing any transfer of GATES by court order in the *Rahim* Supreme Court matter. As such, this deed and transfer are void *ab initio*. **EXHIBIT I** – Order of Judge Kramer, Dated December 13, 2004.

48. On May 6, 2005, DAVIS allegedly executed a deed for GATES from DAVIS to MBM-D. The New York City Register recorded this deed on October 5, 2005.

DAVIS has no recollection of signing this deed. **EXHIBIT J** – Deed (GATES) DAVIS to MBM-D, Filed 10-05-05.

49. Unbeknownst to DAVIS, on or about November 15, 2006, MBM-D, an entity in which she believed herself to be a partner, transferred title of GATES to MORAD and FARZANEH. FARZANEH executed this deed alleging to be a member of MBM-D. On information and belief, FARZANEH was neither a member of MBM-D, nor an officer of M&M. The New York City Register recorded this deed on November 28, 2006. **EXHIBIT K** – Deed (GATES) MBM-D to MORAD and FARZANEH, Filed 11-28-06.

50. Unbeknownst to DAVIS, on November 15, 2006, MORAD and FARZANEH also executed a deed for GATES from MORAD and FARZANEH *back to* MBM-D. The New York City Register recorded this deed on January 4, 2006. **EXHIBIT L** – Deed (GATES) MORAD and FARZANEH to MBM-D, Filed 1-04-06.

51. DAVIS was never given any money from any Defendant in consideration for her alleged transfer of GATES. DAVIS did not intend or agree to divest herself of her interest in GATES.

### *- 139 Clinton Avenue, Clinton Hill, NY -*

52. Prior to August 2005, DAVIS was fee simple absolute owner of 139 Clinton Avenue, Brooklyn, NY (Kings County, Block 1888, Lot 11) (hereinafter "CLINTON").

53. At or about August 15, 2005, CLINTON had an estimated value of $2,200,000.00.

54. In or about August 2005, DAVIS, MOUSSA and MORAD entered into a joint venture to form ALTRIA and to develop CLINTON through ALTRIA by dividing the lot (the front from the rear) and developing condominium units on the new rear lot at

8

CLINTON. The parties agreed that MOSUSSA and MORAD would pay the costs of development, that DAVIS would transfer CLINTON in title to ALTRIA, that DAVIS would be an equal partner (50%) with MORAD and MOUSSA (50%) in ALTRIA, that DAVIS would receive an equal share (50%) of the net profits of ALTRIA with MORAD and MOUSSA, and that MORAD and MOUSSA would pay DAVIS $200,000.00 in consideration of her initial risk. **EXHIBIT M** – ALTRIA Agreement, Dated April 19, 2005.

55. There was never any contract of sale regarding DAVIS's transfer of CLINTON to ALTRIA.

56. DAVIS never received full consideration; and, in any case, $200,000.00 was not adequate consideration for the transfer of CLINTON in 2005.

57. DAVIS did not intend or agree to divest herself of interest in CLINTON.

58. In April 2005, DAVIS formed ALTRIA with MORAD and MOUSSA exclusively.

59. On August 15, 2005, DAVIS executed a deed for CLINTON from DAVIS to ALTRIA. The New York City Register recorded this deed on September 1, 2005. **EXHIBIT N** – Deed (CLINTON) DAVIS to ALTRIA, Filed 9-1-05.

60. Unbeknownst to DAVIS, on or about May 10, 2006, ALTRIA, an entity in which she believed herself to be a member, transferred title of CLINTON to MORAD and FARZANEH. MORAD executed this transfer deed as member of ALTRIA. The New York City Register recorded this deed on May 23, 2006. **EXHIBIT O** – Deed (CLINTON) ALTRIA to MORAD and FARZANEH, Filed 5-23-06.

61. DAVIS continues in possession of apartment 1 at CLINTON.

62. DAVIS received a total of $150,000.00 from Defendants in consideration for her transfer of CLINTON.

63. $150,000.00 was neither the contemplated or agreed consideration, nor is it adequate consideration, for DAVIS's full divestiture of interest in CLINTON.

### - FIRST CAUSE OF ACTION:  CIVIL RICO -

64. DAVIS and RAHIM re-allege and incorporate by reference Paragraphs 1 through 61 of this Complaint.

65. Defendants knowingly, acted in concert, conspiring to convert $3,412,500.00 in equity from, and title of, DAVIS's W127, GATES, and CLINTON properties to themselves.

*- Defendants' First Predicate Act: Robbery and/or Larceny by Extortion on May 6, 2005 -*

66. In or about March 2003, BAKU began a program of physical and emotional abuse against DAVIS. On this date, he first attacked DAVIS slapping her several times across her face, and causing her to swell and bruise.

67. On October 29, 2003, RAHIM and BAKU transferred GATES to DAVIS.

68. Between March 2003 and June 2006, BAKU routinely forced DAVIS into submission by strangling her and pinning her against the various walls of CLINTON.

69. On March 9, 2004, DAVIS filed the deed transferring GATES from RAHIM to DAVIS.

70. In or about April 2004, while DAVIS was with BAKU at GATES, he shoved DAVIS against the wall and choked her. DAVIS had their infant daughter in her hands. BAKU caused their daughter to fall in this battle. BAKU then followed DAVIS into the bathroom and punched her in the face, knocking her out, and causing her to fall into and break a standing mirror. On information and belief, BAKU continued to

pummel DAVIS severely, causing her to have a swollen bruised eye – the left eye being so swollen that it was shut.

71.    On November 24, 2004, BAKU was found guilty of several assaults against RAHIM in the matter *Rahim v. Destula*, O-31968-04 (NY Fam.Ct., Kings County), and was subject to an Order of Protection until November 24, 2006.

72.    On January 1, 2005, in the *Rahim* Supreme Court matter, BAKU was found liable to RAHIM for several acts of battery, intentional and negligent infliction of emotional distress from April 2002 and August 2003, and for converting RAHIM's then equity by his forced mortgaging of GATES, and its transfer to DAVIS. Neither RAHIM nor DAVIS wanted GATES transferred from RAHIM to DAVIS.

73.    In the *Rahim* Supreme Court matter, RAHIM took reserved damages for later inquest at trial. There has never been a trial or inquest for damages.

74.    By March 2005, DAVIS's credit standing and equity in her properties were exhausted. BAKU sought partners in his desire for continued free money against Plaintiff's interests.

75.    On or about April 22, 2005, Defendants MORAD, MOUSSA and FARZANEH, and the business entities in their control, M&M, MBM-D, MBM-E, ALTRIA and PSY, made their first in a series of payments to BAKU for his "services" in controlling DAVIS and RAHIM. Defendants' payment records reflect that BAKU received $420,601.00 for his participation as "enforcer" of the criminal enterprise through which BAKU delivered to his co-defendants the spoils of his plunder – DAVIS' properties.

76.    In or about July 2005, while in a hotel room in the Dominican Republic, BAKU
       punched and slapped DAVIS several times causing her bruises and lacerations, and
       insisted that she transfer CLINTON to defendants.

77.    Therefore, BAKU and defendants engaged in larceny through extortion (N.Y. PEN.
       CODE § 155.05(2)(e)(i) & 155.42) and robbery (N.Y. PEN. CODE § 160.15 or 160.10)
       in an organized manner contrary to 18 USC § 1961(1)(A).

       *- Defendants' Second Predicate Act: Bank Fraud on May 12, 2006 -*

78.    Unbeknownst to the DAVIS, on or about May 12, 2006, MORAD and FARZANEH
       borrowed $1,300,000.00 from Metropolitan National Bank Company, LLC against the
       title to CLINTON.

79.    Upon information and belief, MORAD and FARZANEH stated upon the executed
       May 12, 2006 mortgage instrument that they "lawfully own the Property [, . . .] have a
       right to mortgage, grant and convey the Property to the Lender . . . and [, . . . that]
       there are no outstanding claims or charges against the Property, except for those which
       are of public record."

80.    On May 12, 2006, MORAD and FARZANEH knew or should have known that
       MORAD executed the deed of May 10, 2006 from ALTRIA to MORAD and
       FARZANEH without DAVIS's knowledge or consent.

81.    On May 12, 2006, MORAD and FARZANEH knew or should have known that
       DAVIS would assert her claim upon CLINTON, when neither they, nor any
       Defendant company that they controlled, ever gave DAVIS full or adequate
       consideration for CLINTON, and when they fraudulently conveyed CLINTON from
       their various Defendant companies that they controlled to themselves.

82. Therefore, MORAD, MOUSSA, FARZENAH and defendants engaged bank fraud (18 U.S.C. § 1344 in an organized manner contrary to 18 USC § 1961(1)(B).

*- Defendants' Third Predicate Act:  Bank Fraud on November 15, 2006 -*

83. Unbeknownst to the DAVIS, on or about November 15, 2006, MORAD and FARZANEH borrowed $1,137,500.00 from Metropolitan National Bank Company, LLC against the title to GATES.

84. Upon information and belief, MORAD and FARZANEH stated upon the executed November 15, 2006 mortgage instrument that they "lawfully own the Property [, . . .] have a right to mortgage, grant and convey the Property to the Lender . . . and [, . . . that] there are no outstanding claims or charges against the Property, except for those which are of public record."

85. On November 15, 2006, FARZANEH executed the deed of *that same date* from MBM-D to MORAD and FARZANEH without DAVIS's knowledge or consent.

86. On information and belief, MORAD was fully aware of his wife's conversion of GATES from MBM-D to their mutual personal title.

87. On November 15, 2006, MORAD and FARZANEH knew or should have known that DAVIS would assert her claim upon GATES, when neither they, nor any Defendant company that they controlled, ever gave DAVIS full or adequate consideration for GATES, and when they fraudulently conveyed GATES from their various Defendant companies that they controlled to themselves.

88. Therefore, MORAD, MOUSSA, FARZENAH and defendants engaged bank fraud (18 U.S.C. § 1344 in an organized manner contrary to 18 USC § 1961(1)(B).

*- Defendants' Fourth Predicate Act: Bank Fraud on March 5, 2007 -*

89.  Unbeknownst to the DAVIS, on or about March 5, 2007, MORAD and FARZANEH borrowed $975,000.00 from Metropolitan National Bank Company, LLC against the title to W127.

90.  Upon information and belief, MORAD and FARZANEH stated upon the executed March 5, 2007 mortgage instrument that they "lawfully own the Property [, . . .] have a right to mortgage, grant and convey the Property to the Lender . . . and [, . . . that] there are no outstanding claims or charges against the Property, except for those which are of public record."

91.  On March 5, 2007, MORAD and FARZANEH knew they jointly executed the deed of May 9, 2006 from MBM-D to MBM-E, without DAVIS's knowledge or consent, and thereby unlawfully took all interests in W127 from DAVIS.

92.  On March 5, 2007, MORAD and FARZANEH knew or should have known that DAVIS would assert her claim upon W127, when neither they, nor any Defendant company that they controlled, ever gave DAVIS full or adequate consideration for W127, and when they fraudulently conveyed W127 from their various Defendant companies that they controlled.

93.  Therefore, MORAD, MOUSSA, FARZENAH and defendants engaged bank fraud (18 U.S.C. § 1344 in an organized manner contrary to 18 USC § 1961(1)(B).

*- Defendants' Fifth Predicate Act: Identification Fraud on July 30, 2012 -*

94.  On information and belief, on or about July 30, 2012, at or about 4:30pm, Defendants MORAD, MOUSSA, GUY, JOHN DOE 1-5 and JANE DOE called a locksmith, "Frank," to CLINTON. There, GUY, MOUSSA and MORAD presented JOHN DOE

5 to Frank and explained that he was the "Federal Marshal" with authority to eject "squatters." JOHN DOE 5 presented Frank with what appeared to be federal identification devices – a badge, picture identification and a warrant, that identified JOHN DOE 5 as a Federal Marshal. Then JOHN DOE 5 informed Frank that JOHN DOE 1-4 and JANE DOE were his deputies.

95. Defendants knew that JOHN DOE 5 was not a federal marshal, that JOHN DOE 1-4 and JANE DOE were not his deputies, and that his identification devices and warrants were forgeries.

96. On information and belief, at or about 5:00pm, Defendants MORAD, MOUSSA, GUY, JOHN DOE 1-5 and JANE DOE caused Frank to forcibly remove the front door lock of 139 Clinton Avenue, Brooklyn. Accompanied by JOHN DOE 1-3 and a German Shepherd attack dog, Frank removed the locks to apartment 1, the residence of DAVIS, and apartment 3, the residence of DAVIS' licensees (RAHIM's family).

97. At or about 5:30pm, DAVIS and RAHIM arrived at 139 Clinton Avenue, Brooklyn. When the Plaintiffs arrived, the NYPD was already there. DAVIS and RAHIM explained to the police that this was an illegal eviction. The police questioned GUY, MORAD and MOUSSA. The police then questioned the alleged marshals.

98. Plaintiffs heard the "marshals" explained that they were tenants of apartments 1 and 3 and that they had the right to change the locks. The police refused to intervene at first and told the parties to take their contentions to landlord-tenant court.

99. After companions of DAVIS arrived and explained audibly to DAVIS that they would go get rat poison to poison the dog that the Defendants left roaming the hallways of CLINTON, JANE DOE yelled and demanded that GUY, MOUSSA and MORAD

immediately return her dog. She stated that she would not leave her dog in the building to be killed, and that she would "tell the truth and turn you all in to the police."

100. RAHIM demonstrated to the police that DAVIS was the true possessor of apartment 1, and that DAVIS had claims being litigated as to title to CLINTON. RAHIM showed the police the *lis pendence* of CLINTON with the parties' various names upon it. Defendants did not show the police any federal badge, officer's identification or warrant, and the police demanded that they replace the locks and leave and warned them to not return until they had a warrant.

101. Frank apologized to DAVIS, whom he has known for 14 years, and explains that he did not know that it was her home they wanted him to change the locks on. He asked her how she got in trouble with the marshals. After inquiry, Frank explained that the "marshals" presented him with official identification and a warrant, and said, "I wouldn't open up anybody's house without seeing a badge. I'm not going to jail for nobody."

102. Therefore, MORAD, MOUSSA, GUY and defendants committed identification fraud (18 U.S.C. § 1028) in an organized manner contrary to 18 USC § 1961(1)(B).

### *- General Civil RICO -*

103. These five predicate acts exceed the requisite three in number and have each occurred within the past ten-year period.

104. Defendants' acts in furtherance of their conspiracy to convert DAVIS and RAHIM's properties and commit various larcenies and criminal frauds through the hereinabove

predicate acts are the proximate and actual causes of DAVIS and RAHIM's proprietary losses.

105. DAVIS has been deprived of $3,412,500.00 in equity in her properties.

106. Therefore, DAVIS prays for a judgment of $10,237,500.00 as joint and several statutory damages from Defendants.

107. Therefore, RAHIM prays for judgment of $6,000,000 as joint and several statutory damages from Defendants.

## - SECOND CAUSE OF ACTION: QUIET TITLE OF 148 WEST 127TH STREET, HARLEM, NY -

108. DAVIS and RAHIM re-allege and incorporate by reference Paragraphs 1 through 107 of this Complaint.

109. DAVIS never received any record, certificate or other indicia of being a member of MBM-D.

110. DAVIS never received any share of any profits from MBM-D's W127.

111. On information and belief, neither MBM-D nor M&M renovated W127.

112. DAVIS never received $150,000.00 in partial consideration for transferring W127.

113. MORAD and MOUSSA have admitted to DAVIS in open court that the $150,000.00 was in consideration for both W127 and GATES. DAVIS maintains that the agreement was that she received $150,000.00 for each of W127 and GATES as *partial* consideration. As such, any contract to allegedly transfer W127 to MBM-D is void *ab initio* for failure of agreement.

114. The contract to allegedly transfer W127 to MBM-D is voided by failed consideration.

115. All Defendants herein had actual knowledge of DAVIS's claim to W127.

116.  THEREFORE DAVIS demands judgment voiding the W127 deed recorded October 13, 2005, and all subsequently recorded deeds to W127. See EXHIBIT B.

## - THIRD CAUSE OF ACTION:  QUIET TITLE OF 187 GATES AVENUE, CLINTON HILL, NY -

117.  DAVIS and RAHIM, re-allege and incorporate by reference Paragraphs 1 through 117 of this Complaint.

118.  DAVIS never received any share of any profits from MBM-D's GATES.

119.  On information and belief, neither MBM-D nor M&M renovated GATES.

120.  DAVIS never received $150,000.00, toward the agreed consideration for allegedly transferring GATES.

121.  The contract to transfer GATES to MBM-D is void *ab initio* for failure of agreement.

122.  The contract to transfer GATES to MBM-D is voided by failed consideration.

123.  All Defendants herein had actual knowledge of DAVIS's claim to GATES.

124.  THEREFORE DAVIS demands judgment voiding the GATES deed recorded October 5, 2005, and all subsequently recorded deeds to GATES. See EXHIBIT J.

## - FOURTH CAUSE OF ACTION:  QUIET TITLE OF 139 CLINTON AVENUE, CLINTON HILL, NY -

125.  DAVIS and RAHIM, re-allege and incorporate by reference Paragraphs 1 through 124 of this Complaint.

126.  DAVIS never received any share of any profits from ALTRIA's CLINTON.

127.  On information and belief, neither ALTRIA, MOUSSA, nor MORAD renovated CLINTON.

128.  The Defendants never divided the Clinton lot nor ever developed condominiums.

129.  DAVIS never received $200,000.00 in partial consideration for transferring CLINTON. DAVIS only received $150,000.00.

130. The contract to transfer CLINTON to ALTRIA is voided by failed consideration.

131. All Defendants herein had actual knowledge of DAVIS's claim to CLINTON.

132. THEREFORE DAVIS demands judgment voiding the CLINTON deed recorded September 1, 2005, and all subsequently recorded deeds to CLINTON. See EXHIBIT N.

## - FIFTH CAUSE OF ACTION: REPLEVIN OF TITLE OF 148 WEST 127TH STREET, HARLEM, NY -

133. DAVIS and RAHIM re-allege and incorporate by reference Paragraphs 1 through 132 of this Complaint.

134. MBM-D, MBM-E, BAKU, PSY, MORAD and FARZANEH each took subsequent title to W127 with actual knowledge that DAVIS had not received consideration for its transfer.

135. MBM-D, MBM-E, BAKU, PSY, MORAD and FARZANEH have each knowingly kept or transferred title to W127 against DAVIS's superior right of title and possession.

136. THEREFORE DAVIS demands judgment against all Defendants, jointly and severally, returning title and possession of W127 to DAVIS.

## - SIXTH CAUSE OF ACTION: REPLEVIN OF TITLE OF 187 GATES AVENUE, CLINTON HILL, NY -

137. DAVIS and RAHIM re-allege and incorporate by reference Paragraphs 1 through 136 of this Complaint.

138. MBM-D, MORAD and FARZANEH each took subsequent title to GATES with actual knowledge that DAVIS had not received consideration for its transfer.

139. MBM-D, MORAD and FARZANEH have each knowingly kept or transferred title to GATES against DAVIS's superior right of title and possession.

140. THEREFORE DAVIS demands judgment against all Defendants, jointly and severally, returning title and possession of GATES to DAVIS.

## - SEVENTH CAUSE OF ACTION: REPLEVIN OF TITLE OF 139 CLINTON AVE., BROOKLYN, NY -

141. DAVIS and RAHIM re-allege and incorporate by reference Paragraphs 1 through 140 of this Complaint.

142. ALTRIA, MORAD and FARZANEH each took subsequent title to CLINTON with actual knowledge that DAVIS had not received consideration for its transfer.

143. ALTRIA, MORAD and FARZANEH have each knowingly kept or transferred title to CLINTON against DAVIS's superior right of title and possession.

144. THEREFORE DAVIS demands judgment against all Defendants, jointly and severally, returning title and possession of CLINTON to DAVIS.

## - EIGHTH CAUSE OF ACTION: BREACH OF MBM-D CONTRACT -

145. DAVIS and RAHIM re-allege and incorporate by reference Paragraphs 1 through 144 of this Complaint.

146. As a result of Defendants' breach, DAVIS has lost rental income from W127 and GATES, and has suffered personal hardship from her loss of sustaining revenues.

147. Defendants knew or should have known that by their breach of contract, they would cause severe hardship upon DAVIS.

148. Defendants' conduct demonstrates that they maliciously breached the MBM-D contract to DAVIS's detriment.

149. THEREFORE DAVIS demands judgment against all defendants, jointly and severally, in the amount of $1,680,000.00, plus punitive damages in the amount of $3,360,000.00, plus costs and attorney's fees.

## - NINTH CAUSE OF ACTION: BREACH OF ALTRIA CONTRACT -

150. DAVIS and RAHIM re-allege and incorporate by reference Paragraphs 1 through 149 of this Complaint.

151. As a result of Defendants' breach, DAVIS has lost rental income from CLINTON, and has suffered personal hardship from her loss of sustaining revenues.

152. Defendants knew or should have known that by their breach of contract, they would cause severe hardship upon DAVIS.

153. Defendants' conduct demonstrates that they maliciously breached the ALTRIA contract to DAVIS's detriment.

154. THEREFORE DAVIS demands judgment against all Defendants, jointly and severally, in the amount of $840,000.00, plus punitive damages in the amount of $1,680,000.00, plus costs and attorney's fees.

## - TENTH CAUSE OF ACTION: CONVERSION OF 148 WEST 127TH STREET, HARLEM, NY -

155. DAVIS and RAHIM re-allege and incorporate by reference Paragraphs 1 through 154 of this Complaint.

156. THEREFORE DAVIS demands judgment against all Defendants, jointly and severally, of $4,500,000.00.

## -ELEVENTH CAUSE OF ACTION: REPLEVIN OF TITLE OF 187 GATES AVE., CLINTON HILL, NY-

157. DAVIS and RAHIM re-allege and incorporate by reference Paragraphs 1 through 156 of this Complaint.

158. THEREFORE DAVIS demands judgment against all Defendants, jointly and severally, of $3,900,000.00.

## - TWELFTH CAUSE OF ACTION: CONVERSION OF 139 CLINTON AVE., BROOKLYN, NY -

159. DAVIS and RAHIM re-allege and incorporate by reference Paragraphs 1 through 158 of this Complaint.

160. THEREFORE DAVIS demands judgment against all Defendants, jointly and severally, of $6,000,000.00.

## - THIRTEENTH CAUSE OF ACTION: BATTERY -

161. DAVIS and RAHIM re-allege and incorporate by reference Paragraphs 1 through 160 of this Complaint.

162. THEREFORE DAVIS demands judgment against BAKU in the amount of $100,000.00, plus punitive damages in the amount of $10,000,000.00, plus costs and attorney's fees.

## FOURTEENTH CAUSE OF ACTION:
## INTENTIONAL INFLICTION OF EXTREME EMOTIONAL DISTRESS

163. DAVIS and RAHIM re-allege and incorporate by reference Paragraphs 1 through 162 of this Complaint.

164. BAKU planned a series of beatings followed by rewards to manipulate DAVIS into mental-emotional submission to BAKU, and giving BAKU undue influence over DAVIS's actions.

165. DAVIS suffered battered woman's syndrome as a result of BAKU's intentional acts.

166. DAVIS's distressed emotional state caused her to miscarry in January 2006.

167. DAVIS's distressed emotional state and BAKU's undue influence caused her to divest herself of W127, GATES and CLINTON against her interests.

168. THEREFORE DAVIS demands judgment against BAKU in the amount of $10,000,000.00, plus punitive damages in the amount of $10,000,000.00, plus costs and attorney's fees.

## FIFTEENTH CAUSE OF ACTION:
## NEGLIGENT INFLICTION OF EXTREME EMOTIONAL DISTRESS

169. DAVIS and RAHIM re-allege and incorporate by reference Paragraphs 1 through 168 of this Complaint.

170. Defendants knew and encouraged BAKU in the use of his undue influence over DAVIS to cause her to transfer W127, GATES and DAVIS-3 into their title and possession. MORAD and MOUSSA admit this, stating in open court that they paid BAKU nearly $500,000.00 for W127, GATES and CLINTON. MORAD and MOUSSA knew that BAKU did not own W127, GATES or CLINTON. See **EXHIBIT P** – Payouts to BAKU.

171. Defendants have a common law and statutory duty to not take and keep stolen property.

172. Defendants have a common law and statutory duty to not pay persons to commit crimes.

173. Despite Defendants' duty to not partake in stolen property or pay person's to commit crimes, Defendants paid BAKU to exercise his undue influence over DAVIS to induce her to give them title and possession of W127, GATES, and CLINTON without consideration.

174. DAVIS was harmed by conversions and/or losses of W127, GATES, and CLINTON.

175.  Defendants knew, contemplated and foresaw that DAVIS would lose more than
      $6,000,000.00, and knew or should have known that DAVIS would suffer clinical
      depression as a result of her ordeal.

176.  Defendants caused DAVIS to suffer depression, and other forms of extreme emotional
      distress as a result of their negligence.

177.  THEREFORE DAVIS demands judgment against all Defendants, jointly and severally,
      in the amount of $10,000,000.00, plus punitive damages in the amount of
      $30,000,000.00, plus costs and attorney's fees

---

## SIXTEENTH CAUSE OF ACTION: BREACH OF CONTRACT

178.  DAVIS and RAHIM re-allege and incorporate by reference Paragraphs 1 through 177
      of this Complaint.

179.  Defendants knew and encouraged BAKU in the use of his undue influence over
      DAVIS to cause her to transfer W127, GATES and CLINTON into their title and
      possession. MORAD and MOUSSA admit this, stating in open court that they paid
      BAKU nearly $500,000.00 for W127, GATES and CLINTON. MORAD and
      MOUSSA knew that BAKU did not own W127, GATES or CLINTON.

180.  Defendants have a common law and statutory duty to not take and keep stolen
      property.

181.  Defendants have a common law and statutory duty to not pay persons to commit
      crimes.

182.  Despite defendant's duty to not partake in stolen property or pay person's to commit
      crimes, defendant's paid BAKU to exercise his undue influence over DAVIS to induce

her to give them title and possession of W127, GATES, and CLINTON without
consideration.

183.   DAVIS was harmed by conversions and/or losses of W127, GATES, and CLINTON.

184.   Defendants knew, contemplated and foresaw that DAVIS would lose more than
$6,000,000.00, and knew or should have known that DAVIS would suffer clinical
depression as a result of her ordeal.

185.   Defendants caused DAVIS to suffer depression, and other forms of extreme emotional
distress as a result of their negligence.

186.   THEREFORE DAVIS demands judgment against all Defendants, jointly and severally,
in the amount of $10,000,000.00, plus punitive damages in the amount of
$30,000,000.00, plus costs and attorney's fees.

## SEVENTEENTH CAUSE OF ACTION: BREACH OF CONTRACT

187.   DAVIS and RAHIM re-allege and incorporate by reference Paragraphs 1 through 186
of this Complaint.

188.   On September 12, 2005, MORAD, MOUSSA, M&M and DAVIS entered into a
contract that provided that M&M would pay DAVIS $100,000.00 and satisfy the
$752,000.00 mortgage on GATES on or before January 2, 2006, in return for DAVIS'
transfer of GATES to M&M.

189.   Defendants neither satisfied the $752,000.00 mortgage on GATES by January 3, 2006
nor paid DAVIS $100,000.00 ever.

190.   Therefore DAVIS demands judgment against all defendants, jointly and severally, in
the amount of $852,000.00, plus punitive damages in the amount of $1,800,000.00,
plus interests, costs and attorney's fees. See **EXHIBIT Q** – Stipulation dated

September 12, 2005 with Transcript.  See also **EXHIBIT R** – Order finding

Stipulation to be a Contract as to M&M, Morad and Moussa dated July 19, 2011.

191.  Plaintiffs demand trial by jury.

---

### - PRAYER -

**WHEREFORE** Plaintiffs pray for judgment awarding the following: (a) SEVENTY-TWO

MILLION ONE HUNDRED NINETY-SEVEN THOUSAND FIVE HUNDRED DOLLARS

($72,197,500.00 US) to DAVIS jointly and severely from all Defendants; (b) SIX MILLION

DOLLARS ($6,000,000.00 US) to RAHIM jointly and severally from all Defendants; (c)

VOIDING all deeds recorded subsequent to September 1, 2005 against W127, GATES, and

CLINTON; (d) ORDERING REPLEVIN of title and possession from Defendants to DAVIS of

W127, GATES and CLINTON to DAVIS; (e) FINDING and DECLARING Defendants liable

for the tort claims herein alleged against them respectively; (f) AWARDING costs and attorney

fees; and (g) AWARDING all such further and other reliefs the Court finds just and proper.

Dated: Brooklyn, NY  
      August 14, 2012

A.R. Soleil & Company, P.C.

Attorney for DAVIS & RAHIM  
By: André Ramón Soleil, Esq.  
32 Court Street, Suite 1107  
Brooklyn NY 11201  
(718) 522-0103 *ph*  
(718) 705-4397 *fax*

---

### -VERIFICATION-

**STATE OF NEW YORK, COUNTY OF KINGS** } S.S.:

Janina Davis and Subhana Rahim, being duly sworn, says that they are DAVIS and RAHIM respectively in the above-entitled proceeding and that the foregoing complaint is true to their own knowledge, except as to matters herein stated to be alleged on information and belief, and as to those matters, they believe it to be true.

Subhana Rahim, RAHIM

Janina Davis, DAVIS

Sworn before me this 16th day of August, 2012, _____ Notary

ANDRÉ RAMÓN SOLEIL  
Notary Public, State of New York  
No. 02SO6105635  
Qualified in Kings County  
Commission Expires February 17, 20 16

Index No.: _____

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

JANINA DAVIS & SUBHANA RAHIM
    Plaintiffs,

        *-against-*             Index No.:

MORAD YEROUSHALMI, MOUSSA YEROUSHALMI
a/k/a MOISHE YEROUSHALMI,
FARZANEH YEROUSHALMI, ASWAD AYINDE a/k/a
ARUNE DESTULA a/k/a ERIC MCGILL, JAMES GUY,
JOHN DOES 1-5, JANE DOE, ALTRIA DEVELOPMENT, LLC,
M&M DEVELOPER, LLC, MBM DEVELOPMENT, LLC,
& MBM ENTERTAINMENT, LLC, P S Y TRADING, INC.,
    Defendants.

## - COMPLAINT -

JANINA DAVIS & SUBHANA RAHIM
    Plaintiffs,

        *-against-*             Index No.:

MORAD YEROUSHALMI, MOUSSA YEROUSHALMI
a/k/a MOISHE YEROUSHALMI,
FARZANEH YEROUSHALMI, ASWAD AYINDE a/k/a
ARUNE DESTULA a/k/a ERIC MCGILL, JAMES GUY,
JOHN DOES 1-5, JANE DOE, ALTRIA DEVELOPMENT, LLC,
M&M DEVELOPER, LLC, MBM DEVELOPMENT, LLC,
& MBM ENTERTAINMENT, LLC, P S Y TRADING, INC.,
    Defendants.

## - COMPLAINT -

Signature pursuant to N.Y. Rules Chief Admin. § 130-1.1-a (Consol. 2005)

André Ramón Soleil, Esq.

From:  A.R. Soleil & Company/P.C.     To:
      32 Court Street, Suite 1107
      Brooklyn, NY  11201
      (718) 522-0103 *telephone*
      (718) 705-4397 *facsimile*
      asoleil@soleilcolaw.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

JANINA DAVIS & SUBHANA RAHIM
    Plaintiffs,

       *-against-*           Index No.: 652725/2012

MORAD YEROUSHALMI, MOUSSA YEROUSHALMI
a/k/a MOISHE YEROUSHALMI,
FARZANEH YEROUSHALMI, ASWAD AYINDE a/k/a
ARUNE DESTULA a/k/a ERIC MCGILL,
ALTRIA DEVELOPMENT, LLC,
M&M DEVELOPER, LLC, MBM DEVELOPMENT, LLC,
& MBM ENTERTAINMENT, LLC, P S Y TRADING, INC.,
    Defendants.

## LIST OF EXHIBITS

1.    **EXHIBIT A** – MBM-D Agreement, dated April 19, 2005.

2.    **EXHIBIT B** – Deed (W127) DAVIS to MBM-D, Filed 10-13-05.

3.    **EXHIBIT C** – Deed (W127) MBM-D to MBM-E, Filed 5-22-06.

4.    **EXHIBIT D** – Deed (W127) MBM-E to MBM-E (66 2/3%) and BAKU (33/1/3%), Filed 11-13-06.

5.    **EXHIBIT F** – Deed (W127) MORAD and FARZANEH to MBM-E and PSY, Filed 3-21-07.

6.    **EXHIBIT G** – Deed (W127) MBM-E and PSY to MORAD and FARZANEH, Filed 3-21-07.

7.    **EXHIBIT H** – Deed (GATES) RAHIM and BAKU to DAVIS, Filed 3-9-04.

8.    **EXHIBIT I** – Order of Judge Kramer, Dated December 13, 2004.

9.    **EXHIBIT J** – Deed (GATES) DAVIS to MBM-D, Filed 10-05-05.

10. **EXHIBIT K** – Deed (GATES) MBM-D to MORAD and FARZANEH, Filed 11-28-06.

11. **EXHIBIT L** – Deed (GATES) MORAD and FARZANEH to MBM-D, Filed 1-04-06.

12. **EXHIBIT M** – ALTRIA Agreement, Dated April 19, 2005 and amendments thereto.

13. **EXHIBIT N** – Deed (CLINTON) DAVIS to ALTRIA, Filed 9-1-05.

14. **EXHIBIT O** – Deed (CLINTON) ALTRIA to MORAD and FARZANEH, Filed 5-23-06.

15. **EXHIBIT P** – Payouts to BAKU.

16. **EXHIBIT Q** – Stipulation, Dated September 12, 2005 with Transcript.

17. **EXHIBIT R** – Order finding Stipulation to be contract as to M&M, MOUSSA and MORAD, Dated July 19, 2011.

# EXHIBIT A

Ex B

① ropp o / / sppeanents

# AGREEMENT

AGREEMENT made on April 19, 2005, by and among M&M DEVELOPER LLC having an address at 683 Middle Neok Road, Great Neck, New York 11021 (hereinafter referred to as "M&M") and BAKU ASWAD AYINDE (SS#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), having an address at 139 Clinton Avenue, Brooklyn, New York 11205 (hereinafter referred to as the "Baku"), and JANINA Y. DAVIS, having an address at 139 Clinton Avenue, Brooklyn, New York 11205 (hereinafter referred to as the "Janina"). M&M and Baku shall also hereinafter be referred individually as the "Party," and collectively as the "Parties."

## WITNESSETH:

WHEREAS, Janina is the record owner of the following properties: (a) 148 West 127th Street, New York, New York (Block 1911, Lot 54) (the "Manhattan Property") and (b) 187 Gates Avenue, Brooklyn, New York 11238 (the "Brooklyn Property") (Block 1972, Lot 38). Janina represents that a first mortgage has been recorded against the Manhattan Property and that the present indebtedness, secured by said mortgage, is in amount of $490,223.87. Janina also represents that a first mortgage has been recorded against the Brooklyn Property and that the present indebtedness, secured by said mortgage, is in amount of $752,000.00. The Manhattan Property and the Brooklyn Property shall also hereinafter be referred individually as the "Property," and collectively as the "Properties."

WHEREAS, M&M and Baku are desirous of entering a joint partnership (hereinafter referred to as the "Joint Partnership"), under which the Joint Partnership shall take legal title and rent out the said Properties.

WHEREAS, this agreement exists pursuant to an oral agreement and the Parties and Janina desire to memorialize this agreement into writing.

AND WHEREAS, in consideration of the mutual promises contained herein, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1.      The preamble is hereby incorporated into this Agreement by reference and shall be treated as a part hereof and M&M, Baku and Janina hereby covenant and agree to comply with the obligations set forth in the whereas clauses.

2.      Prior to transfer of title from Janina to the Joint Partnership, Janina shall be solely responsible for any and all costs in connection with the Property, including but not limited to debt service, real estate taxes, water & sewer rents, etc. (the "Carrying Costs of the Property").

4.      Presently, Baku is engaged in improving and renovating the Properties at its sole cost and expenses (the "Improvements"). In addition, Baku is collecting rents from tenants in the Properties.

5.      Immediately after the execution of this agreement by both Parties, M&M shall order a title report for the Property. Upon review and approval of title for each Property by M&M, Janina shall transfer legal title to the Joint Partnership for no consideration. Nonetheless, the note and the indebtedness secured by the mortgage against each Property shall remain Janina's sole responsibly. In the event that upon examination of the title report, M&M discovers defect(s) in title or existence of violations which may prevent Janina to transfer good and marketable title of either or both Properties to the Joint Partnership, M&M may provide written notice to Janina upon which this agreement shall become null and void and neither party, including Baku, shall have any further rights against the other.



1

6.     Janina has full power, in accordance with law, to enter into this agreement and to consummate the transaction provided for herein, and neither the entering into this agreement nor the consummation of such transaction will constitute a violation or breach by Janina of any agreement or other instrument to which Janina is a party or by which any of her assets or properties may be affected, or any judgment, order right, injunction or decree issued against or imposed upon it, or will result in violation of any applicable law, order, rule or regulation of any governmental authority. Janina represents and warrants that there is no litigation, arbitration, assessments, special assessments, or other proceeding or governmental investigation pending or, to Janina's best knowledge, threatened against or relating to the Janina and the Property. Janina covenants and agrees to indemnify and hold M&M harmless from and against any loss, cost, damage, liability or expense (including, without limitation, reasonable attorneys' fees and disbursements) rising out of or in connection with any misrepresentation or breach of warranty by Janina in connection with this agreement.

7.     Baku understands and agrees that during the period of ownership of the Properties by the Joint Partnership, up and until the Improvements in the Manhattan Property are fully completed. [For purposes of this paragraph, completion shall include without limitation (i) receipt of proper New York City approvals, if applicable and (ii) rental of vacant units in the Manhattan Property.] Baku shall be solely responsible to pay the Carrying Costs of each Property. In addition, Baku shall be solely responsible for all costs associated with the Improvements in the Manhattan Property. It is agreed that during such period, Baku shall be entitled to all rents collected from tenants in the Manhattan Property.

*BAKA*

        Once the said Improvements of the Manhattan Property are completed as provided herein, with ownership of the Property held by the Joint Partnership, the Joint Venture shall collect the income from the Properties and shall be responsible for the Carrying Costs of each Property. M&M and Baku shall retain a fifty (50.0%) ownership interest in the Joint Partnership. *Both MSM + BAKU are responsible for the Mortgage on the Property and should guarantee & Make and agree to indemnify and Hold*

8.     In consideration of the terms and conditions contained herein, it is agreed that M&M shall make payment to Baku in the amount of $150,000 under the following structure: (a) Fifty Thousand ($50,000.00) Dollars upon execution of the contract by all parties and transfer of legal ownership in the Properties from Janina to the Joint Partnership; (b) Fifty Thousand ($50,000.00) Dollars upon Fifty (50%) Percent Completion of the Improvements at the Manhattan Property; and (c) Fifty Thousand ($50,000.00) Dollars upon final Completion of the Improvements in the Manhattan Property. Janina agrees and understand that she shall not be entitled to any compensation whatsoever from M&M and/or the Joint Partnership. *(handwritten)*

9.     Immediately upon transfer of title to the Joint Partnership, Janina agrees to pay fair market rent for the premises she occupies as her residence in either of the Properties.

10.    Notwithstanding anything provided herein to the contrary, under the Joint Partnership, throughout the ownership of the Properties, the following terms and conditions shall apply to the Parties:

   A.  M&M and Baku shall be each Fifty (50.0%) Percent owners. Upon sale of either or both Properties, each Party shall be one-half interest in the Net Proceeds in the Net Proceeds. Net Proceeds shall be defined as the proceeds remaining after any and all costs, expenses, and indebtedness for that portion of Property, are paid in full.

   B.  M&M shall exclusively conduct and manage the business and affairs of the Joint Partnership.

   C.  Both Parties shall cooperate in carrying out the purposes of the Joint Partnership, but neither of them shall be required to devote any fixed amount of time thereto. Both of the Parties may engage in any other business or activities, including ownership and operating of any other real property, except that both Parties shall devote as much time as may be required to the Project.

   D.  The Joint Partnership shall keep adequate books and records at its place of business, setting forth a true and accurate account of all business transactions arising out of and in connection with the conduct of the Joint Partnership.

*(handwritten) Harmless from and against any loss, cost, damages, habil or expense rising out of or in connection with any unpayment of Janina's Mortgage. The Joint Venture for the same responsib against Janina*

E. The Parties may not admit new parties (or transferees of any interests of existing Parties) into the Joint Partnership without the written unanimous vote or consent of all the Parties.

F. The Joint Partnership shall terminate upon the sale of the entire Property, at which time the remaining proceeds of sale and all other assets of the Joint Partnership shall be applied and distributed to the Parties pursuant to this Agreement after payments of the expenses of liquidation and the debts and liabilities of the Joint Partnership are paid in full.

11.   This Agreement constitutes the full and complete understanding of the parties hereto, and no representations, promises, or covenants other than those expressly set forth have been made or shall be considered. No amendment or modification of this Agreement shall be valid or binding upon the parties unless made in writing and signed by both parties.

12.   The parties acknowledge that they have each consulted with an attorney of their own choosing with respect to this Agreement, and that they have signed this Agreement after having had their attorney review it and explain its provisions to their satisfaction. The undersigned have and are deemed to have fully read this Agreement and understand the terms and provisions therein, and agree to be bound by same.

13.   All notices given to any party hereunder shall be delivered to the address for that party set forth hereinabove.

14.   If any provision of this Agreement herein is contrary to, prohibited by or deemed invalid under the applicable laws, rules or regulations of any jurisdiction within which this Agreement is sought to be enforced, then such provision shall be deemed inapplicable but such shall not serve to invalidate any remaining provisions hereof.

15.   This Agreement shall be governed by the laws of the State of New York.

IN WITNESS WHEREOF, the parties hereto have set their names and seals the day and year first above written.

M&M DEVELOPER   LLC
By: MOUSSA YEROUSHALMI, V.P.

BAKU ASWAD AYINDE
ARUNE Pestula

DATED: April _19_, 2005

JANINA Y. DAVIS

Witness: _____
MORRO YEROUSHALMI
_____ Browd_____ rabbai

We would pay Janina Y. Davis $150,000 ⁰⁰/₁₀₀ following
at the Transfer of the deed $50,000 ⁰⁰/₁₀₀
60 days after the deed Transfer added $50,000 ⁰⁰/₁₀₀
120 days after the deed Transfer added $50,000 ⁰⁰/₁₀₀
BADA  All checks would be Certify fund or cash check
J.D.

3

04/19/2005  05:31  5168292535           DAVID POUR & ASSOC                    PAGE  05/06

## ACKNOWLEDGEMENTS

STATE OF NEW YORK, COUNTY OF              , SS.

On the     day of April, 2005, before me, the undersigned notary public, personally appeared MOUSSA YEROUSHALMI, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

RAMON T. MOJICA
Notary Public, State of New York
No. 01MO6123177
Qualified in Nassau County
Commission Expires February 28, 2009
My commission expires on

STATE OF NEW YORK, COUNTY OF              , SS.

On the     day of April, 2005, before me, the undersigned notary public, personally appeared JANINA Y. DAVIS, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

RAMON T. MOJICA
Notary Public, State of New York
No. 01MO6123177
Qualified in Nassau County
Commission Expires February 28, 2009
My commission expires on

STATE OF NEW YORK, COUNTY OF              , SS.

On the     day of April, 2005, before me, the undersigned notary public, personally appeared BAKU ASWAD AYINDE, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

RAMON T. MOJICA
Notary Public, State of New York
No. 01MO6123177
Qualified in Nassau County
Commission Expires February 28, 2009
My commission expires on

4

04/19/2005  05:31    51682    P5          DAVID POUR &      DOC                    PAGE  05/06

# ACKNOWLEDGEMENTS

STATE OF NEW YORK, COUNTY OF _____, ss.

On the ___ day of April, 2005, before me, the undersigned notary public, personally appeared MOUSSA YEROUSHALMI, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public
My commission expires on

STATE OF NEW YORK, COUNTY OF _____, ss.

On the ___ day of April, 2005, before me, the undersigned notary public, personally appeared JANINA Y. DAVIS, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public
My commission expires on

STATE OF NEW YORK, COUNTY OF _____, ss.

On the ___ day of April, 2005, before me, the undersigned notary public, personally appeared BAKU ASWAD AYINDE, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public
My commission expires on



**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

2005092001718001001EA626

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 4 |
|---|---|---|
| Document ID: 2005092001718001 | Document Date: 05-06-2005 | Preparation Date: 09-20-2005 |
| Document Type: DEED | | |
| Document Page Count: 3 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| IMPERIAL ABSTRACT, IMA4007 | DAVID POUR & ASSOCIATES |
| AS AGENT FOR COMMONWEALTH LAND | 10 CUTTER MILL ROAD |
| TITLE INSURANCE CO. | GREAT NECK, NY 11021 |
| 441 ROUTE 306- (HOLD-FOR-PICKUP) | |
| MONSEY, NY 10952 | |
| 845-362-6410 | |

## PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| MANHATTAN | 1911 | 54 | Entire Lot | 148 WEST 127TH STREET |

Property Type: APARTMENT BUILDING

## CROSS REFERENCE DATA

CRFN_____ *or* Document ID_____ *or* _____ Year_____ Reel ____ Page _____ *or* File Number_____

## PARTIES

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| JANINA DAVIS | MBM DEVELOPMENT LLC |
| 139 CLINTON AVENUE | 683 MIDDLE NECK ROAD |
| BROOKLYN, NY 11205 | GREAT NECK, NY 11023 |

## FEES AND TAXES

| Mortgage | | | |
|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | |
| Taxable Mortgage Amount: | $ | 0.00 | |
| Exemption: | | | |
| TAXES: County (Basic): | $ | 0.00 | |
| City (Additional): | $ | 0.00 | |
| Spec (Additional): | $ | 0.00 | |
| TASF: | $ | 0.00 | |
| MTA: | $ | 0.00 | |
| NYCTA: | $ | 0.00 | |
| Additional MRT: | $ | 0.00 | |
| TOTAL: | $ | 0.00 | |

Recording Fee: $    52.00
Affidavit Fee:  $    0.00
NYC Real Property Transfer Tax Filing Fee:
$    165.00
NYS Real Estate Transfer Tax:
$    0.00

**RECORDED OR FILED IN THE OFFICE**
**OF THE CITY REGISTER OF THE**
**CITY OF NEW YORK**
Recorded/Filed    10-13-2005 12:14
City Register File No.(CRFN):
**2005000570643**

*City Register Official Signature*

NYC HPD Preliminary Residential Property Transfer Form

Bargain and Sale Deed, with Covenant Against Grantor's Acts-
. CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT – THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

**THIS INDENTURE,** made the 6th day of May, in the year 2005

**BETWEEN**

      **JANINA     DAVIS,**
      With address at 139 Clinton Avenue, Brooklyn, New York 11205

party of the first part, and

      **MBM DEVELOPMENT LLC,**
      With offices at 683 Middle neck Road, Great Neck, New York 11023

**WITNESSETH,** that the party of the first part, in consideration of Ten ($10) Dollars
paid by the party of the second part, does hereby grant and release unto the party of the
second part, the heirs or successors and assigns of the party of the second part forever,

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon
erected, situate, lying and being in the

SEE SCHEDULE "A" ATTACHED HERETO

**SECTION:**
**BLK: 1911**
**LOT: 54**             SAID PREMISES being more commonly known as and by the Street
                      Address: 148 West 127th Street, New York, New York.  Being the same
                      premises described in the deed to the parties of the first part herein by
                      deed, dated 02/04/2004, recorded 05/27/2004 in CRFN
                      #2004000331719.

**TOGETHER** with all right, title and interest, if any, of the party of the first part in and to
any streets and roads abutting the above described premises to the center lines thereof;
**TOGETHER** with the appurtenances and all the estate and rights of the party of the first
part in and to said premises; **TO HAVE AND TO HOLD** the premises herein granted unto
the party of the second part, the heirs or successors and assigns of the party of the second
part forever.

**AND** the party of the first part covenants that the party of the first part has not done or
suffered anything whereby the said premises have been encumbered in any way whatever,
except as aforesaid. **AND** the party of the first part, in compliance with Section 13 of the
Lien Law, covenants that the party of the first part will receive the consideration for this
conveyance and will hold the right to receive such consideration as a trust fund to be
applied first for the purpose of paying the cost of the improvement and will apply the same
first to the payment of the cost of the improvement before using any part of the total of the
same for any other purpose. The word "party" shall be construed as if it read "parties"
whenever the sense of this indenture so requires.

**IN WITNESS WHEREOF,** the party of the first part has duly executed this deed the day and
year first above written.

IN PRESENCE OF:

                                 **JANINA   DAVIS**

## SCHEDULE A

## DESCRIPTION

### Title Number: FUT-03819-NY

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Manhattan, City and County of New York, bounded and described as follows:

BEGINNING at a point on the southerly side of 127th Street, distant 228 feet 6 inches easterly from the southeasterly corner of Seventh Avenue and 127th Street;

RUNNING THENCE southerly and parallel with said Avenue and partly through a party wall, 99 feet 11 inches to the center line of the block;

THENCE easterly and along said center line, 15 feet 6 inches;

THENCE northerly and again parallel with said Avenue and partly through a party wall, 99 feet 11 inches to the southerly side of 127th Street;

THENCE westerly along said southerly side of 127th Street, 15 feet 6 inches to the point or place of BEGINNING.

## NEW YORK UNIFORM OF ACKNOWLEDGMENT

**STATE OF NEW YORK**    ]
**COUNTY OF NASSAU**    ] ss:

On the 6th day of May, in the year 2005 before me, the undersigned, personally appeared **JANINA**  **DAVIS**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

.............................................
Notary Public    DAVID E. POUR
Notary Public, State of New York
No. 02PO6016909
Qualified in the County of Nassau
Commission Expires February 25, 2007

**STATE OF NEW YORK**    ]
**COUNTY OF NASSAU**    ]

On the    day of    in the year 2005 before me, the undersigned, personally appeared    , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their    signature(s) on the instrument, the individual(s), or the person on behalf of which the individual(s) acted, executed the instrument.

.............................................
Notary Public

Bargain and Sale Deed
with Covenant Against Grantor's Acts

|         |          |
|---------|----------|
| Section: |          |
| Block:  | 1911     |
| Lot:    | 54       |
| County: | New York |

Record & Return to:

| | |
|---|---|
| JANINA DAVIS<br><br>-to-<br><br>MBM DEVELOPMENT LLC | DAVID POUR & ASSOCIATES<br>10 CUTTER MILL ROAD<br>GREAT NECK, NEW YORK 11021 |

THIS SPACE FOR USE OF RECORDING OFFICE:

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2005092001718001001S68A7

| SUPPORTING DOCUMENT COVER PAGE | | PAGE 1 OF 1 |
|---|---|---|
| Document ID: 2005092001718001 | Document Date: 05-06-2005 | Preparation Date: 09-20-2005 |
| Document Type: DEED | | |

**ASSOCIATED TAX FORM ID: 2005050600438**

**SUPPORTING DOCUMENTS SUBMITTED:**

Page Count

RP - 5217 REAL PROPERTY TRANSFER REPORT                    1

**REAL PROPERTY TRANSFER REPORT**
STATE OF NEW YORK
STATE BOARD OF REAL PROPERTY SERVICES

# RP - 5217NYC
(Rev 11/2002)

**FOR CITY USE ONLY**

| C1. County Code | | C2. Date Deed Recorded | Month | Day | Year |
|---|---|---|---|---|---|

C3. Book OR | C4. Page
C5. CRFN

**PROPERTY INFORMATION**

1. Property Location: 148 | WEST 127TH STREET | MANHATTAN | 10027
STREET NUMBER | STREET NAME | BOROUGH | ZIP CODE

2. Buyer Name: MBM DEVELOPMENT LLC
LAST NAME / COMPANY | FIRST NAME
LAST NAME / COMPANY | FIRST NAME

3. Tax Billing Address: Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form)
LAST NAME / COMPANY | FIRST NAME
STREET NUMBER AND STREET NAME | CITY OR TOWN | STATE | ZIP CODE

4. Indicate the number of Assessment Roll parcels transferred on the deed [ 1 ] # of Parcels OR [ ] Part of a Parcel

4A. Planning Board Approval - N/A for NYC
4B. Agricultural District Notice - N/A for NYC

5. Deed Property Size: 15.50 x 99.92 OR
FRONT FEET | DEPTH | ACRES

Check the boxes below as they apply:
6. Ownership Type is Condominium [ ]
7. New Construction on Vacant Land [ ]

8. Seller Name: DAVIS | JANINA
LAST NAME / COMPANY | FIRST NAME
LAST NAME / COMPANY | FIRST NAME

9. Check the box below which most accurately describes the use of the property at the time of sale:

| A | One Family Residential | C | Residential Vacant Land | E | Commercial | G | Entertainment / Amusement | I | Industrial |
| B | 2 or 3 Family Residential | D | Non-Residential Vacant Land | F ✓ | Apartment | H | Community Service | J | Public Service |

**SALE INFORMATION**

10. Sale Contract Date: 5 / 6 / 2005
Month Day Year

11. Date of Sale / Transfer: 5 / 6 / 2005
Month Day Year

12. Full Sale Price $ _____
( Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.) *Please round to the nearest whole dollar amount.*

13. Indicate the value of personal property included in the sale $ _____

14. Check one or more of these conditions as applicable to transfer:

A | Sale Between Relatives or Former Relatives
B | Sale Between Related Companies or Partners in Business
C | One of the Buyers is also a Seller
D | Buyer or Seller is Government Agency or Lending Institution
E | Deed Type not Warranty or Bargain and Sale (Specify Below)
F | Sale of Fractional or Less than Fee Interest (Specify Below)
G | Significant Change in Property Between Taxable Status and Sale Dates
H | Sale of Business is Included in Sale Price
I ✓ | Other Unusual Factors Affecting Sale Price (Specify Below)
J | None

Transfer as a mere change in form of ownership

**ASSESSMENT INFORMATION** - Data should reflect the latest Final Assessment Roll and Tax Bill

15. Building Class [ C, 3 ]    16. Total Assessed Value (of all parcels in transfer) | 1 2 8 1 1

17. Borough, Block and Lot / Roll Identifier(s) ( If more than three, attach sheet with additional identifier(s) )

MANHATTAN 1911 54

**CERTIFICATION**    I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and I understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

**BUYER**
SUYER SIGNATURE | 5-6-05 DATE

148 | West 127th Street
STREET NUMBER | STREET NAME (AFTER SALE)

New York | N Y | 10027
CITY OR TOWN | STATE | ZIP CODE

**BUYER'S ATTORNEY**
Bon | DAVID
LAST NAME | FIRST NAME

516 | 829 - 1990
AREA CODE | TELEPHONE NUMBER

**SELLER**
SELLER SIGNATURE | 5-6-05 DATE

200505060042870

**EXHIBIT C**



| **NYC DEPARTMENT OF FINANCE**<br>**OFFICE OF THE CITY REGISTER** | |
|---|---|
| This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document. | 2006051700902001002E013A |

## RECORDING AND ENDORSEMENT COVER PAGE — PAGE 1 OF 4

| | |
|---|---|
| **Document ID:** 2006051700902001 | Document Date: 05-09-2006 — Preparation Date: 05-17-2006 |
| **Document Type:** DEED | |
| **Document Page Count:** 3 | |

| **PRESENTER:** | **RETURN TO:** |
|---|---|
| CLASS ABSTRACT SERVICES INC., PICK UP<br>RSR<br>72 JERICHO TURNPIKE<br>MINEOLA, NY 11501<br>R 1698NY<br>SUSAND@CLASSABSTRACTSERVICES.COM | DAVID POUR & ASSOCIATES<br>10 CUTTER MILL ROAD<br>GREAT NECK, NY 11021 |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| MANHATTAN | 1911 | 54 | Entire Lot | 148 WEST 127 STREET |

**Property Type:** DWELLING ONLY - 4 FAMILY

### CROSS REFERENCE DATA

CRFN _____ **or** Document ID _____ **or** _____ Year _____ Reel _____ Page _____ **or** File Number _____

### PARTIES

| **GRANTOR/SELLER:** | **GRANTEE/BUYER:** |
|---|---|
| MBM DEVELOPMENT LLC<br>683 MIDDLE NECK ROAD<br>GREAT NECK, NY 11023 | MBM ENTERTAINMENT LLC<br>683 MIDDLE NECK ROAD<br>GREAT NECK, NY 11023 |

### FEES AND TAXES

| Mortgage | | | | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | Recording Fee: $ | 52.00 |
| Taxable Mortgage Amount: | $ | 0.00 | Affidavit Fee: $ | 0.00 |
| Exemption: | | | NYC Real Property Transfer Tax Filing Fee: | |
| TAXES: County (Basic): | $ | 0.00 | $ | 165.00 |
| City (Additional): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| Spec (Additional): | $ | 0.00 | $ | 0.00 |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**

Recorded/Filed    05-22-2006 16:37
City Register File No.(CRFN):
**2006000284420**

*Annette M Hill*

*City Register Official Signature*

NYC HPD Preliminary Residential Property Transfer Form

Bargain and Sale Deed, with Covenant Against Grantor's Acts-
CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT – THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

**THIS INDENTURE,** made the 9th day of May, in the year 2006

**BETWEEN**

   **MBM DEVELOPMENT LLC,**
   With address at 683 Middle neck Road, Great Neck, New York 11023

party of the first part, and

   **MBM ENTERTAINMENT LLC,**
   With offices at 683 Middle neck Road, Great Neck, New York 11023

**WITNESSETH,** that the party of the first part, in consideration of Ten ($10) Dollars
paid by the party of the second part, does hereby grant and release unto the party of the
second part, the heirs or successors and assigns of the party of the second part forever,

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon
erected, situate, lying and being in the

SEE SCHEDULE "A" ATTACHED HERETO

**SECTION:**
**BLK: 1911**
**LOT: 54**    SAID PREMISES being more commonly known as and by the Street
   Address: 148 West 127th Street, New York, New York. Being the same
   premises described in the deed to the parties of the first part herein by
   deed, dated 05/06/2005, recorded 10/13/2005 in CRFN
   #2005000570643.

**TOGETHER** with all right, title and interest, if any, of the party of the first part in and to
any streets and roads abutting the above described premises to the center lines thereof;
**TOGETHER** with the appurtenances and all the estate and rights of the party of the first
part in and to said premises; **TO HAVE AND TO HOLD** the premises herein granted unto
the party of the second part, the heirs or successors and assigns of the party of the second
part forever.

**AND** the party of the first part covenants that the party of the first part has not done or
suffered anything whereby the said premises have been encumbered in any way whatever,
except as aforesaid. **AND** the party of the first part, in compliance with Section 13 of the
Lien Law, covenants that the party of the first part will receive the consideration for this
conveyance and will hold the right to receive such consideration as a trust fund to be
applied first for the purpose of paying the cost of the improvement and will apply the same
first to the payment of the cost of the improvement before using any part of the total of the
same for any other purpose. The word "party" shall be construed as if it read "parties"
whenever the sense of this indenture so requires.

**IN WITNESS WHEREOF,** the party of the first part has duly executed this deed the day and
year first above written.

IN PRESENCE OF:

         _Morad Yeroushalmi_ Member

         MBM DEVELOPMENT LLC member

## SCHEDULE A

## DESCRIPTION

### Title Number: FUT-03819-NY

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Manhattan, City and County of New York, bounded and described as follows:

BEGINNING at a point on the southerly side of 127th Street, distant 228 feet 6 inches easterly from the southeasterly corner of Seventh Avenue and 127th Street;

RUNNING THENCE southerly and parallel with said Avenue and partly through a party wall, 99 feet 11 inches to the center line of the block;

THENCE easterly and along said center line, 15 feet 6 inches;

THENCE northerly and again parallel with said Avenue and partly through a party wall, 99 feet 11 inches to the southerly side of 127th Street;

THENCE westerly along said southerly side of 127th Street, 15 feet 6 inches to the point or place of BEGINNING.

# NEW YORK UNIFORM OF ACKNOWLEDGMENT

**STATE OF NEW YORK** ]
**COUNTY OF NASSAU** ] ss:

On the _9th_ day of May, in the year 2006 before me, the undersigned, personally appeared **MORAD YEROUSHALMI**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

*Ramon J. Mojica*

Notary Public

RAMON T. MOJICA
Notary Public, State of New York
No. 01MO6123177
Qualified in Nassau County
Commission Expires February 28, 2009

**STATE OF NEW YORK** ]
**COUNTY OF NASSAU** ]

On the 9th day of May in the year 2006 before me, the undersigned, personally appeared FARZANEH YEROUSHALMI personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their   signature(s) on the instrument, the individual(s), or the person on behalf of which the individual(s) acted, executed the instrument.

*Ramon J. Mojica*

Notary Public

RAMON T. MOJICA
Notary Public, State of New York
No. 01MO6123177
Qualified in Nassau County
Commission Expires February 28, 2009

Bargain and Sale Deed
with Covenant Against Grantor's Acts

|  |  |
|---|---|
| Section: |  |
| Block: | 1911 |
| Lot: | 54 |
| County: | New York |

Record & Return to:

MBM ENTERTAINMENT LLC

-to-

MBM DEVELOPMENT LLC

DAVID POUR & ASSOCIATES
10 CUTTER MILL ROAD
GREAT NECK, NEW YORK 11021

THIS SPACE FOR USE OF RECORDING OFFICE:

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2006051700902001002SCFBB

| SUPPORTING DOCUMENT COVER PAGE | PAGE 1 OF 1 |
|---|---|

Document ID: 2006051700902001      Document Date: 05-09-2006      Preparation Date: 05-17-2006
Document Type: DEED

**ASSOCIATED TAX FORM ID: 2006050400073**

**SUPPORTING DOCUMENTS SUBMITTED:**

|  | Page Count |
|---|---|
| RP - 5217 REAL PROPERTY TRANSFER REPORT | 1 |
| SMOKE DETECTOR AFFIDAVIT | 1 |

**FOR CITY USE ONLY**

C1. County Code

C2. Date Deed Recorded ___ / ___ / ___ (Month / Day / Year)

C3. Book

OR

C4. Page

C5. CRFN

**REAL PROPERTY TRANSFER REPORT**

**STATE OF NEW YORK**

**STATE BOARD OF REAL PROPERTY SERVICES**

**RP - 5217NYC**

(Rev 11/2002)

## PROPERTY INFORMATION

**1. Property Location** | 148 | WEST 127 STREET | MANHATTAN | 10027
STREET NUMBER | STREET NAME | BOROUGH | ZIP CODE

**2. Buyer Name** | MBM ENTERTAINMENT LLC
LAST NAME / COMPANY | FIRST NAME

LAST NAME / COMPANY | FIRST NAME

**3. Tax Billing Address** Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form)
LAST NAME / COMPANY | FIRST NAME

STREET NUMBER AND STREET NAME | CITY OR TOWN | STATE | ZIP CODE

**4. Indicate the number of Assessment Roll parcels transferred on the deed** | | # of Parcels OR | | Part of a Parcel

4A. Planning Board Approval - N/A for NYC
4B. Agricultural District Notice - N/A for NYC

**5. Deed Property Size** | 15.5 | X | 99.92 | OR | | ACRES
FRONT FEET | DEPTH

Check the boxes below as they apply:
6. Ownership Type is Condominium | |
7. New Construction on Vacant Land | |

**6. Seller Name** | MBM DEVELOPMENT LLC
LAST NAME / COMPANY | FIRST NAME

LAST NAME / COMPANY | FIRST NAME

**9. Check the box below which most accurately describes the use of the property at the time of sale:**

| A | One Family Residential | C | Residential Vacant Land | E | Commercial | G | Entertainment / Amusement | I | Industrial |
| B | 2 or 3 Family Residential | D | Non-Residential Vacant Land | F ✔ | Apartment | H | Community Service | J | Public Service |

## SALE INFORMATION

**10. Sale Contract Date** | 5 / 9 / 2006
Month / Day / Year

**11. Date of Sale / Transfer** | 5 / 9 / 2006
Month / Day / Year

**12. Full Sale Price** $ | |

( Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.) *Please round to the nearest whole dollar amount.*

**13. Indicate the value of personal property included in the sale** | |

**14. Check one or more of these conditions as applicable to transfer:**

| A | | Sale Between Relatives or Former Relatives |
| B | ✔ | Sale Between Related Companies or Partners in Business |
| C | | One of the Buyers is also a Seller |
| D | | Buyer or Seller is Government Agency or Lending Institution |
| E | | Deed Type not Warranty or Bargain and Sale ( Specify Below ) |
| F | | Sale of Fractional or Less than Fee Interest ( Specify Below ) |
| G | | Significant Change in Property Between Taxable Status and Sale Dates |
| H | | Sale of Business is Included in Sale Price |
| I | | Other Unusual Factors Affecting Sale Price ( Specify Below ) |
| J | | None |

## ASSESSMENT INFORMATION – Data should reflect the latest Final Assessment Roll and Tax Bill

**15. Building Class** | C, 3 | **16. Total Assessed Value** (of all parcels in transfer) | 1 3 8 3 5

**17. Borough, Block and Lot / Roll Identifier(s)** ( If more than three, attach sheet with additional identifier(s) )

MANHATTAN 1911 54

## CERTIFICATION

I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and I understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

**BUYER**

BUYER SIGNATURE | DATE

STREET NUMBER | STREET NAME (AFTER SALE)

CITY OR TOWN | STATE | ZIP CODE

**BUYER'S ATTORNEY**

LAST NAME | FIRST NAME

516 | 829-1990
AREA CODE | TELEPHONE NUMBER

**SELLER**

SELLER SIGNATURE | DATE

2006050400073201

| FOR CITY USE ONLY | | |
|---|---|---|
| C1. County Code | C2. Date Deed Recorded | Month / Day / Year |
| C3. Book OR | C4. Page | |
| C5. CRFN | | |

**REAL PROPERTY TRANSFER REPORT**
STATE OF NEW YORK
STATE BOARD OF REAL PROPERTY SERVICES

**RP - 5217NYC**
(Rev 11/2002)

## PROPERTY INFORMATION

**1. Property Location** | 148 | WEST 127 STREET | MANHATTAN | 10027
STREET NUMBER | STREET NAME | BOROUGH | ZIP CODE

**2. Buyer Name** | MBM ENTERTAINMENT LLC
LAST NAME / COMPANY | FIRST NAME
LAST NAME / COMPANY | FIRST NAME

**3. Tax Billing Address** Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form)
LAST NAME / COMPANY | FIRST NAME
STREET NUMBER AND STREET NAME | CITY OR TOWN | STATE | ZIP CODE

**4. Indicate the number of Assessment Roll parcels transferred on the deed** | 1 # of Parcels OR [ ] Part of a Parcel

4A. Planning Board Approval - N/A for NYC
4B. Agricultural District Notice - N/A for NYC

**5. Deed Property Size** | 15.5 X 99.92 OR | _____ ACRES
FRONT FEET | DEPTH

Check the boxes below as they apply:
6. Ownership Type is Condominium [ ]
7. New Construction on Vacant Land [ ]

**6. Seller Name** | MBM DEVELOPMENT LLC
LAST NAME / COMPANY | FIRST NAME
LAST NAME / COMPANY | FIRST NAME

**9. Check the box below which most accurately describes the use of the property at the time of sale:**

A [ ] One Family Residential
B [ ] 2 or 3 Family Residential
C [ ] Residential Vacant Land
D [ ] Non-Residential Vacant Land
E [ ] Commercial
F [ ] Apartment
G [ ] Entertainment / Amusement
H [ ] Community Service
I [ ] Industrial
J [ ] Public Service

## SALE INFORMATION

**10. Sale Contract Date** | 5 / 4 / 2006
Month / Day / Year

**11. Date of Sale / Transfer** | 5 / 4 / 2006
Month / Day / Year

**12. Full Sale Price $** | _____

( Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.) *Please round to the nearest whole dollar amount*

**13. Indicate the value of personal property included in the sale** | _____

**14. Check one or more of these conditions as applicable to transfer:**

A [ ] Sale Between Relatives or Former Relatives
B [✓] Sale Between Related Companies or Partners in Business
C [ ] One of the Buyers is also a Seller
D [ ] Buyer or Seller is Government Agency or Lending Institution
E [ ] Deed Type not Warranty or Bargain and Sale ( Specify Below )
F [ ] Sale of Fractional or Less than Fee Interest ( Specify Below )
G [ ] Significant Change in Property Between Taxable Status and Sale Dates
H [ ] Sale of Business is Included in Sale Price
I [ ] Other Unusual Factors Affecting Sale Price ( Specify Below )
J [ ] None

## ASSESSMENT INFORMATION - Data should reflect the latest Final Assessment Roll and Tax Bill

**15. Building Class** | C 3
**16. Total Assessed Value** (of all parcels in transfer) | 1 3 8 3 5

**17. Borough, Block and Lot / Roll Identifier(s)** ( If more than three, attach sheet with additional identifier(s) )

MANHATTAN 1911 54

## CERTIFICATION
I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and I understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

**BUYER** | 5/9/06
*(signature)* | 5/9/06
BUYER SIGNATURE | newler | DATE

683 | Middle Neck Rd
STREET NUMBER | STREET NAME (AFTER SALE)

Great Neck , N.Y. , 11023
CITY OR TOWN | STATE | ZIP CODE

**BUYER'S ATTORNEY**
Poor | David
LAST NAME | FIRST NAME
516 | 829-1990
AREA CODE | TELEPHONE NUMBER

**SELLER**
*(signature)* | 5/9/06
SELLER SIGNATURE | DATE

2006050400073201

# AFFIDAVIT OF COMPLIANCE
# WITH SMOKE DETECTOR REQUIREMENT
# FOR ONE- AND TWO-FAMILY DWELLINGS

State of New York )
 ) SS.:
County of *Nassau* )

The undersigned, being duly sworn, depose and say under penalty of perjury that they are the grantor and grantee of the real property or of the cooperative shares in a cooperative corporation owning real property located at

| 148 WEST 127 STREET | | | Unit/Apt. |
|---|---|---|---|
| Street Address | | | |
| MANHATTAN | New York, 1911 | 54 | (the "Premises"); |
| Borough | Block | Lot | |

That the Premises is a one or two family dwelling, or a cooperative apartment or condominium unit in a one- or two-family dwelling, and that installed in the Premises is an approved and operational smoke detecting device in compliance with the provisions of Article 6 of Subchapter 17 of Chapter 1 of Title 27 of the Administrative Code of the City of New York concerning smoke detecting devices;

That they make affidavit in compliance with New York City Administrative Code Section 11-2105 (g). (The signatures of at least one grantor and one grantee are required, and must be notarized).

Farzaneh Yerowhalmi

_____
Name of Grantor (Type or Print)

_____
Signature of Grantor

Morad Yerowhalmi

Sworn to before me
this 9TH date of May 2006
RAMON T. MOJICA
Notary Public, State of New York
No. 01MO6123177
Qualified in Nassau County
Commission Expires February 26, 2009

x _____
Name of Grantee (Type or Print)

Farzaneh Yerowhalmi
_____
Signature of Grantee

Sworn to before me
this 9TH date of May 2006
RAMON T. MOJICA
Notary Public, State of New York
No. 01MO6123177
Qualified in Nassau County
Commission Expires February 26, 2009

These statements are made with the knowledge that a willfully false representation is unlawful and is punishable as a crime of perjury under Article 210 of the Penal Law.

**NEW YORK CITY REAL PROPERTY TRANSFER TAX RETURNS FILED ON OR AFTER FEBRUARY 6th, 1990, WITH RESPECT TO THE CONVEYANCE OF A ONE- OR TWO-FAMILY DWELLING, OR A COOPERATIVE APARTMENT OR A CONDOMINIUM UNIT IN A ONE- OR TWO-FAMILY DWELLING, WILL NOT BE ACCEPTED FOR FILING UNLESS ACCOMPANIED BY THIS AFFIDAVIT.**

( 1 )

2006050400073101



**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

2006103001366001002E9838

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 5 |
|---|---|

| Document ID: 2006103001366001 | Document Date: 10-23-2006 | Preparation Date: 10-30-2006 |
|---|---|---|
| Document Type: DEED | | |
| Document Page Count: 3 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| IMPERIAL ABSTRACT, ACC1403<br>AS AGENT FOR COMMONWEALTH LAND<br>TITLE INSURANCE CO.<br>441 ROUTE 306- (HOLD-FOR-PICKUP)<br>MONSEY, NY 10952<br>845-362-6410 | DAVID POUR & ASSOCIATES<br>10 CUTTER MILL ROAD<br>SUITE 406<br>GREAT NECK, NY 11021 |

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| MANHATTAN | 1911 | 54 | Entire Lot | 148 WEST 127TH STREET |

Property Type: DWELLING ONLY - 4 FAMILY

**CROSS REFERENCE DATA**

CRFN_____ *or* Document ID_____ *or* _____ Year ____ Reel ____ Page ____ *or* File Number_____

**PARTIES**

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| MBM ENTERTAINMENT LLC<br>683 MIDDLE NECK ROAD<br>GREAT NECK, NY 11023 | MBM ENTERTAINMENT LLC<br>683 MIDDLE NECK ROAD<br>GREAT NECK, NY 11023 |

x  Additional Parties Listed on Continuation Page

**FEES AND TAXES**

| Mortgage | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ 165.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | | $ 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | | $ 0.00 |
| Spec (Additional): | $ | 0.00 | **RECORDED OR FILED IN THE OFFICE** | |
| TASF: | $ | 0.00 | **OF THE CITY REGISTER OF THE** | |
| MTA: | $ | 0.00 | **CITY OF NEW YORK** | |
| NYCTA: | $ | 0.00 | Recorded/Filed    11-13-2006 09:48 | |
| Additional MRT: | $ | 0.00 | City Register File No.(CRFN): | |
| TOTAL: | $ | 0.00 | 2006000626456 | |
| Recording Fee: | $ | 52.00 | | |
| Affidavit Fee: | $ | 0.00 | *City Register Official Signature* | |

**NYC DEPARTMENT OF FINANCE
OFFICE OF THE CITY REGISTER**



2006103001366001002C9AB8

**RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION)     PAGE 2 OF 5**

**Document ID: 2006103001366001**     Document Date: 10-23-2006     Preparation Date: 10-30-2006
Document Type: DEED

**PARTIES**
**GRANTEE/BUYER:**                                    **GRANTEE/BUYER:**
ASWAD O. AYINDE                                      ERIC MCGILL
683 MIDDLE NECK ROAD                                 683 MIDDLE NECK ROAD
GREAT NECK, NY 11023                                 GREAT NECK, NY 11023

Bargain and Sale Deed, with Covenant Against Grantor's Acts-

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT – THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

**THIS INDENTURE,** made the 23 day of October, in the year 2006

**BETWEEN**

> **MBM Entertainment LLC,**
> Having an office at 683 Middle Neck Road, Great Neck, New York 11023

party of the first part, and

> **MBM Entertainment LLC (as to 66 2/3% undivided interest) & Aswad O.**
> **Ayinde a.k.a. Eric McGill (as to 33 1/3% undivided interest) as "TENANCY**
> **IN COMMON"**
> Having their principal offices at 683 Middle Neck Road, Great Neck, New York
> 11023

party of the second part,

**WITNESSETH,** that the party of the first part, in consideration of Ten ($10) Dollars paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the

<u>SEE SCHEDULE "A" ATTACHED HERETO</u>

**BLK: 1911**
**LOT: 54**          SAID PREMISES being more commonly known as and by the Street
                     Address: 148 West 127th Street, New York, New York

**Being the same premises described in the deed to the parties of the first part herein by deed dated 05/09/2006, recorded 5/22/2006 in CFRN # 2006000284420.**

**TOGETHER** with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; **TOGETHER** with the appurtenances and all the estate and rights of the party of the first part in and to said premises; **TO HAVE AND TO HOLD** the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

**AND** the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid. **AND** the party of the first part, in compliance with Section 13 of the Lien Law. covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose. The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

**IN WITNESS WHEREOF,** the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

MBM Entertainment LLC
BY: Moussa Yeroushelmi, Member

## SCHEDULE A

## DESCRIPTION

Title Number: FUT-03819-NY

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Manhattan, City and County of New York, bounded and described as follows:

BEGINNING at a point on the southerly side of 127th Street, distant 228 feet 6 inches easterly from the southeasterly corner of Seventh Avenue and 127th Street;

RUNNING THENCE southerly and parallel with said Avenue and partly through a party wall, 99 feet 11 inches to the center line of the block;

THENCE easterly and along said center line, 15 feet 6 inches;

THENCE northerly and again parallel with said Avenue and partly through a party wall, 99 feet 11 inches to the southerly side of 127th Street;

THENCE westerly along said southerly side of 127th Street, 15 feet 6 inches to the point or place of BEGINNING.

## NEW YORK UNIFORM OF ACKNOWLEDGMENT

**STATE OF NEW YORK** ]
**COUNTY OF** _L:'auau_ ]ss:

On the 23 day of October, in the year 2006 before me, the undersigned, personally appeared, *Moussa Yeroushalmi,* personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

................................
Notary Public

JEANETTE SOMMO
Notary Public, State of New York
No. 4803149
Qualified in Suffolk County
Commission Expires May 31, 2007

**SEAL**

Bargain and Sale Deed
with Covenant Against Grantor's Acts

Section:
Block:    1911
Lot:      54
County:   NEW YORK COUNTY

MBM ENTERTAINMENT LLC

-to-

ASWAD C. AYINDE a.k.a. ERIC MCGILL

Record & Return to:
DAVID POUR & ASSOCIATES, LLP
10 CUTTER MILL ROAD, STE. 406
GREAT NECK, NEW YORK 11021

THIS SPACE FOR USE OF RECORDING OFFICE:

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2006103001366001002S56B9

| SUPPORTING DOCUMENT COVER PAGE | PAGE 1 OF 1 |
|---|---|

Document ID: 2006103001366001    Document Date: 10-23-2006    Preparation Date: 10-30-2006
Document Type: DEED

ASSOCIATED TAX FORM ID: 2006102400275

SUPPORTING DOCUMENTS SUBMITTED:

| | Page Count |
|---|---|
| DEP CUSTOMER REGISTRATION FORM FOR WATER AND SEWER BILLING | 1 |
| RP - 5217 REAL PROPERTY TRANSFER REPORT | 1 |



The City of New York
Department of Environmental Protection
Bureau of Customer Services
59-17 Junction Boulevard
Flushing, NY 11373-5108

**Customer Registration Form for Water and Sewer Billing**

## Property and Owner Information:

(1) Property receiving service is located in the Borough of  **MANHATTAN**
Block: **1911**                    Lot: **54**

(2) Account Number (if applicable):
Meter Number (if available–include the letter):

(3) Street Address of Property Receiving Service:
Street **148 WEST 127TH STREET**          City **NY**          State  **NY**  Zip **10027**

(4) Full name, mailing address, home phone and business phone numbers of owner of property receiving service:
(please provide information on owner ONLY; do NOT give information on property manager or tenant):
Owner's Name      Business: **MBM ENTERTAINMENT LLC**
or Individual:

|  | (Last Name) | (First Name) | (MI) |
|---|---|---|---|

Street **683 MIDDLE NECK ROAD**          City **GREAT NECK**     State **NY**   Zip **11023**
Home Phone(Numbers only):                Business Phone(Numbers only):

## Customer Billing Information:

**PLEASE NOTE**

**A.** Water and sewer charges are the legal responsibility of the owner of a property receiving water and/or sewer service. The owner's responsibility to pay such charges is not affected by any lease, license or other arrangement, or any assignment of responsibility for payment of such charges.

**B.** Water and sewer charges constitute a lien on the property until paid. In addition to legal action against the owner, a failure to pay such charges when due may result in foreclosure of the lien by the City of New York, or the property being placed in a lien sale by the City.

**C.** Original bills for water and/or sewer service will be mailed to the owner, at the owner's address specified on this form. DEP will provide a duplicate copy of bills to one other party (such as a managing agent) if so requested below, provided, however, that any failure or delay by DEP in providing duplicate copies of bills shall in no way relieve the owner from his/her/its liability to pay all outstanding water and sewer charges.

(5) If you would like a duplicate copy of bills sent to another party, please check here ☐ and fill out the following information:
Name of Party to Receive Duplicate Copies of Bills:

(6) Mailing Address: Street                    City            State        Zip

(7) Relationship to Owner (check one):   Managing Agent ☐          Mortgagee ☐
Tenant ☐     Other (please explain):

## Owner's Approval

The undersigned certifies that he/she/it is the owner of the property receiving service referenced above; that he/she/it has read and understands Paragraphs A, B, C under the section captioned "Customer Billing Information"; and that the information supplied by the undersigned on this form is true and complete to the best of his/her/its knowledge.

(8) Owner's EIN or SSN(Numbers only):

(9) Name of Owner: *MBM Entertainment LLC.*

(10) Signature:
Name and Title of Person Signing for Owner, if applicable: *by Moussa Yeroushalmi, member*
Date(mm/dd/yyyy): *10/31/06*

**FOR CITY USE ONLY**

C1. County Code |___|___|  C2. Date Deed Recorded |___|___| Month Day Year

C3. Book |___|___|___|  C4. Page |___|___|___|
OR
C5. CRFN |___|___|___|

**REAL PROPERTY TRANSFER REPORT**
STATE OF NEW YORK
STATE BOARD OF REAL PROPERTY SERVICES

**RP - 5217NYC**
(Rev 11/2002)

**PROPERTY INFORMATION**

**1. Property Location**  148 | WEST 127TH STREET | MANHATTAN | 10027
STREET NUMBER | STREET NAME | BOROUGH | ZIP CODE

**2. Buyer Name**  MBM ENTERTAINMENT LLC
LAST NAME / COMPANY
AYINDE | ASWAD
FIRST NAME
LAST NAME / COMPANY | FIRST NAME

**3. Tax Billing Address**  Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form)
LAST NAME / COMPANY | FIRST NAME
STREET NUMBER AND STREET NAME | CITY OR TOWN | STATE | ZIP CODE

**4. Indicate the number of Assessment Roll parcels transferred on the deed**  1  # of Parcels  OR  ☐ Part of a Parcel

4A. Planning Board Approval - N/A for NYC
4B. Agricultural District Notice - N/A for NYC

Check the boxes below as they apply:
6. Ownership Type is Condominium ☐
7. New Construction on Vacant Land ☐

**5. Deed Property Size**  |___| FRONT FEET  X  |___| DEPTH  OR  |___| ACRES

**8. Seller Name**  MBM ENTERTAINMENT LLC
LAST NAME / COMPANY | FIRST NAME
LAST NAME / COMPANY | FIRST NAME

**9. Check the box below which most accurately describes the use of the property at the time of sale:**

| A ☐ One Family Residential | C ☐ Residential Vacant Land | E ☐ Commercial | G ☐ Entertainment / Amusement | I ☐ Industrial |
| B ☐ 2 or 3 Family Residential | D ☐ Non-Residential Vacant Land | F ☑ Apartment | H ☐ Community Service | ☐ Public Service |

**SALE INFORMATION**

**10. Sale Contract Date**  10 / 23 / 2006
Month Day Year

**11. Date of Sale / Transfer**  10 / 23 / 2006
Month Day Year

**12. Full Sale Price** $  0

( Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.) *Please round to the nearest whole dollar amount.*

**13. Indicate the value of personal property included in the sale**  |___|

**14. Check one or more of these conditions as applicable to transfer:**
A ☐ Sale Between Relatives or Former Relatives
B ☐ Sale Between Related Companies or Partners in Business
C ☑ One of the Buyers is also a Seller
D ☐ Buyer or Seller is Government Agency or Lending Institution
E ☐ Deed Type not Warranty or Bargain and Sale (Specify Below )
F ☐ Sale of Fractional or Less than Fee Interest ( Specify Below )
G ☐ Significant Change in Property Between Taxable Status and Sale Dates
H ☐ Sale of Business is Included in Sale Price
I ☐ Other Unusual Factors Affecting Sale Price ( Specify Below )
J ☐ None

**ASSESSMENT INFORMATION - Data should reflect the latest Final Assessment Roll and Tax Bill**

**15. Building Class**  C 3

**16. Total Assessed Value (of all parcels in transfer)**  1 4 2 8 0

**17. Borough, Block and Lot / Roll Identifier(s) ( If more than three, attach sheet with additional identifier(s) )**
MANHATTAN 1911 54

**CERTIFICATION**  I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and I understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

**BUYER'S ATTORNEY**

BUYER
X_____ Aswad O. Ayinde alkaene McCall  10/7/06
BUYER SIGNATURE  DATE

LAST NAME | FIRST NAME

483
STREET NUMBER  Middle Neck Rd
STREET NAME (AFTER SALE)

AREA CODE | TELEPHONE NUMBER

Great Neck  NY  11023
CITY OR TOWN  STATE  ZIP CODE

SELLER
MBM Entertainment LLC
by Toussa Yeroushalmi member  10/7/06
SELLER SIGNATURE  DATE

2006102400275201

# EXHIBIT E



**2006103001366003001EA841**

| NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER | |
|---|---|
| This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document. | |

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 5 |
|---|---|---|
| Document ID: 2006103001366003 | Document Date: 10-23-2006 | Preparation Date: 10-30-2006 |
| Document Type: DEED | | |
| Document Page Count: 3 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| IMPERIAL ABSTRACT, ACC1403 AS AGENT FOR COMMONWEALTH LAND TITLE INSURANCE CO. 441 ROUTE 306- (HOLD-FOR-PICKUP) MONSEY, NY 10952 845-362-6410 | DAVID POUR & ASSOCIATES 10 CUTTER MILL ROAD SUITE 406 GREAT NECK, NY 11021 |

## PROPERTY DATA

| Borough | Block | Lot | | Unit | Address |
|---|---|---|---|---|---|
| MANHATTAN | 1911 | 54 | Entire Lot | | 148 WEST 127TH STREET |

Property Type: DWELLING ONLY - 4 FAMILY

## CROSS REFERENCE DATA

CRFN_____ *or* Document ID _____ *or* _____ Year_____ Reel ____ Page _____ *or* File Number_____

## PARTIES

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| ASWAD O. AYINDE 683 MIDDLE NECK ROAD GREAT NECK, NY 11023 | P S Y TRADING, INC. 683 MIDDLE NECK ROAD GREAT NECK, NY 11023 |

x  Additional Parties Listed on Continuation Page

## FEES AND TAXES

| Mortgage | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ | 165.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 4,061.25 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | | $ | 1,140.00 |
| Spec (Additional): | $ | 0.00 | **RECORDED OR FILED IN THE OFFICE** | | |
| TASF: | $ | 0.00 | **OF THE CITY REGISTER OF THE** | | |
| MTA: | $ | 0.00 | **CITY OF NEW YORK** | | |
| NYCTA: | $ | 0.00 | Recorded/Filed    11-13-2006 09:48 | | |
| Additional MRT: | $ | 0.00 | City Register File No.(CRFN): | | |
| TOTAL: | $ | 0.00 | | | **2006000626458** |
| Recording Fee: | $ | 52.00 | | | |
| Affidavit Fee: | $ | 0.00 | | | |

*Jannette M Gill*

*City Register Official Signature*

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2006103001366003001CAAC1

| RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION) | | PAGE 2 OF 5 |
|---|---|---|
| Document ID: 2006103001366003 | Document Date: 10-23-2006 | Preparation Date: 10-30-2006 |
| Document Type: DEED | | |

**PARTIES**
**GRANTOR/SELLER:**
ERIC MCGILL
683 MIDDLE NECK ROAD
GREAT NECK, NY 11023

Bargain and Sale Deed, with Covenant Against Grantor's Acts-

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT – THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

**THIS INDENTURE,** made the 23 day of October, in the year 2006

**BETWEEN**

> **ASWAD O. AYINDE A.K.A. ERIC MCGILL (as to all of his 33 1/3%**
> **undivided interest),**
> Having an office at 683 Middle Neck Road, Great Neck, New York 11023

party of the first part, and

> **P S Y TRADING, INC.**
> Having an office at 683 Middle Neck Road, Great Neck, New York 11023

party of the second part,

**WITNESSETH,** that the party of the first part, in consideration of Ten ($10) Dollars paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate. lying and being in the

### SEE SCHEDULE "A" ATTACHED HERETO

**BLK: 1911**
**LOT: 54**           SAID PREMISES being more commonly known as and by the Street Address: 148 West 127th Street, New York, New York

**Being the same premises described in the deed to the parties of the first part herein by deed dated 10/23/06, and to be recorded simultaneously herewith.**

**TOGETHER** with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; **TOGETHER** with the appurtenances and all the estate and rights of the party of the first part in and to said premises; **TO HAVE AND TO HOLD** the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

**AND** the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid. **AND** the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose. The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

**IN WITNESS WHEREOF,** the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

*Aswad O. Ayinde aka Eric McGill*
*by Vincent McGill his attorney in fact*
ASWAD O. AYINDE A.K.A. ERIC MCGILL
By: Vincent McGill, his attorney in fact.
*Marcia Franco*                    **\*POWER OF ATTORNEY**
*as witness only.*                    **TO BE RECORDED**

## SCHEDULE A

## DESCRIPTION

### Title Number: FUT-03019-NY

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Manhattan, City and County of New York, bounded and described as follows:

BEGINNING at a point on the southerly side of 127th Street, distant 228 feet 6 inches easterly from the southeasterly corner of Seventh Avenue and 127th Street;

RUNNING THENCE southerly and parallel with said Avenue and partly through a party wall, 99 feet 11 inches to the center line of the block;

THENCE easterly and along said center line, 15 feet 6 inches;

THENCE northerly and again parallel with said Avenue and partly through a party wall, 99 feet 11 inches to the southerly side of 127th Street;

THENCE westerly along said southerly side of 127th Street, 15 feet 6 inches to the point or place of BEGINNING.

## NEW YORK UNIFORM OF ACKNOWLEDGMENT

STATE OF NEW YORK      ]
COUNTY OF Nassau      ]ss:

On the 2) day of October, in the year 2006, before me, the undersigned, personally appeared *VINCENT MCGILL*, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

.......................................
Notary Public

SEAL

JEANETTE SOMMO
Notary Public, State of New York
No. 4893319
Qualified in Suffolk County
Commission Expires May 31, 2007

**°POWER OF ATTORNEY
TO BE RECORDED
SIMULTANEOUSLY HEREWITH**

Bargain and Sale Deed
with Covenant Against Grantor's Acts

| | |
|---|---|
| Section: | |
| Block: | 1911 |
| Lot: | 54 |
| County: | NEW YORK County |

| ASWAD O. AYINDE A.K.A. ERIC MCGILL<br><br>-to-<br><br>P S Y TRADING, INC. | Record & Return to:<br>**DAVID POUR & ASSOCIATES, LLP**<br>**10 CUTTER MILL ROAD, STE. 406**<br>**GREAT NECK, NEW YORK 11021** |
|---|---|

THIS SPACE FOR USE OF RECORDING OFFICE:

**NYC DEPARTMENT OF FINANCE
OFFICE OF THE CITY REGISTER**



2006103001366003001S66C0

| SUPPORTING DOCUMENT COVER PAGE | PAGE 1 OF 1 |
|---|---|

**Document ID: 2006103001366003**    Document Date: 10-23-2006    Preparation Date: 10-30-2006
Document Type: DEED

**ASSOCIATED TAX FORM ID: 2006102400621**

**SUPPORTING DOCUMENTS SUBMITTED:**

| | Page Count |
|---|---|
| DEP CUSTOMER REGISTRATION FORM FOR WATER AND SEWER BILLING | 1 |
| RP - 5217 REAL PROPERTY TRANSFER REPORT | 1 |



The City of New York
Department of Environmental Protection
Bureau of Customer Services
59-17 Junction Boulevard
Flushing, NY 11373-5108

**Customer Registration Form for Water and Sewer Billing**

## Property and Owner Information:

(1) Property receiving service is located in the Borough of **MANHATTAN**

Block: **1911**                          Lot: **54**

(2) Account Number (if applicable):

Meter Number (if available--include the letter):

(3) Street Address of Property Receiving Service:

Street **148 WEST 127TH STREET**                 City **NY**      State **NY**   Zip **10027**

(4) Full name, mailing address, home phone and business phone numbers of owner of property receiving service:
(please provide information on owner ONLY; do NOT give information on property manager or tenant):

Owner's Name      Business: **P S Y TRADING, INC.**
                  or Individual:
                                    (Last Name)              (First Name)              (MI)

Street **683 MIDDLE NECK ROAD**           City **GREAT NECK**   State **NY**   Zip **11023**

Home Phone(Numbers only):           Business Phone(Numbers only):

## Customer Billing Information:

**PLEASE NOTE:**

A. Water and sewer charges are the legal responsibility of the owner of a property receiving water and/or sewer service. The owner's responsibility to pay such charges is not affected by any lease, license or other arrangement, or any assignment of responsibility for payment of such charges.

B. Water and sewer charges constitute a lien on the property until paid. In addition to legal action against the owner, a failure to pay such charges when due may result in foreclosure of the lien by the City of New York, or the property being placed in a lien sale by the City.

C. Original bills for water and/or sewer service will be mailed to the owner, at the owner's address specified on this form. DEP will provide a duplicate copy of bills to one other party (such as a managing agent) if so requested below, provided, however, that any failure or delay by DEP in providing duplicate copies of bills shall in no way relieve the owner from his/her/its liability to pay all outstanding water and sewer charges.

(5) If you would like a duplicate copy of bills sent to another party, please check here ☐ and fill out the following information.

Name of Party to Receive Duplicate Copies of Bills:

(6) Mailing Address: Street                    City              State        Zip

(7) Relationship to Owner (check one):  Managing Agent ☐      Mortgagee ☐
                                        Tenant ☐      Other (please explain):

## Owner's Approval

The undersigned certifies that he/she/it is the owner of the property receiving service referenced above; that he/she/it has read and understands Paragraphs A, B, C under the section captioned "Customer Billing Information"; and that the information supplied by the undersigned on this form is true and complete to the best of his/her/its knowledge.

(8) Owner's EIN or SSN(Numbers only):        E-mail:

(9) Name of Owner: *PSY Trading, Inc.*

(10) Signature:

Name and Title of Person Signing for Owner, if applicable: by *Moussa Yeroushalmi, member MSDX*

Date(mm/dd/yyyy): *10  /  27  /  06.*

**2006102400621101**

B'S-/CRF Rev 05/2003

**FOR CITY USE ONLY**

| C1. County Code | C2. Date Deed Recorded | Month | Day | Year |
|---|---|---|---|---|

C3. Book OR
C5. CRFN                                     C4. Page

**REAL PROPERTY TRANSFER REPORT**

STATE OF NEW YORK
STATE BOARD OF REAL PROPERTY SERVICES

# RP - 5217NYC
(Rev 11/2002)

## PROPERTY INFORMATION

1. **Property Location**  148  WEST 127TH STREET  MANHATTAN  10027
   STREET NUMBER    STREET NAME    BOROUGH    ZIP CODE

2. **Buyer Name**  P S Y TRADING, INC.
   LAST NAME / COMPANY    FIRST NAME
   LAST NAME / COMPANY    FIRST NAME

3. **Tax Billing Address**  Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form)
   LAST NAME / COMPANY    FIRST NAME
   STREET NUMBER AND STREET NAME    CITY OR TOWN    STATE    ZIP CODE

4. **Indicate the number of Assessment Roll parcels transferred on the deed**  [ 1 ]  # of Parcels  OR  [ ] Part of a Parcel

   4A. Planning Board Approval - N/A for NYC
   4B. Agricultural District Notice - N/A for NYC

   Check the boxes below as they apply:
   6. Ownership Type is Condominium  [ ]
   7. New Construction on Vacant Land  [ ]

5. **Deed Property Size**  _____ FRONT FEET  X  _____ DEPTH  OR  _____ ACRES

6. **Seller Name**  AYINDE    ASWAD
   LAST NAME / COMPANY    FIRST NAME
   MCGILL    ERIC
   LAST NAME / COMPANY    FIRST NAME

9. **Check the box below which most accurately describes the use of the property at the time of sale:**

| A | [ ] One Family Residential | C | [ ] Residential Vacant Land | E | [ ] Commercial | G | [ ] Entertainment / Amusement | I | [ ] Industrial |
|---|---|---|---|---|---|---|---|---|---|
| B | [ ] 2 or 3 Family Residential | D | [ ] Non-Residential Vacant Land | F | [✓] Apartment | H | [ ] Community Service | J | [ ] Public Service |

## SALE INFORMATION

10. **Sale Contract Date**  10 / 23 / 2006
    Month  Day  Year

11. **Date of Sale / Transfer**  10 / 23 / 2006
    Month  Day  Year

12. **Full Sale Price** $  2 8 5 0 0 0
    (Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.)  Please round to the nearest whole dollar amount.

13. **Indicate the value of personal property included in the sale**  _____

14. **Check one or more of these conditions as applicable to transfer:**

| A | [ ] Sale Between Relatives or Former Relatives |
|---|---|
| B | [ ] Sale Between Related Companies or Partners in Business |
| C | [ ] One of the Buyers is also a Seller |
| D | [ ] Buyer or Seller is Government Agency or Lending Institution |
| E | [ ] Deed Type not Warranty or Bargain and Sale (Specify Below) |
| F | [ ] Sale of Fractional or Less than Fee Interest (Specify Below) |
| G | [ ] Significant Change in Property Between Taxable Status and Sale Dates |
| H | [ ] Sale of Business is Included in Sale Price |
| I | [ ] Other Unusual Factors Affecting Sale Price (Specify Below) |
| J | [✓] None |

## ASSESSMENT INFORMATION - Data should reflect the latest Final Assessment Roll and Tax Bill

15. **Building Class**  C 3

16. **Total Assessed Value (of all parcels in transfer)**  1 4 2 8 0

17. **Borough, Block and Lot / Roll Identifier(s) (If more than three, attach sheet with additional identifier(s))**
    MANHATTAN 1911 54

## CERTIFICATION

I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and I understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

**BUYER**  PRESIDENT

BUYER SIGNATURE  11/27/06  DATE

683  Middle Neck Rd
STREET NUMBER    STREET NAME (AFTER SALE)

Great Neck  NY  11023
CITY OR TOWN    STATE    ZIP CODE

**BUYER'S ATTORNEY**

LAST NAME    FIRST NAME

AREA CODE    TELEPHONE NUMBER

**SELLER**
Aswad O Aswad aka Eric McGill
by Eric McGill for attorney in fact
SELLER SIGNATURE    10/27/06  DATE

2006102400621201

# EXHIBIT F



| NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER | |
|---|---|
| This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document. | 2007031800076001002E700E |

## RECORDING AND ENDORSEMENT COVER PAGE — PAGE 1 OF 5

| Document ID: 2007031800076001 | Document Date: 03-05-2007 | Preparation Date: 03-19-2007 |
|---|---|---|
| Document Type: DEED | | |
| Document Page Count: 3 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| FIRST AMERICAN TITLE INSURANCE- PICK UP | DAVID POUR & ASSOCIATES, LLP |
| 633 THIRD AVENUE | 10 CUTTER MILL ROAD, SUITE 406 |
| 3001-174355 SH | GREAT NECK, NY  11021 |
| NEW YORK, NY 10017 | |
| 212-850-0670 | |
| CQUARTARARO@FIRSTAM.COM | |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| MANHATTAN | 1911 | 54 | Entire Lot | 148 WEST 127TH STREET |

Property Type: APARTMENT BUILDING

### CROSS REFERENCE DATA

CRFN_____ **or** Document ID_____ **or** _____ Year____ Reel____ Page____ **or** File Number_____

### PARTIES

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| MORAD YEROUSHALMI | P S Y TRADING, INC. |
| 683 MIDDLE NECK ROAD | 683 MIDDLE NECK ROAD |
| GREAT NECK, NY  11023 | GREAT NECK, NY  11023 |

x  Additional Parties Listed on Continuation Page

### FEES AND TAXES

| Mortgage | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | $ | 165.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | $ | 0.00 |
| TAXES:  County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | **RECORDED OR FILED IN THE OFFICE** | |
| TASF: | $ | 0.00 | **OF THE CITY REGISTER OF THE** | |
| MTA: | $ | 0.00 | **CITY OF NEW YORK** | |
| NYCTA: | $ | 0.00 | Recorded/Filed        03-21-2007 09:46 | |
| Additional MRT: | $ | 0.00 | City Register File No.(CRFN): | |
| TOTAL: | $ | 0.00 | **2007000148336** | |
| Recording Fee: | $ | 52.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

*City Register Official Signature*

| NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER |  |
|---|---|
| | 2007031800076001002C728E |

**RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION)**   **PAGE 2 OF 5**

| Document ID: 2007031800076001 | Document Date: 03-05-2007 | Preparation Date: 03-19-2007 |
|---|---|---|
| Document Type: DEED | | |

**PARTIES**
**GRANTOR/SELLER:**
FARZANEH YEROUSHALMI
683 MIDDLE NECK ROAD
GREAT NECK, NY 11023

**PARTIES**
**GRANTEE/BUYER:**
MBM ENTERTAINMENT LLC
683 MIDDLE NECK ROAD
GREAT NECK, NY 11023

Bargain and Sale Deed, with Covenant Against Grantor's Acts-

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT – THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

First American Title Insurance Company of New
633 Third Avenue
New York, New York 10017
T - (212) 922-9700
F - (212) 922-0881

**THIS INDENTURE,** made the 5 day of March, in the year 2007

**BETWEEN**

**MORAD YEROUSHALMI and FARZANEH YEROUSHALMI**
"TENANTS IN COMMON"
Having an address at 683 Middle Neck Road, Great Neck, New York 11023

party of the first part, and

*as to an undivided 33⅓ % interest*
**P S Y TRADING, INC,** and **MBM ENTERTAINMENT LLC,** *as to an undivided*
"TENANTS IN COMMON" *66⅔ % interest*
Having an address at 683 Middle Neck Road, Great Neck, New York 11023

party of the second part,

**WITNESSETH,** that the party of the first part, in consideration of Ten ($10) Dollars
paid by the party of the second part, does hereby grant and release unto the party of the
second part, the heirs or successors and assigns of the party of the second part forever,

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon
erected, situate, lying and being in the

<u>SEE SCHEDULE "A" ATTACHED HERETO</u>

**BLK: 1911**
**LOT: 54**                    SAID PREMISES being more commonly known as and by the Street
                                  Address: 148 West 127th Street, New York, New York

This conveyance is made in the regular and ordinary course of business of the party of the first
part. *Being the same premises conveyed to grantors herein by deed dated 11/23/06*
*rec 11/13/06 in CRFN 2006006614158 and CFFN 2006006062645L*
**TOGETHER** with all right, title and interest, if any, of the party of the first part in and to
any streets and roads abutting the above described premises to the center lines thereof;
**TOGETHER** with the appurtenances and all the estate and rights of the party of the first
part in and to said premises; **TO HAVE AND TO HOLD** the premises herein granted unto
the party of the second part, the heirs or successors and assigns of the party of the second
part forever.

**AND** the party of the first part covenants that the party of the first part has not done or
suffered anything whereby the said premises have been encumbered in any way whatever,
except as aforesaid. **AND** the party of the first part, in compliance with Section 13 of the
Lien Law, covenants that the party of the first part will receive the consideration for this
conveyance and will hold the right to receive such consideration as a trust fund to be
applied first for the purpose of paying the cost of the improvement and will apply the same
first to the payment of the cost of the improvement before using any part of the total of the
same for any other purpose. The word "party" shall be construed as if it read "parties"
whenever the sense of this indenture so requires.

**IN WITNESS WHEREOF,** the party of the first part has duly executed this deed the day and
year first above written.

IN PRESENCE OF:

Morad Yeroushalmi

Farzaneh Yeroushalmi

## NEW YORK UNIFORM OF ACKNOWLEDGMENT

STATE OF NEW YORK ]
COUNTY OF *Nassau* ]ss:

On the 5 day of March, in the year 2007 before me, the undersigned, personally appeared *Morad Yeroushalmi* personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

..........................................
Notary Public

JEANETTE SOMMO
Notary Public, State of New York
No. 4823349
Qualified in Suffolk County
Commission Expires May 31, 2007

**SEAL**

STATE OF NEW YORK ]
COUNTY OF *Nassau* ]ss:

On the 5 day of March, in the year 2007 before me, the undersigned, personally appeared *Farzaneh Yeroushalmi* personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

..........................................
Notary Public

JEANETTE SOMMO
Notary Public, State of New York
No. 4823349
Qualified in Suffolk County
Commission Expires May 31, 2007

**SEAL**

3601 174355

Bargain and Sale Deed
with Covenant Against Grantor's Acts

Section:
Block:    1911
Lot:      54
County:   New York

|  |  |
|---|---|
| Yeroushalmi & Yeroushalmi | Record & Return to: **David Pour & Associates, LLP** 10 Cutter Mill Road, Suite 406 Great Neck, New York 11021 |
| -to- | |
| P S Y Trading, Inc. & MBM Entertainment LLC | |

THIS SPACE FOR USE OF RECORDING OFFICE:



### *First American Title Insurance Company of New York*

Title No. 3001-174355

## SCHEDULE "A"

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND SITUATE, LYING AND BEING IN THE BOROUGH OF MANHATTAN, CITY, COUNTY AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTHERLY SIDE OF 127TH STREET, DISTANT 228 FEET 6 INCHES EASTERLY FROM THE SOUTHEASTERLY CORNER OF SEVENTH AVENUE AND 127TH STREET;

RUNNING THENCE SOUTHERLY AND PARALLEL WITH SAID AVENUE AND PARTLY THROUGH A PARTY WALL, 99 FEET 11 INCHES TO THE CENTER LINE OF THE BLOCK;

THENCE EASTERLY AND ALONG SAID CENTER LINE, 15 FEET 6 INCHES;

THENCE NORTHERLY AND AGAIN PARALLEL WITH SAID AVENUE, AND PARTLY THROUGH A PARTY WALL, 99 FEET 11 INCHES TO THE SOUTHERLY SIDE OF 127TH STREET;

THENCE WESTERLY ALONG SAID SOUTHERLY SIDE OF 127TH STREET, 15 FEET 6 INCHES TO THE POINT OR PLACE OF BEGINNING.

**THE** policy to be issued under this report will insure the title to such buildings and improvements erected on the premises, which by law constitute real property.

**FOR CONVEYANCING ONLY: TOGETHER** with all the right, title and interest of the party of the first part, of in and to the land lying in the street in front of and adjoining said premises.

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2007031800076001002SBE8F

| SUPPORTING DOCUMENT COVER PAGE | | PAGE 1 OF 1 |
|---|---|---|
| Document ID: 2007031800076001 | Document Date: 03-05-2007 | Preparation Date: 03-19-2007 |
| Document Type: DEED | | |

**ASSOCIATED TAX FORM ID: 2007030100200**

**SUPPORTING DOCUMENTS SUBMITTED:**

| | Page Count |
|---|---|
| DEP CUSTOMER REGISTRATION FORM FOR WATER AND SEWER BILLING | 1 |
| RP - 5217 REAL PROPERTY TRANSFER REPORT | 2 |
| SMOKE DETECTOR AFFIDAVIT | 1 |



The City of New York
Department of Environmental Protection
Bureau of Customer Services
59-17 Junction Boulevard
Flushing, NY 11373-5108

www.nyc.gov/dep

**Customer Registration Form for Water and Sewer Billing**

## Property and Owner Information:

(1) Property receiving service is located in the Borough of **MANHATTAN**
    Block: **1911**                                    Lot: **54**

(2) Account Number (if applicable):
    Meter Number (if available–include the letter):

(3) Street Address of Property Receiving Service:
    Street **148 WEST 127TH STREET**          City **NY**        State  **NY**   Zip **10027**

(4) Full name, mailing address, home phone and business phone numbers of owner of property receiving service:
    (please provide information on owner ONLY; do NOT give information on property manager or tenant):
    Owner's Name        Business: **P S Y TRADING, INC.**
                        or Individual:
    _____(Last Name)_____(First Name)_____(MI)
    Street **683 MIDDLE NECK ROAD**           City **GREAT NECK**    State **NY**   Zip **11023**
    Home Phone(Numbers only):                 Business Phone(Numbers only):

## Customer Billing Information:
**PLEASE NOTE:**

**A.** Water and sewer charges are the legal responsibility of the owner of a property receiving water and/or sewer service. The owner's responsibility to pay such charges is not affected by any lease, license or other arrangement, or any assignment of responsibility for payment of such charges.

**B.** Water and sewer charges constitute a lien on the property until paid. In addition to legal action against the owner, a failure to pay such charges when due may result in foreclosure of the lien by the City of New York, or the property being placed in a lien sale by the City.

**C.** Original bills for water and/or sewer service will be mailed to the owner, at the owner's address specified on this form. DEP will provide a duplicate copy of bills to one other party (such as a managing agent) if so requested below, provided, however, that any failure or delay by DEP in providing duplicate copies of bills shall in no way relieve the owner from his/her/its liability to pay all outstanding water and sewer charges.

(5) If you would like a duplicate copy of bills sent to another party, please check here ☐ and fill out the following information:
    Name of Party to Receive Duplicate Copies of Bills:

(6) Mailing Address: Street              City              State       Zip

(7) Relationship to Owner (check one):  Managing Agent ☐    Mortgagee ☐
                                        Tenant ☐   Other (please explain):

## Owner's Approval
The undersigned certifies that he/she/it is the owner of the property receiving service referenced above; that he/she/it has read and understands Paragraphs A, B, C under the section captioned "Customer Billing Information"; and that the information supplied by the undersigned on this form is true and complete to the best of his/her/its knowledge.

(8) E-mail:

(9) Name of Owner: *PS Y Trading, Inc*

(10) Signature: _____
    Name and Title of Person Signing for Owner, if applicable: *Farzaneh Yerowdemi, President*
    Date(mm/dd/yyyy): *3 / 15 / 07*

BCS-7CRF Rev. 05/2003

**2007030100200101**

**FOR CITY USE ONLY**

C1. County Code
C2. Date Deed Recorded ___ / ___ / ___ (Month / Day / Year)
C3. Book OR
C4. Page
C5. CRFN

**REAL PROPERTY TRANSFER REPORT**
STATE OF NEW YORK
STATE BOARD OF REAL PROPERTY SERVICES

**RP - 5217NYC**
(Rev11/2002)

## PROPERTY INFORMATION

**1. Property Location**
STREET NUMBER: 148
STREET NAME: WEST 127TH STREET
BOROUGH: MANHATTAN
ZIP CODE: 10027

**2. Buyer Name**
LAST NAME / COMPANY: P S Y TRADING, INC.    FIRST NAME:
LAST NAME / COMPANY: MBM ENTERTAINMENT LLC    FIRST NAME:

**3. Tax Billing Address** — Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form)
LAST NAME / COMPANY        FIRST NAME
STREET NUMBER AND STREET NAME        CITY OR TOWN        STATE        ZIP CODE

**4. Indicate the number of Assessment Roll parcels transferred on the deed** ___ 1 # of Parcels OR ☐ Part of a Parcel

4A. Planning Board Approval - N/A for NYC
4B. Agricultural District Notice - N/A for NYC

**5. Deed Property Size** ___ FRONT FEET X ___ DEPTH OR ___ ACRES

Check the boxes below as they apply:
6. Ownership Type is Condominium ☐
7. New Construction on Vacant Land ☐

**6. Seller Name**
LAST NAME / COMPANY: YEROUSHALMI    FIRST NAME: MORAD
LAST NAME / COMPANY: YEROUSHALMI    FIRST NAME: FARZANEH

**9. Check the box below which most accurately describes the use of the property at the time of sale:**

A ☐ One Family Residential
B ☐ 2 or 3 Family Residential
C ☐ Residential Vacant Land
D ☐ Non-Residential Vacant Land
E ☐ Commercial
F ☑ Apartment
G ☐ Entertainment / Amusement
H ☐ Community Service
I ☐ Industrial
J ☐ Public Service

## SALE INFORMATION

**14. Check one or more of these conditions as applicable to transfer:**

A ☐ Sale Between Relatives or Former Relatives
B ☐ Sale Between Related Companies or Partners in Business
C ☐ One of the Buyers is also a Seller
D ☐ Buyer or Seller is Government Agency or Lending Institution
E ☐ Deed Type not Warranty or Bargain and Sale (Specify Below)
F ☐ Sale of Fractional or Less than Fee Interest (Specify Below)
G ☐ Significant Change in Property Between Taxable Status and Sale Dates
H ☐ Sale of Business is Included in Sale Price
I ☑ Other Unusual Factors Affecting Sale Price (Specify Below)
J ☐ None

**10. Sale Contract Date** 3 / 5 / 2007 (Month / Day / Year)

**11. Date of Sale / Transfer** 3 / 5 / 2007 (Month / Day / Year)

**12. Full Sale Price $** ___ 0
( Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.) Please round to the nearest whole dollar amount.

**13. Indicate the value of personal property included in the sale**

## ASSESSMENT INFORMATION - Data should reflect the latest Final Assessment Roll and Tax Bill

**15. Building Class** C 3

**16. Total Assessed Value** (of all parcels in transfer) 1 4 2 8 0

**17. Borough, Block and Lot / Roll Identifier(s)** ( If more than three, attach sheet with additional identifier(s) )
MANHATTAN 1911 54

## CERTIFICATION

I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and I understand that the making of any wilful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

**BUYER**
PSY Trading Inc
by
BUYER SIGNATURE: Farzaneh Yeroushalmi    DATE: 3/5/07
STREET NUMBER: 683    STREET NAME (AFTER SALE): Middle Neck Rd.
CITY OR TOWN: Great Neck    STATE: N.Y.    ZIP CODE: 11023

**BUYER'S ATTORNEY**
LAST NAME: Pour    FIRST NAME: David
AREA CODE: 516    TELEPHONE NUMBER: 829-1998

**SELLER**
SELLER SIGNATURE: Morad Yeroushalmi    DATE: 3/5/07

2007030100200201

**CERTIFICATION**

I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

PSY Trading Inc

BUYER

BUYER SIGNATURE By Farzaneh Veroushalmi, President    DATE 3/5/07

STREET NUMBER 683    STREET NAME (AFTER SALE) Middle Neck Rd.

CITY OR TOWN Great Neck    STATE NY    ZIP CODE 11023

BUYER'S ATTORNEY

LAST NAME Pour    FIRST NAME Doued

AREA CODE 516    TELEPHONE NUMBER 829/990

SELLER

SELLER SIGNATURE Mojad Veroushalmi    DATE 3/5/07

2007030100200201

Affidavit of Compliance with Smoke Detector Requirement for One and-Two Family Dwellings

# AFFIDAVIT OF COMPLIANCE
## WITH SMOKE DETECTOR REQUIREMENT
## FOR ONE- AND TWO-FAMILY DWELLINGS

State of New York    )
                     ) SS.:
County of Nassau    )

The undersigned, being duly sworn, depose and say under penalty of perjury that they are the grantor and grantee of the real property or of the cooperative shares in a cooperative corporation owning real property located at

| 148  WEST 127TH STREET | | | | |
| Street Address | | | | Unit/Apt. |
| MANHATTAN | New York, | 1911 | 54 | (the "Premises"); |
| Borough | | Block | Lot | |

That the Premises is a one or two family dwelling, or a cooperative apartment or condominium unit in a one- or two-family dwelling, and that installed in the Premises is an approved and operational smoke detecting device in compliance with the provisions of Article 6 of Subchapter 17 of Chapter 1 of Title 27 of the Administrative Code of the City of New York concerning smoke detecting devices;

That they make affidavit in compliance with New York City Administrative Code Section 11-2105 (g). (The signatures of at least one grantor and one grantee are required, and must be notarized).

Morad Yeroushalmi   Farzaneh Yeroushalmi   PSY Trading Inc.   MBH Entertainment LLC
_____Name of Grantor (Type or Print)_____   _____Name of Grantee (Type or Print)_____

_____Signature of Grantor_____   by Farzaneh Yeroushalmi, President   by Morad Yeroushalmi member
_____Signature of Grantee_____

Sworn to before me
this 5 date of March 19 2007

Sworn to before me
this 5TH date of March 19 2007

JEANETTE SOMMO
Notary Public, State of New York
No. 4523349
Qualified in Suffolk County
Commission Expires May 31, 2007

**SEAL**

JEANETTE SOMMO
Notary Public, State of New York
No. 4523349
Qualified in Suffolk County
Commission Expires May 31, 2007

**SEAL**

These statements are made with the knowledge that a willfully false representation is unlawful and is punishable as a crime of perjury under Article 210 of the Penal Law.

**NEW YORK CITY REAL PROPERTY TRANSFER TAX RETURNS FILED ON OR AFTER FEBRUARY 6th, 1990, WITH RESPECT TO THE CONVEYANCE OF A ONE- OR TWO-FAMILY DWELLING, OR A COOPERATIVE APARTMENT OR A CONDOMINIUM UNIT IN A ONE- OR TWO-FAMILY DWELLING, WILL NOT BE ACCEPTED FOR FILING UNLESS ACCOMPANIED BY THIS AFFIDAVIT.**

(1)

2007030100200101

# EXHIBIT G

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2007031800076002002E704A

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 5 |
|---|---|---|

**Document ID:** 2007031800076002    Document Date: 03-05-2007    Preparation Date: 03-19-2007
**Document Type:** DEED
**Document Page Count:** 3

| PRESENTER: | RETURN TO: |
|---|---|
| FIRST AMERICAN TITLE INSURANCE- PICK UP | DAVID POUR & ASSOCIATES, LLP |
| 633 THIRD AVENUE | 10 CUTTER MILL ROAD, SUITE 406 |
| 3001-174355 SH | GREAT NECK, NY 11021 |
| NEW YORK, NY 10017 | |
| 212-850-0670 | |
| CQUARTARARO@FIRSTAM.COM | |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| MANHATTAN | 1911 | 54 | Entire Lot | 148 WEST 127TH STREET |

Property Type: APARTMENT BUILDING

### CROSS REFERENCE DATA

CRFN_____ *or* Document ID_____ *or* _____ Year_____ Reel_____ Page_____ *or* File Number_____

### PARTIES

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| P S Y TRADING, INC. | MORAD YEROUSHALMI |
| 683 MIDDLE NECK ROAD | 683 MIDDLE NECK ROAD |
| GREAT NECK, NY 11023 | GREAT NECK, NY 11023 |

  x  Additional Parties Listed on Continuation Page

### FEES AND TAXES

| Mortgage | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | $ | 165.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | **RECORDED OR FILED IN THE OFFICE** | |
| TASF: | $ | 0.00 | OF THE CITY REGISTER OF THE | |
| MTA: | $ | 0.00 | **CITY OF NEW YORK** | |
| NYCTA: | $ | 0.00 | Recorded/Filed    03-21-2007 09:46 | |
| Additional MRT: | $ | 0.00 | City Register File No.(CRFN): | |
| TOTAL: | $ | 0.00 | **2007000148337** | |
| Recording Fee: | $ | 52.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

*Janette M Hill*

*City Register Official Signature*

**NYC DEPARTMENT OF FINANCE
OFFICE OF THE CITY REGISTER**



2007031800076002002C72CA

| RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION) | | PAGE 2 OF 5 |
|---|---|---|
| Document ID: 2007031800076002 | Document Date: 03-05-2007 | Preparation Date: 03-19-2007 |
| Document Type: DEED | | |

**PARTIES
GRANTOR/SELLER:**
MBM ENTERTAINMENT LLC
683 MIDDLE NECK ROAD
GREAT NECK, NY 11023

**PARTIES
GRANTEE/BUYER:**
FARZANEH YEROUSHALMI
683 MIDDLE NECK ROAD
GREAT NECK, NY 11023

3008 – 174355 Block: 1911 County of New York

**Bargain and Sale Deed, with Covenant Against Grantor's Acts-**
CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT – THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

First American Title Insurance Company of New York
633 Third Avenue
New York, New York 10017
T - (212) 922-9700
F - (212) 922-0831

**THIS INDENTURE,** made the 5 day of March, in the year 2007

**BETWEEN**

**P S Y TRADING, INC. & MBM ENTERTAINMENT LLC**
Having an address at 683 Middle Neck Road, Great Neck, New York 11023

party of the first part, and

**MORAD YEROUSHALMI and FARZANEH YEROUSHALMI**
**"TENANTS IN COMMON"**
Having an address at 683 Middle Neck Road, Great Neck, New York 11023

party of the second part,

**WITNESSETH,** that the party of the first part, in consideration of Ten ($10) Dollars paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the

SEE SCHEDULE "A" ATTACHED HERETO

**BLK: 1911**
**LOT: 54**          SAID PREMISES being more commonly known as and by the Street
                    Address: 148 West 127th Street, New York, New York

This conveyance is made in the regular and ordinary course of business of the party of the first part. Being the same premises conveyed to grantor's herein by deeds dated 10/23/06, recorded, 11/13/06 in CRFN 2006000626448 and CRFN 2006000626456.

**TOGETHER** with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; **TOGETHER** with the appurtenances and all the estate and rights of the party of the first part in and to said premises; **TO HAVE AND TO HOLD** the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

**AND** the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid. **AND** the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose. The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

**IN WITNESS WHEREOF,** the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

P S Y TRADING, INC.

By: Farzaneh Yeroushalmi, President

MBM ENTERTAINMENT LLC

By: Morad Yeroushalmi, Managing Member

## NEW YORK UNIFORM OF ACKNOWLEDGMENT

STATE OF NEW YORK    ]
COUNTY OF _Nassau_    ]ss:

On the 5 day of March, in the year 2007 before me, the undersigned, personally appeared *Morad Yeroushalmi* personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

....................................
Notary Public

JEANETTE SOMMO
Notary Public, State of New York
No. 4823349
Qualified in Suffolk County
Commission Expires May 31, 200_ SEAL

STATE OF NEW YORK    ]
COUNTY OF _Nassau_    ]ss:

On the 5 day of March, in the year 2007 before me, the undersigned, personally appeared *Farzaneh Yeroushalmi* personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

....................................
Notary Public

JEANETTE SOMMO
Notary Public, State of New York
No. 4823349
Qualified in Suffolk County
Commission Expires May 31, 200_ SEAL

3001-17435S

Bargain and Sale Deed
with Covenant Against Grantor's Acts

|  |  |
|---|---|
| Section: |  |
| Block: | 1911 |
| Lot: | 54 |
| County: | New York |

---

P S Y Trading, Inc. & MBM Entertainment LLC

Record & Return to:
**David Pour & Associates, LLP**
**10 Cutter Mill Road, Suite 406**
**Great Neck, New York 11021**

-to-

Yeroushalmi & Yeroushalmi

---

THIS SPACE FOR USE OF RECORDING OFFICE:



*First American Title Insurance Company of New York*

Title No. 3001-174355

## SCHEDULE "A"

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND SITUATE, LYING AND BEING IN THE BOROUGH OF MANHATTAN, CITY, COUNTY AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTHERLY SIDE OF 127TH STREET, DISTANT 228 FEET 6 INCHES EASTERLY FROM THE SOUTHEASTERLY CORNER OF SEVENTH AVENUE AND 127TH STREET;

RUNNING THENCE SOUTHERLY AND PARALLEL WITH SAID AVENUE AND PARTLY THROUGH A PARTY WALL, 99 FEET 11 INCHES TO THE CENTER LINE OF THE BLOCK;

THENCE EASTERLY AND ALONG SAID CENTER LINE, 15 FEET 6 INCHES;

THENCE NORTHERLY AND AGAIN PARALLEL WITH SAID AVENUE, AND PARTLY THROUGH A PARTY WALL, 99 FEET 11 INCHES TO THE SOUTHERLY SIDE OF 127TH STREET;

THENCE WESTERLY ALONG SAID SOUTHERLY SIDE OF 127TH STREET, 15 FEET 6 INCHES TO THE POINT OR PLACE OF BEGINNING.

**THE** policy to be issued under this report will insure the title to such buildings and improvements erected on the premises, which by law constitute real property.

**FOR CONVEYANCING ONLY: TOGETHER** with all the right, title and interest of the party of the first part, of in and to the land lying in the street in front of and adjoining said premises.

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2007031800076002002SBECB

## SUPPORTING DOCUMENT COVER PAGE — PAGE 1 OF 1

**Document ID: 2007031800076002**     Document Date: 03-05-2007     Preparation Date: 03-19-2007
Document Type: DEED

**ASSOCIATED TAX FORM ID: 2007030100168**

**SUPPORTING DOCUMENTS SUBMITTED:**

| | Page Count |
|---|---|
| DEP CUSTOMER REGISTRATION FORM FOR WATER AND SEWER BILLING | 1 |
| RP - 5217 REAL PROPERTY TRANSFER REPORT | 2 |
| SMOKE DETECTOR AFFIDAVIT | 1 |



The City of New York
Department of Environmental Protection
Bureau of Customer Services
59-17 Junction Boulevard
Flushing, NY 11373-5108

**Customer Registration Form for Water and Sewer Billing**

## Property and Owner Information:

(1) Property receiving service is located in the Borough of **MANHATTAN**
Block: **1911**                                    Lot: **54**

(2) Account Number (if applicable):
Meter Number (if available--include the letter):

(3) Street Address of Property Receiving Service:
Street **148 WEST 127TH STREET**          City **NY**          State **NY**   Zip **10027**

(4) Full name, mailing address, home phone and business phone numbers of owner of property receiving service:
(please provide information on owner ONLY; do NOT give information on property manager or tenant):

Owner's Name          Business:

|  | or Individual: | **YEROUSHALMI** | **MORAD** | |
|--|--|--|--|--|
|  |  | (Last Name) | (First Name) | (MI) |

Street **683 MIDDLE NECK ROAD**          City **GREAT NECK**          State **NY**   Zip **11023**
Home Phone(Numbers only):                Business Phone(Numbers only):

## Customer Billing Information:

**PLEASE NOTE:**

A. Water and sewer charges are the legal responsibility of the owner of a property receiving water and/or sewer service. The owner's responsibility to pay such charges is not affected by any lease, license or other arrangement, or any assignment of responsibility for payment of such charges.

B. Water and sewer charges constitute a lien on the property until paid. In addition to legal action against the owner, a failure to pay such charges when due may result in foreclosure of the lien by the City of New York, or the property being placed in a lien sale by the City.

C. Original bills for water and/or sewer service will be mailed to the owner, at the owner's address specified on this form. DEP will provide a duplicate copy of bills to one other party (such as a managing agent) if so requested below, provided, however, that any failure or delay by DEP in providing duplicate copies of bills shall in no way relieve the owner from his/her/its liability to pay all outstanding water and sewer charges.

(5) If you would like a duplicate copy of bills sent to another party, please check here ☐ and fill out the following information:
Name of Party to Receive Duplicate Copies of Bills:

(6) Mailing Address: Street          City          State          Zip

(7) Relationship to Owner (check one):   Managing Agent ☐          Mortgagee ☐
Tenant ☐    Other (please explain):

## Owner's Approval

The undersigned certifies that he/she/it is the owner of the property receiving service referenced above; that he/she/it has read and understands Paragraphs A, B, C under the section captioned "Customer Billing Information"; and that the information supplied by the undersigned on this form is true and complete to the best of his/her/its knowledge.

(8) E-mail:

(9) Name of Owner: *Ps Y Trading , Inc*

(10) Signature: *Yeroushel*
Name and Title of Person Signing for Owner, if applicable: *Farzaneh yeroushalmi*
Date(mm/dd/yyyy): *03 / 05 / 06*

BCS-7CRF Rev. 05/2003                                    **2007030100168101**

**FOR CITY USE ONLY**

C1. County Code |____|____|
C2. Date Deed Recorded |____/____/____|
Month Day Year

C3. Book |_____|    C4. Page |_____|
OR
C5. CRFN |_____|

**REAL PROPERTY TRANSFER REPORT**
STATE OF NEW YORK
STATE BOARD OF REAL PROPERTY SERVICES

# RP - 5217NYC
(Rev 11/2002)

## PROPERTY INFORMATION

**1. Property Location**
148    WEST 127TH STREET
STREET NUMBER    STREET NAME
MANHATTAN    10027
BOROUGH    ZIP CODE

**2. Buyer Name**
YEROUSHALMI    MORAD
LAST NAME / COMPANY    FIRST NAME
YEROUSHALMI    FARZANEH
LAST NAME / COMPANY    FIRST NAME

**3. Tax Billing Address**
Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form)
LAST NAME / COMPANY    FIRST NAME
STREET NUMBER AND STREET NAME    CITY OR TOWN    STATE    ZIP CODE

**4. Indicate the number of Assessment Roll parcels transferred on the deed** |____| 1 # of Parcels OR [ ] Part of a Parcel

4A. Planning Board Approval - N/A for NYC
4B. Agricultural District Notice - N/A for NYC

**5. Deed Property Size** |_____| FRONT FEET X |_____| DEPTH OR |_____| ACRES

Check the boxes below as they apply:
6. Ownership Type is Condominium [ ]
7. New Construction on Vacant Land [ ]

**6. Seller Name**
P S Y TRADING, INC.
LAST NAME / COMPANY    FIRST NAME
MBM ENTERTAINMENT LLC
LAST NAME / COMPANY    FIRST NAME

**8. Check the box below which most accurately describes the use of the property at the time of sale:**

| A [ ] One Family Residential | C [ ] Residential Vacant Land | E [ ] Commercial | G [ ] Entertainment / Amusement | I [ ] Industrial |
| B [ ] 2 or 3 Family Residential | D [ ] Non-Residential Vacant Land | F [✓] Apartment | H [ ] Community Service | J [ ] Public Service |

## SALE INFORMATION

**10. Sale Contract Date** 3 / 5 / 2007
Month Day Year

**11. Date of Sale / Transfer** 3 / 5 / 2007
Month Day Year

**12. Full Sale Price $** |_____| 0

( Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.) Please round to the nearest whole dollar amount.

**13. Indicate the value of personal property included in the sale** |_____|

**14. Check one or more of these conditions as applicable to transfer:**

A [ ] Sale Between Relatives or Former Relatives
B [ ] Sale Between Related Companies or Partners in Business
C [ ] One of the Buyers is also a Seller
D [ ] Buyer or Seller is Government Agency or Lending Institution
E [ ] Deed Type not Warranty or Bargain and Sale (Specify Below)
F [ ] Sale of Fractional or Less than Fee Interest ( Specify Below )
G [ ] Significant Change in Property Between Taxable Status and Sale Dates
H [ ] Sale of Business is Included in Sale Price
I [✓] Other Unusual Factors Affecting Sale Price ( Specify Below )
J [ ] None

## ASSESSMENT INFORMATION - Data should reflect the latest Final Assessment Roll and Tax Bill

**15. Building Class** |C. 3|

**16. Total Assessed Value (of all parcels in transfer)** |____1_,4_,2_8_,0_|

**17. Borough, Block and Lot / Roll Identifier(s) ( if more than three, attach sheet with additional identifier(s) )**

MANHATTAN 1911 54

## CERTIFICATION

I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and I understand that the making of any wilfull false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

**BUYER**
BUYER SIGNATURE    Morad Yeroushalmi    DATE 3/5/07
483 Middleneck Rd.
STREET NUMBER    STREET NAME (AFTER SALE)
Great Neck    NY    11023
CITY OR TOWN    STATE    ZIP CODE

**BUYER'S ATTORNEY**
Pour    Dawed
LAST NAME    FIRST NAME
516 829-1990
AREA CODE    TELEPHONE NUMBER

**SELLER**
SELLER SIGNATURE
PSY Trading, Inc.    DATE 3/5/07
MBM Entertainment LLC
2007030100168201

**CERTIFICATION**

I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

BUYER

BUYER SIGNATURE

DATE   11-15-06

BUYER'S ATTORNEY

LAST NAME   Crowley

FIRST NAME   Bernadette

STREET NUMBER   44   STREET NAME (AFTER SALE)   Maple Street

AREA CODE   718   TELEPHONE NUMBER   428-9180

CITY OR TOWN   Great Neck   STATE   NY   ZIP CODE   11021

SELLER SIGNATURE   MBM Development Buyer, LLC   member   DATE   11-15-06

200611140046820 1

Affidavit of Compliance with Smoke Detector Requirement for One and Two Family Dwellings

# AFFIDAVIT OF COMPLIANCE
## WITH SMOKE DETECTOR REQUIREMENT
## FOR ONE- AND TWO-FAMILY DWELLINGS

State of New York      )
                       ) SS.:
County of *Nassau*

The undersigned, being duly sworn, depose and say under penalty of perjury that they are the grantor and grantee of the real property or of the cooperative shares in a cooperative corporation owning real property located at

| 148  WEST 127TH STREET | | , | , |
|---|---|---|---|
| Street Address | | | Unit/Apt. |
| MANHATTAN | New York, 1911 | 54 | (the "Premises"); |
| Borough | Block | Lot | |

That the Premises is a one or two family dwelling, or a cooperative apartment or condominium unit in a one- or two-family dwelling, and that installed in the Premises is an approved and operational smoke detecting device in compliance with the provisions of Article 6 of Subchapter 17 of Chapter 1 of Title 27 of the Administrative Code of the City of New York concerning smoke detecting devices;

That they make affidavit in compliance with New York City Administrative Code Section 11-2105 (g). (The signatures of at least one grantor and one grantee are required, and must be notarized).

PSY Trading, Inc    MBM Entertainment LLC.    Farzaneh Yeroushalmi    Moraд Yeroushalmi
Name of Grantor (Type or Print)                  Name of Grantee (Type or Print)

by Farzaneh Yeroushalmi Pres.    Signature of Grantor    by Moussa Yeroushalmi    X    Signature of Grantee

Sworn to before me this 5 date of March 19 2007

Sworn to before me this 5 date of March 19 2007

JEANETTE SOMMO
Notary Public, State of New York
No. 4523349
Qualified in Suffolk County
Commission Expires May 31, 2007
SEAL

JEANETTE SOMMO
Notary Public, State of New York
No. 4523349
Qualified in Suffolk County
Commission Expires May 31, 2007
SEAL

These statements are made with the knowledge that a willfully false representation is unlawful and is punishable as a crime of perjury under Article 210 of the Penal Law.

NEW YORK CITY REAL PROPERTY TRANSFER TAX RETURNS FILED ON OR AFTER FEBRUARY 6th, 1990, WITH RESPECT TO THE CONVEYANCE OF A ONE- OR TWO-FAMILY DWELLING, OR A COOPERATIVE APARTMENT OR A CONDOMINIUM UNIT IN A ONE- OR TWO-FAMILY DWELLING, WILL NOT BE ACCEPTED FOR FILING UNLESS ACCOMPANIED BY THIS AFFIDAVIT.

( 1 )

2007030100163101

**New York City Department of Finance**
**Office of the City Register**

HELP
Selecting a help option will open new window

DOCUMENT ID:
2007031800076001

[Main Options]  [Search Results]  [Document Details]  [Show Supporting Documents]  [Show Tax Returns]  [Print Document]

# EXHIBIT H



**2004011300866001001E80EA**

| NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER | |
|---|---|

· NYC DEPARTMENT OF FINANCE
OFFICE OF THE CITY REGISTER

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

## RECORDING AND ENDORSEMENT COVER PAGE — PAGE 1 OF 5

**Document ID: 2004011300866001**  Document Date: 10-29-2003   Preparation Date: 01-13-2004
**Document Type: DEED, OTHER**
**Document Page Count: 3**

| PRESENTER: | RETURN TO: |
|---|---|
| TEAM EXAMINERS | CITY & GUILDS TITLE CO. |
| 193 JORALEMON STREET | 2425 GRAND AVENUE |
| BROOKLYN, NY 11201 | SUITE 201 |
| 718-596-4844 | BALDWIN, NY 11510 |
| CGN-320984-K (CITY & GUILDS) | |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 1972 | 38 | Entire Lot | 187 GATES AVENUE |

**Property Type: DWELLING ONLY - 4 FAMILY**

### CROSS REFERENCE DATA

CRFN_____ **or** Document ID_____ **or** _____ Year_____ Reel _____ Page _____ **or** File Number_____

### PARTIES

| GRANTOR: | GRANTEE: |
|---|---|
| SUBHANA RAHIM | JANINA DAVIS |
| 187 GATES AVENUE | 139 CLINTON AVENUE |
| BROOKLYN, NY 11238 | BROOKLYN, NY 11205 |

x  Additional Parties Listed on Continuation Page

### FEES AND TAXES

| Mortgage | | | Recording Fee: $ | 52.00 |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | Affidavit Fee:  $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax Filing Fee: | |
| Exemption: | | | $ | 50.00 |
| TAXES: | | | NYS Real Estate Transfer Tax: | |
| County (Basic): | $ | 0.00 | $ | 3,400.00 |
| City (Additional): | $ | 0.00 | **RECORDED OR FILED IN THE OFFICE** | |
| Spec (Additional): | $ | 0.00 | **OF THE CITY REGISTER OF THE** | |
| TASF: | $ | 0.00 | **CITY OF NEW YORK** | |
| MTA: | $ | 0.00 | Recorded/Filed        03-09-2004  15:56 | |
| NYCTA: | $ | 0.00 | City Register File No.(CRFN): | |
| TOTAL: | $ | 0.00 | 2004000142039 | |

NYC HPD Affidavit in Lieu of Registration Statement

*Rochelle Patrice*

*City Register Official Signature*

**NYC DEPARTMENT OF FINANCE
OFFICE OF THE CITY REGISTER**



2004011300866001001C826A

| RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION) | PAGE 2 OF 5 |
|---|---|

**Document ID:** 2004011300866001        Document Date: 10-29-2003        Preparation Date: 01-13-2004
**Document Type:** DEED, OTHER

**PARTIES**
**GRANTOR:**
ASWAD AYINDE
187 GATES AVENUE
BROOKLYN, NY 11238

T 689—Standard N Y B T U. Form 8001
Bargain & sale deed, without covenant against grantor's acts Ind or Corp., 11-92
DISTRIBUTED BY Standard Excelsior, Inc.,
PUBLISHER, NYC 10013

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

**THIS INDENTURE,** made on the 29st day y October, 2003

**BETWEEN**

Subhana Rahim and Aswad Ayinde with a mailing address of 187 Gates Avenue Brooklyn. NY 1288

party of the first part, and

Janina Davis, 139 Clinton Avenue, Brooklyn. NY 1205

party of the second part,

**WITNESSETH,** that the party of the first part, in consideration of ten dollars and other valuable consideration paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the

See attached Schedule A-1 (Description)

**TOGETHER** with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

And the party of the first part covenants that the party of the first part has not done anything whereby the said premises have been encumbered in any way AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose. The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

**IN WITNESS WHEREOF,** the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

Subhana A. Ayinde

Subhana Rahim

Aswad Ayinde

State of New York, County of Kings

On October 29, 2003 before me, the undersigned, personally appeared Subhana Ratyin + As wad Aryinde personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

DAPHNE MORALES
Notary Public, State of New York
(signature and office of individual taking acknowledgment)
No. 01MO6095591
Qualified in Kings County
Commission Expires July 14, 2007

ACKNOWLEDGMENT OUTSIDE NEW YORK STATE (RPL 309-b)

**State of**            **County of**            ss.:
On                          before me, the undersigned,
personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in

(insert city or political subdivision and state or country or other place acknowledgment taken)

(signature and office of individual taking acknowledgment)

**Bargain and Sale Deed**
WITHOUT COVENANT AGAINST GRANTOR'S ACTS

TITLE No.

TO

---

**State of**

**County of**

On                          before me, the undersigned,
personally appeared

the subscribing witness(es) to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that he/she/they reside(s) in (if the place of residence is in a city, include the street and street number, if any, thereof);

that he/she/they know(s)

to be the individual(s) described in and who executed the foregoing instrument; that said subscribing witness(es) was (were) present and saw said

execute the same; and that said witness(es) at the same time subscribed his/her/their name(s) as a witness(es) thereto.
( ☐ if taken outside New York State insert city or political subdivision and state or country or other place acknowledgment taken. And that said subscribing witness(es) made such appearance before the undersigned in

_____)

(signature and office of individual taking acknowledgment)

DAPHNE MORALES
Notary Public, State of New York
No. 01MO6095591
Qualified in Kings County
Commission Expires July 14, 2007

SECTION
BLOCK
LOT
COUNTY OR TOWN

RETURN BY MAIL TO:

Zip No.

**Fidelity National Title Insurance Company** of New York

TITLE No.: 01-3706-3761-K



## SCHEDULE A-I *(Description)*



ALL that certain plot, piece or parcel of land situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the northerly side of Gates Avenue, distant 198 feet westerly from the corner formed by the intersection of the northerly side of Gates Avenue with the westerly side of Classon Avenue;

RUNNING THENCE westerly along the northerly side of Gates Avenue, 22 feet;

THENCE northerly parallel with Classon Avenue 89 feet 7 inches more or less, to a point;

THENCE easterly along said land 22 feet 7/8ths of an inch (22 feet 0 ½ inches per survey) to a point where the same would be intersected by a line drawn parallel with Classon Avenue from the place of Beginning;

THENCE southerly along said line parallel with Classon Avenue 88 feet 4 inches, to the northerly side of Gates Avenue at the point or place of BEGINNING.

**SO IN ORIGINAL**

*THE POLICY TO BE ISSUED under this Certificate will insure the title to such buildings and improvements on the premises which by law constitute real property.*

*FOR CONVEYANCING ONLY: Together with all the right, title and interest of the party of the first part, of, in and to the land lying in the street in front of and adjoining said premises.*

HEDULE A-I *(DESCRIPTION)*

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2004011300866001001S4E6B

| SUPPORTING DOCUMENT COVER PAGE | | PAGE 1 OF 1 |
|---|---|---|

**Document ID: 2004011300866001**          Document Date: 10-29-2003          Preparation Date: 01-13-2004
Document Type: DEED, OTHER

**SUPPORTING DOCUMENTS SUBMITTED:**

Page Count

RP - 5217 REAL PROPERTY TRANSFER REPORT          1

**FOR CITY USE ONLY**

C1. County Code [ ]   C2. Date Deed Recorded [ ] / [ ] / [ ]
                                        Month  Day  Year

C3. Book OR [ ]   C4. Page [ ]

C5. CRFN [ ]

**REAL PROPERTY TRANSFER REPORT**
STATE OF NEW YORK
STATE BOARD OF REAL PROPERTY SERVICES
**RP - 5217NYC**
(Rev 11/2002)

**PROPERTY INFORMATION**

1. Property Location  187  Gates  Avenue  Brooklyn
   STREET NUMBER   STREET NAME   BOROUGH   ZIP CODE

2. Buyer Name  Mns    Janina
   LAST NAME / COMPANY   FIRST NAME

   LAST NAME / COMPANY   FIRST NAME

3. Tax Billing Address  Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form)
   LAST NAME / COMPANY   FIRST NAME

   STREET NUMBER AND STREET NAME   CITY OR TOWN   STATE   ZIP CODE

4. Indicate the number of Assessment Roll parcels transferred on the deed [ ] # of Parcels OR [ ] Part of a Parcel

   4A. Planning Board Approval - N/A for NYC
   4B. Agricultural District Notice - N/A for NYC

5. Deed Property Size [ ] X [ ] OR [ ]
   FRONT FEET   DEPTH   ACRES

   Check the boxes below as they apply:
   6. Ownership Type is Condominium [ ]
   7. New Construction on Vacant Land [ ]

8. Seller Name  Rahim    Subhana
   LAST NAME / COMPANY   FIRST NAME
   Ayinde    Aswad
   LAST NAME / COMPANY   FIRST NAME

9. Check the box below which most accurately describes the use of the property at the time of sale:

A [ ] One Family Residential   C [ ] Residential Vacant Land   E [ ] Commercial   G [ ] Entertainment / Amusement   I [ ] Industrial
B [X] 2 or 3 Family Residential   D [ ] Non-Residential Vacant Land   F [ ] Apartment   H [ ] Community Service   J [ ] Public Service

**SALE INFORMATION**

10. Sale Contract Date [ ] / [ ] / [ ]
    Month  Day  Year

11. Date of Sale / Transfer  10 / 29 / 03
    Month  Day  Year

12. Full Sale Price  85,000.00
    ( Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.) Please round to the nearest whole dollar amount.

13. Indicate the value of personal property included in the sale

14. Check one or more of these conditions as applicable to transfer:
A [ ] Sale Between Relatives or Former Relatives
B [ ] Sale Between Related Companies or Partners in Business
C [ ] One of the Buyers is also a Seller
D [ ] Buyer or Seller is Government Agency or Lending Institution
E [ ] Deed Type not Warranty or Bargain and Sale (Specify Below )
F [ ] Sale of Fractional or Less than Fee Interest ( Specify Below )
G [ ] Significant Change in Property Between Taxable Status and Sale Dates
H [ ] Sale of Business is Included in Sale Price
I [ ] Other Unusual Factors Affecting Sale Price ( Specify Below )
J [X] None

**ASSESSMENT INFORMATION - Data should reflect the latest Final Assessment Roll and Tax Bill**

15. Building Class  C3

16. Total Assessed Value (of all parcels in transfer) [ ]

17. Borough, Block and Lot / Roll Identifier(s) ( If more than three, attach sheet with additional identifier(s) )
   Kings   Block: 1972   Lot: 38

**CERTIFICATION** — I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and I understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

BUYER
City of Gubb Asafen
BUYER SIGNATURE   DATE
187  Gates  Avenue
STREET NUMBER   STREET NAME (AFTER SALE)
Brooklyn  NY
CITY OR TOWN   STATE   ZIP CODE

BUYER'S ATTORNEY
Rosenheum  David
LAST NAME   FIRST NAME
5/6  741 - 6300
AREA CODE   TELEPHONE NUMBER
SELLER
City of Gubb Asafen
SELLER SIGNATURE   DATE

# AFFIDAVIT OF COMPLIANCE
## WITH SMOKE DETECTOR REQUIREMENT
## FOR ONE- AND TWO-FAMILY DWELLINGS

State of New York   )
                  ) SS.:
County of   _Kings_  )

The undersigned, being duly sworn, depose and say under penalty of perjury that they are the grantor and grantee of the real property or of the cooperative shares in a cooperative corporation owning real property located at

_187 Gates Ave_

Street Address                                     Unit/Apt.

_Brooklyn_      New York,   _1972_    _38_    (the "Premises");
Borough                                    Block          Lot

That the Premises is a one or two family dwelling, or a cooperative apartment or condominium unit in a one- or two-family dwelling, and that installed in the Premises is an approved and operational smoke detecting device in compliance with the provisions of Article 6 of Subchapter 17 of Chapter 1 of Title 27 of the Administrative Code of the City of New York concerning smoke detecting devices;

That they make affidavit in compliance with New York City Administrative Code Section 11-2105 (g). (The signatures of at least one grantor and one grantee are required, and must be notarized).

_Subliaue Rahim   Asuad Ayinde_           _Janina Davis_
Name of Grantor (Type or Print)                    Name of Grantee (Type or Print)

X _____                    X _____
Signature of Grantor                            Signature of Grantee

Sworn to before me                        Sworn to before me
this _29_ date of _October_ 18 _2003_     this _29_ date of _October_ 18 _2003_

DAPHNE MORALES                  DAPHNE MORALES
Notary Public, State of New York            Notary Public, State of New York
No. 01MO6095591                     No. 01MO6095591
Qualified in Kings County               Qualified in Kings County
Commission Expires July 14, 2007        Commission Expires July 14, 2007

These statements are made with the knowledge that a willfully false representation is unlawful and is punishable as a crime of perjury under Article 210 of the Penal Law.

NEW YORK CITY REAL PROPERTY TRANSFER TAX RETURNS FILED ON OR AFTER FEBRUARY 6th, 1990, WITH RESPECT TO THE CONVEYANCE OF A ONE- OR TWO-FAMILY DWELLING, OR A COOPERATIVE APARTMENT OR A CONDOMINIUM UNIT IN A ONE- OR TWO-FAMILY DWELLING, WILL NOT BE ACCEPTED FOR FILING UNLESS ACCOMPANIED BY THIS AFFIDAVIT.

(1)

# MEMORANDUM

**SUPREME COURT      KINGS COUNTY**
SubHana Rahim
                    Plaintiff,

-against-

Arune Destula (a.k.a. Aswad Ayinde),
Janina Davis, Veronica Villalobos,
Homecomings Financial Network, Inc.
                    Defendants

CIVIL TERM PART 13
DATED: Dec. 13, 2004

BY: H. KRAMER J.

INDEX NO. 31765/04

The following papers have been read on this motion:

| Notice of Motion/Order to Show Cause/ | Papers Numbered |
|---|---|
| Petition/Cross Motion and | |
| Affidavits (Affirmations) (Annexed)_____ | _____ |
| Opposing Affidavits (Affirmations) _____ _____ | _____ |
| Reply Affidavits (Affirmations) _____ | _____ |
| _____(Affirmation) _____ | _____ |
| Other Papers _____ | _____ |

Plaintiff's motion for a stay of the sale of property located at 187 Gates Avenue in Brooklyn is granted to the extent that a hearing is to be conducted before this Court on January 3, 2005 in the Courthouse, 360 Adams Street, room 441. At that time all affected parties are to be present. In their absence this Court will treat them as missing witnesses and draw unfavorable inferences therefrom.

Pending this hearing, the temporary stay ordered in the Order to Show Cause is continued only with respect to the following:

No proceeding may be commenced to evict plaintiff from her apartment.

If there are any physical deficiencies in the apartment currently occupied by the plaintiff, defendant may seek relief in Civil Court to correct those deficiencies. Defendant may pursue this relief only with respect to actual damage to the apartment, but not with regard to unsafe conditions.

The transfer of this property is stayed, but the property may be refinanced by the defendant, Janina Davis.

Defendant or her agents may not enter the apartment occupied by the plaintiff except with respect to that entry which may be necessitated by an order issued by the Civil Court with respect to correcting damages to the apartment.

No chattels may be removed from the premises.

As to the defendant Homecomings Financial Network, Inc., the holder of the mortgage on this premises, its successors and assigns, it is not precluded from commencing any proceedings with respect to this property that it may deem advisable or necessary.

This constitutes the decision and order of the Court.

J.S.C.

HON. JUSTICE HERBERT KRAMER

2



**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

2005092001835001001E6FCE

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 4 |
|---|---|---|
| Document ID: 2005092001835001 | Document Date: 05-06-2005 | Preparation Date: 09-20-2005 |
| Document Type: DEED | | |
| Document Page Count: 3 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| IMPERIAL ABSTRACT, IMA4008 | DAVID POUR & ASSOCIATES, LLC |
| AS AGENT FOR COMMONWEALTH LAND | 10 CUTTERMILL ROAD |
| TITLE INSURANCE CO. | SUITE 406 |
| 441 ROUTE 306- (HOLD-FOR-PICKUP) | GREAT NECK, NY 11021 |
| MONSEY, NY 10952 | |
| 845-362-6410 | |

## PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 1972 | 38 | Entire Lot | 187 GATES AVENUE |
| | Property Type: DWELLING ONLY - 3 FAMILY | | | |

## CROSS REFERENCE DATA

CRFN_____ *or* Document ID_____ *or* _____ Year_____ Reel _____ Page _____ *or* File Number_____

## PARTIES

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| JANINA DAVIS | MBM DEVELOPMENT LLC |
| 139 CLINTON AVENUE | 683 MIDDLE NECK ROAD |
| BROOKLYN, NY 11205 | GREAT NECK, NY 11023 |

## FEES AND TAXES

| Mortgage | | Recording Fee: $ | 52.00 |
|---|---|---|---|
| Mortgage Amount: | $ 0.00 | Affidavit Fee: $ | 0.00 |
| Taxable Mortgage Amount: | $ 0.00 | NYC Real Property Transfer Tax Filing Fee: | |
| Exemption: | | $ | 75.00 |
| TAXES: County (Basic): | $ 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ 0.00 | $ | 0.00 |
| Spec (Additional): | $ 0.00 | **RECORDED OR FILED IN THE OFFICE** | |
| TASF: | $ 0.00 | **OF THE CITY REGISTER OF THE** | |
| MTA: | $ 0.00 | **CITY OF NEW YORK** | |
| NYCTA: | $ 0.00 | Recorded/Filed  10-05-2005 10:58 | |
| Additional MRT: | $ 0.00 | City Register File No.(CRFN): | |
| TOTAL: | $ 0.00 | **2005000556223** | |

NYC HPD Preliminary Residential Property Transfer Form

*City Register Official Signature*

Bargain and Sale Deed, with Covenant Against Grantor's Acts-
CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT – THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

**THIS INDENTURE,** made the 6th day of May, in the year 2005

**BETWEEN**

**JANINA DAVIS,**
With address at 139 Clinton Avenue, Brooklyn, New York 11205

party of the first part, and

**MBM DEVELOPMENT LLC**
With offices at 683 Middle Neck Road, Great Neck, New York 11023,

**WITNESSETH,** that the party of the first part, in consideration of Ten ($10) Dollars paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the

<u>SEE SCHEDULE "A" ATTACHED HERETO</u>

**SECTION:**
**BLK: 1972**
**LOT: 38**          SAID PREMISES being more commonly known as and by the Street Address: 187 Gates Avenue, Brooklyn, New York. Being the same premises described in the deed to the parties of the first part herein by deed, dated 10/29/03 recorded in CRFN #20040000142039.

**TOGETHER** with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; **TOGETHER** with the appurtenances and all the estate and rights of the party of the first part in and to said premises; **TO HAVE AND TO HOLD** the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

**AND** the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid. **AND** the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose. The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

**IN WITNESS WHEREOF,** the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

JANINA DAVIS

## SCHEDULE A

## DESCRIPTION

### Title Number:  FUT-03820-K

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the northerly side of Gates Avenue, distant 198 feet westerly from the corner formed by the intersection of the northerly side of Gates Avenue with the westerly side of Classon Avenue;

RUNNING THENCE westerly along the northerly side of Gates Avenue, 22 feet;

THENCE northerly parallel with Classon Avenue, 89 feet 7 inches more or less to a point;

THENCE easterly along said land 22 feet 7/8ths of an inch (22 feet 0 1/2 inches per survey) to a point where the same would be intersected by a line drawn parallel with Classon Avenue from the place of beginning;

THENCE southerly along said line parallel with Classon Avenue 88 feet 4 inches to the northerly side of Gates Avenue at the point or place of BEGINNING.

## NEW YORK UNIFORM OF ACKNOWLEDGMENT

**STATE OF NEW YORK**    ]
**COUNTY OF** Nassau    ]ss:

On the 6th day of May, in the year 2005 before me, the undersigned, personally appeared *Janina Davis*, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

..........................................
Notary Public

DAVID E. POUR
Notary Public, State of New York
No. 02PO6016909
Qualified in the County of Nassau
Commission Expires February 25, 2007

**STATE OF**    ]
**COUNTY OF**    ]

On the        day of            in the year 2005 before me, the undersigned, personally appeared            , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person on behalf of which the individual(s) acted, executed the instrument.

..........................................
Notary Public

Bargain and Sale Deed
with Covenant Against Grantor's Acts

Section:
Block:    1972
Lot:    38
County:    Brooklyn

Record & Return to:

| | |
|---|---|
| JANINA DAVIS | DAVID POUR & ASSOCIATES, LLC. |
| | 10 CUTTERMILL ROAD |
| | SUITE 406 |
| -to- | GREAT NECK, NEW YORK 11021 |
| MBM DEVELOPMENT LLC | |

THIS SPACE FOR USE OF RECORDING OFFICE:

| NYC DEPARTMENT OF FINANCE<br>OFFICE OF THE CITY REGISTER |  |
|---|---|

2005092001835001001SA14F

| SUPPORTING DOCUMENT COVER PAGE | | PAGE 1 OF 1 |
|---|---|---|
| Document ID: 2005092001835001<br>Document Type: DEED | Document Date: 05-06-2005 | Preparation Date: 09-20-2005 |

**ASSOCIATED TAX FORM ID: 2005092000353**

**SUPPORTING DOCUMENTS SUBMITTED:**

Page Count

RP - 5217 REAL PROPERTY TRANSFER REPORT

1

**FOR CITY USE ONLY**

C1. County Code |_____|

C2. Date Deed Recorded |____|____|____| Month Day Year

C3. Book OR |_____|    C4. Page |_____|

C5. CRFN |_____|

**REAL PROPERTY TRANSFER REPORT**
STATE OF NEW YORK
STATE BOARD OF REAL PROPERTY SERVICES

**RP - 5217NYC**
(Rev 11/2002)

## PROPERTY INFORMATION

**1. Property Location** 187 GATES AVENUE
STREET NUMBER    STREET NAME    BROOKLYN    11238
BOROUGH    ZIP CODE

**2. Buyer Name** MBM DEVELOPMENT LLC
LAST NAME · COMPANY    FIRST NAME

LAST NAME · COMPANY    FIRST NAME

**3. Tax Billing Address** Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form)
LAST NAME / COMPANY    FIRST NAME

STREET NUMBER AND STREET NAME    CITY OR TOWN    STATE    ZIP CODE

**4. Indicate the number of Assessment Roll parcels transferred on the deed** |_____| 1 # of Parcels OR |__| Part of a Parcel

4A. Planning Board Approval - N/A for NYC
4B. Agricultural District Notice - N/A for NYC

**5. Deed Property Size** 22 FRONT FEET x 89 DEPTH OR |_____| ACRES

Check the boxes below as they apply:
6. Ownership Type is Condominium |__|
7. New Construction on Vacant Land |__|

**6. Seller Name** DAVIS    JANINA
LAST NAME / COMPANY    FIRST NAME

LAST NAME / COMPANY    FIRST NAME

**9. Check the box below which most accurately describes the use of the property at the time of sale:**

A |__| One Family Residential
B |✓| 2 or 3 Family Residential
C |__| Residential Vacant Land
D |__| Non-Residential Vacant Land
E |__| Commercial
F |__| Apartment
G |__| Entertainment / Amusement
H |__| Community Service
I |__| Industrial
J |__| Public Service

## SALE INFORMATION

**10. Sale Contract Date** 5 / 6 / 2005
Month Day Year

**11. Date of Sale / Transfer** 5 / 6 / 2005
Month Day Year

**12. Full Sale Price** $ _____

( Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.) Please round to the nearest whole dollar amount.

**13. Indicate the value of personal property included in the sale** _____

**14. Check one or more of these conditions as applicable to transfer:**

A |__| Sale Between Relatives or Former Relatives
B |__| Sale Between Related Companies or Partners in Business
C |__| One of the Buyers is also a Seller
D |__| Buyer or Seller is Government Agency or Lending Institution
E |__| Deed Type not Warranty or Bargain and Sale (Specify Below )
F |__| Sale of Fractional or Less than Fee Interest ( Specify Below )
G |__| Significant Change in Property Between Taxable Status and Sale Dates
H |__| Sale of Business is Included in Sale Price
I |✓| Other Unusual Factors Affecting Sale Price ( Specify Below )
J |__| None

*Transfer as a mere change in form of ownership*

## ASSESSMENT INFORMATION - Data should reflect the latest Final Assessment Roll and Tax Bill

**15. Building Class** C, 0    **16. Total Assessed Value (of all parcels in transfer)** 2 3 4 5 0

**17. Borough, Block and Lot / Roll Identifier(s)** ( If more than three, attach sheet with additional Identifier(s) )

BROOKLYN 1972 38

## CERTIFICATION

I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and I understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

**BUYER**

BUYER SIGNATURE    mba    5-6-05
DATE

180    Gates Avenue
STREET NUMBER    STREET NAME (AFTER SALE)

Brooklyn    N Y    11238
CITY OR TOWN    STATE    ZIP CODE

**BUYER'S ATTORNEY**

LAST NAME    FIRST NAME

AREA CODE    TELEPHONE NUMBER

**SELLER**

SELLER SIGNATURE    5-6-05
DATE

200505060468201



**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

2006112700137001001E44A9

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 4 |
|---|---|

**Document ID: 2006112700137001**  Document Date: 11-15-2006   Preparation Date: 11-27-2006
Document Type: DEED
Document Page Count: 2

| PRESENTER: | RETURN TO: |
|---|---|
| FIRST AMERICAN TITLE INSURANCE- PICK UP | ROSSI & CROWLEY, LLP |
| 633 THIRD AVENUE | 42-24 235TH STREET |
| 3001-161926 SH | DOUGLASTON, NY 11363 |
| NEW YORK, NY 10017 | |
| 212-850-0670 | |
| CQUARTARARO@FIRSTAM.COM | |

**PROPERTY DATA**

**Borough**  **Block Lot**      Unit   **Address**
BROOKLYN     1972  38   Entire Lot   187 GATES AVENUE
          **Property Type:** DWELLING ONLY - 3 FAMILY

**CROSS REFERENCE DATA**

CRFN _____ *or* Document ID_____ *or* _____ Year _____ Reel _____ Page _____ *or* File Number_____

**PARTIES**

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| MBM DEVELOPMENT, LLC | MORAD YEROUSHALMI |
| 683 MIDDLE NECK ROAD | 683 MIDDLE NECK ROAD |
| GREAT NECK, NY 11023 | GREAT NECK, NY 11023 |

 x  Additional Parties Listed on Continuation Page

**FEES AND TAXES**

| Mortgage | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ 75.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | $ 0.00 | |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | $ 0.00 | |
| Spec (Additional): | $ | 0.00 | **RECORDED OR FILED IN THE OFFICE** | |
| TASF: | $ | 0.00 | **OF THE CITY REGISTER OF THE** | |
| MTA: | $ | 0.00 | **CITY OF NEW YORK** | |
| NYCTA: | $ | 0.00 | Recorded/Filed    11-28-2006 15:15 | |
| Additional MRT: | $ | 0.00 | City Register File No.(CRFN): | |
| TOTAL: | $ | 0.00 | 2006000656899 | |
| Recording Fee: | $ | 47.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

*Annette M. Hill*

*City Register Official Signature*

| NYC DEPARTMENT OF FINANCE<br>OFFICE OF THE CITY REGISTER | <br>2006112700137001001C4629 |
|---|---|

| RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION) | | PAGE 2 OF 4 |
|---|---|---|
| Document ID: 2006112700137001 | Document Date: 11-15-2006 | Preparation Date: 11-27-2006 |
| Document Type: DEED | | |

**PARTIES**
**GRANTEE/BUYER:**
FARZANEH YEROUSHALMI
683 MIDDLE NECK ROAD
GREAT NECK, NY 11023

T 69 1 — Standard N Y B T F - Form 8002 Bargain & sale deed, with covenant against grantor's acts—Ind. or Corp.: single sheet, 11-90

DISTRIBUTED BY BlumbergExcelsior, Inc.
NYC 10013

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT – THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY

**THIS INDENTURE,** made on November 15, 2006

**BETWEEN**

MBM DEVELOPMENT, LLC
683 Middle Neck Road, Great Neck, N.Y. 11023

party of the first part, and

MORAD YEROUSHALMI and FARZANEH YEROUSHALMI
683 Middle Neck Road, Great Neck, N.Y. 11023

party of the second part,

**WITNESSETH,** that the party of the first part, in consideration of Ten Dollars and other valuable consideration paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the

Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the Northerly side of Gates Avenue, distant 198 feet Westerly from the corner formed by the intersection of the Northerly side of Gates Avenue with the Westerly side of Classon Avenue;

RUNNING THENCE Westerly along the Northerly side of Gates Avenue, 22 feet;

THENCE Northerly parallel with Classon Avenue, 89 feet 7 inches more or less to a point;

THENCE easterly along said land 22 feet 7/8ths of an inch (22 feet 0 ½ inches per survey) to a point where the same would be intersected by a line drawn parallel with Classon Avenue from the place of BEGINNING;

THENCE Southerly along said line parallel with Classon Avenue 88 feet 4 inches to the Northerly side of Gates Avenue at the point or place of BEGINNING.

Property known as and by street number 187 Gates Avenue, Brooklyn, N.Y.

Being the same premises conveyed to the parties of the first part herein by deed recorded on 10/5/2005 as 2005000556223.

TOGETHER with all right, title and interest, if any, of the parts of the first part in and to any streets and roads abutting the above described premises to the center lines thereof: TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises: TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.
AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose. The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

**IN WITNESS WHEREOF,** the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

MBM DEVELOPMENT, LLC
By: Farzaneh Yeroushalmi, Managing Member

Case 1:12-cv-04167-SMG-RER Document 1-2 Filed 08/21/13 Page 116 of 177 PageID #: 116

ACKNOWLEDGMENT IN NEW YORK STATE (RPL 309-a)

On November 15, 2006 before me, the undersigned, personally appeared Farzaneh Yeroushalmi

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

*(signature and office of individual taking acknowledgment)*

NOTARY PUBLIC

ACKNOWLEDGMENT OUTSIDE NEW YORK STATE (RPL 309-b)

State of ___ County of ___ ss.:

On ___ before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in

*(insert city or political subdivision and state or country or other place acknowledgment taken)*

*(signature and office of individual taking acknowledgment)*

**Bargain and Sale Deed**
WITH COVENANT AGAINST GRANTOR'S ACTS

TITLE No. ___

MBM DEVELOPMEMT, LLC

TO

MORAD YEROUSHALMI and FARZANEH YEROUSHALMI

---

ACKNOWLEDGMENT BY SUBSCRIBING WITNESS(ES)

County of ___ ss.:

On ___ before me, the undersigned, personally appeared

the subscribing witness(es) to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that he/she/they reside(s) in (*if the place of residence is in a city, include the street and street number.*)

DENISE RIEGEL SAVARESE
Notary Public, State of New York
No. 01SA4626956
Qualified in Nassau County
Certificate Filed in New York County
Commission Expires April 30, 2010

that he/she/they know(s)

SEAL

to be the individual(s) described in and who executed the foregoing instrument; that said subscribing witness(es) was (were) present and saw said

execute the same; and that said witness(es) at the same time subscribed his/her/their name(s) as a witness(es) thereto.

( ☐ *if taken outside New York State insert city or political subdivision and state or country or other place acknowledgment taken* And that said subscribing witness(es) made such appearance before the undersigned in

_____ )

*(signature and office of individual taking acknowledgment)*

SECTION
BLOCK 1972
LOT 38
COUNTY OR TOWN Kings

**RETURN BY MAIL TO:**

Rossi & Crowley, LLP
42-24 235th Street
Douglaston, N.Y. 11363

Zip No.

Reserve this space for use of Recording Officer.

| NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER |  |
|---|---|

2006112700137001001S8A28

## SUPPORTING DOCUMENT COVER PAGE

**PAGE 1 OF 1**

| Document ID: 2006112700137001 | Document Date: 11-15-2006 | Preparation Date: 11-27-2006 |
|---|---|---|
| Document Type: DEED | | |

**ASSOCIATED TAX FORM ID: 2006111400468**

**SUPPORTING DOCUMENTS SUBMITTED:**

|  | Page Count |
|---|---|
| DEP CUSTOMER REGISTRATION FORM FOR WATER AND SEWER BILLING | 1 |
| RP - 5217 REAL PROPERTY TRANSFER REPORT | 2 |
| SMOKE DETECTOR AFFIDAVIT | 1 |



The City of New York
Department of Environmental Protection
Bureau of Customer Services
59-17 Junction Boulevard
Flushing, NY 11373-5108

www.nyc.gov/dep

### Customer Registration Form for Water and Sewer Billing

## Property and Owner Information:

(1) Property receiving service is located in the Borough of **BROOKLYN**
Block: **1972**                                    Lot: **38**

(2) Account Number (if applicable):
Meter Number (if available–include the letter):

(3) Street Address of Property Receiving Service:
Street **187 GATES AVENUE**                    City **NY**        State   **NY**   Zip **11238**

(4) Full name, mailing address, home phone and business phone numbers of owner of property receiving service:
(please provide information on owner ONLY; do NOT give information on property manager or tenant):

| Owner's Name | Business: | | |
|---|---|---|---|
| | or Individual: | **YEROUSHALMI** | **MORAD** |
| | | (Last Name) | (First Name) | (MI) |

Street **683 MIDDLE NECK ROAD**                City **GREAT NECK**   State **NY**   Zip **11023**
Home Phone(Numbers only):                      Business Phone(Numbers only):

## Customer Billing Information:

**PLEASE NOTE:**

**A.** Water and sewer charges are the legal responsibility of the owner of a property receiving water and/or sewer service. The owner's responsibility to pay such charges is not affected by any lease, license or other arrangement, or any assignment of responsibility for payment of such charges.

**B.** Water and sewer charges constitute a lien on the property until paid. In addition to legal action against the owner, a failure to pay such charges when due may result in foreclosure of the lien by the City of New York, or the property being placed in a lien sale by the City.

**C.** Original bills for water and/or sewer service will be mailed to the owner, at the owner's address specified on this form. DEP will provide a duplicate copy of bills to one other party (such as a managing agent) if so requested below, provided, however, that any failure or delay by DEP in providing duplicate copies of bills shall in no way relieve the owner from his/her/its liability to pay all outstanding water and sewer charges.

(5) If you would like a duplicate copy of bills sent to another party, please check here ☐ and fill out the following information:
Name of Party to Receive Duplicate Copies of Bills:

(6) Mailing Address: Street                          City                    State          Zip

(7) Relationship to Owner (check one):  Managing Agent ☐              Mortgagee ☐
                                         Tenant ☐    Other (please explain):

## Owner's Approval

The undersigned certifies that he/she/it is the owner of the property receiving service referenced above; that he/she/it has read and understands Paragraphs A, B, C under the section captioned "Customer Billing Information"; and that the information supplied by the undersigned on this form is true and complete to the best of his/her/its knowledge.

(8) Owner's EIN or SSN(Numbers only):

(9) Name of Owner: Farzaneh Yeroushalmi y Morad Yeroushalmi

(10) Signature:
Name and Title of Person Signing for Owner, if applicable:
Date(mm/dd/yyyy): **11 / 15 / 2006**

**FOR CITY USE ONLY**

C1. County Code | C2. Date Deed Recorded | Month | Day | Year

C3. Book OR

C4. Page

C5. CRFN

**REAL PROPERTY TRANSFER REPORT**

STATE OF NEW YORK
STATE BOARD OF REAL PROPERTY SERVICES

**RP - 5217NYC**

(Rev 1/2003)

## PROPERTY INFORMATION

**1. Property Location** | 187 | GATES AVENUE | BROOKLYN | 11238
STREET NUMBER | STREET NAME | BOROUGH | ZIP CODE

**2. Buyer Name** | YEROUSHALMI | MORAD
LAST NAME / COMPANY | FIRST NAME
YEROUSHALMI | FARZANEH
LAST NAME / COMPANY | FIRST NAME

**3. Tax Billing Address** | Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form) |
LAST NAME / COMPANY | FIRST NAME
STREET NUMBER AND STREET NAME | CITY OR TOWN | STATE | ZIP CODE

**4. Indicate the number of Assessment Roll parcels transferred on the deed** | 1 | # of Parcels OR | Part of a Parcel

4A. Planning Board Approval - N/A for NYC
4B. Agricultural District Notice - N/A for NYC

**5. Deed Property Size** | | X | | OR |
FRONT FEET | DEPTH | ACRES

Check the boxes below as they apply:
6. Ownership Type is Condominium
7. New Construction on Vacant Land

**6. Seller Name** | MBM DEVELOPMENT, LLC
LAST NAME / COMPANY | FIRST NAME
LAST NAME / COMPANY | FIRST NAME

**8. Check the box below which most accurately describes the use of the property at the time of sale:**

A ☐ One Family Residential
B ☑ 2 or 3 Family Residential
C ☐ Residential Vacant Land
D ☐ Non-Residential Vacant Land
E ☐ Commercial
F ☐ Apartment
G ☐ Entertainment / Amusement
H ☐ Community Service
I ☐ Industrial
J ☐ Public Service

## SALE INFORMATION

**10. Sale Contract Date** | 11 / 15 / 2006
Month / Day / Year

**11. Date of Sale / Transfer** | 11 / 15 / 2006
Month / Day / Year

**12. Full Sale Price $** | 0

( Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.) *Please round to the nearest whole dollar amount.*

**13. Indicate the value of personal property included in the sale**

**14. Check one or more of these conditions as applicable to transfer:**

A ☐ Sale Between Relatives or Former Relatives
B ☐ Sale Between Related Companies or Partners in Business
C ☐ One of the Buyers is also a Seller
D ☐ Buyer or Seller is Government Agency or Lending Institution
E ☐ Deed Type not Warranty or Bargain and Sale (Specify Below)
F ☐ Sale of Fractional or Less than Fee Interest ( Specify Below )
G ☐ Significant Change in Property Between Taxable Status and Sale Dates
H ☐ Sale of Business is Included in Sale Price
I ☐ Other Unusual Factors Affecting Sale Price ( Specify Below )
J ☑ None

## ASSESSMENT INFORMATION - Data should reflect the latest Final Assessment Roll and Tax Bill

**15. Building Class** | C 0

**16. Total Assessed Value** (of all parcels in transfer) | 2 6 3 4 8

**17. Borough, Block and Lot / Roll Identifier(s)** ( If more than three, attach sheet with additional identifier(s) )

BROOKLYN 1972 38

## CERTIFICATION

I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and I understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

**BUYER**

BUYER SIGNATURE | DATE 11-15-06
44 Maple Street
STREET NUMBER | STREET NAME (AFTER SALE)
Great Neck, | NY, 11021
CITY OR TOWN | STATE | ZIP CODE

**BUYER'S ATTORNEY**

Crowley | Bernadette
LAST NAME | FIRST NAME
718 | 428-9180
AREA CODE | TELEPHONE NUMBER

MBM Development, LLC
By: Morad Yeroushalmi | 11-15-06
SELLER SIGNATURE | DATE
Member

200611140046201

| CERTIFICATION | I certify that all of the items or information entered on this form are true and correct (to the best of my knowledge and belief) and understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments. |
|---|---|

| | BUYER | | | | | BUYER'S ATTORNEY | |
|---|---|---|---|---|---|---|---|
| BUYER SIGNATURE | | 11-15-06 DATE | | LAST NAME Crowley | | FIRST NAME Bernadette | |
| STREET NUMBER 44 | STREET NAME (AFTER SALE) Maple Street | | | AREA CODE 718 | TELEPHONE NUMBER 428-9180 | | |
| CITY OR TOWN Great Neck | STATE NY | ZIP CODE 11021 | | SELLER NAME MBM Development, LLC  SELLER SIGNATURE  member | | | | DATE 11-15-06 |

2006111400468201

# AFFIDAVIT OF COMPLIANCE
# WITH SMOKE DETECTOR REQUIREMENT
# FOR ONE- AND TWO-FAMILY DWELLINGS

State of New York    )
                     ) SS.:
County of New York   )

The undersigned, being duly sworn, depose and say under penalty of perjury that they are the grantor and grantee of the real property or of the cooperative shares in a cooperative corporation owning real property located at

| 187 GATES AVENUE | | | | |
|---|---|---|---|---|
| Street Address | | | | Unit/Apt. |
| BROOKLYN | New York, | 1972 | 38 | (the "Premises"); |
| Borough | | Block | Lot | |

That the Premises is a one or two family dwelling, or a cooperative apartment or condominium unit in a one- or two-family dwelling, and that installed in the Premises is an approved and operational smoke detecting device in compliance with the provisions of Article 6 of Subchapter 17 of Chapter 1 of Title 27 of the Administrative Code of the City of New York concerning smoke detecting devices;

That they make affidavit in compliance with New York City Administrative Code Section 11-2105 (g). (The signatures of at least one grantor and one grantee are required, and must be notarized).

MBM Development LLC Farzaneh Yerushi
Name of Grantor (Type or Print)

Farzaneh Yerushi
Name of Grantee (Type or Print)

Signature of Grantor

Signature of Grantee

Sworn to before me
this 15 date of November 2006
DENISE RIEGEL SAVARESE
Notary Public, State of New York
No. 01SA4826955
Qualified in Nassau County
Certificate Filed in New York County
Commission Expires April 30, 2010

Sworn to before me
this 15 date of November 2006
DENISE RIEGEL SAVARESE
Notary Public, State of New York
No. 01SA4826955
Qualified in Nassau County
Certificate Filed in New York County
Commission Expires April 30, 2010

These statements are made with the knowledge that a willfully false representation is unlawful and is punishable as a crime of perjury under Article 210 of the Penal Law.

**NEW YORK CITY REAL PROPERTY TRANSFER TAX RETURNS FILED ON OR AFTER FEBRUARY 6th, 1990, WITH RESPECT TO THE CONVEYANCE OF A ONE- OR TWO-FAMILY DWELLING, OR A COOPERATIVE APARTMENT OR A CONDOMINIUM UNIT IN A ONE- OR TWO-FAMILY DWELLING, WILL NOT BE ACCEPTED FOR FILING UNLESS ACCOMPANIED BY THIS AFFIDAVIT.**

1

2006111400468101



**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

2006122101317001001ED55F

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 4 |
|---|---|

**Document ID: 2006122101317001**   Document Date: 11-15-2006   Preparation Date: 12-21-2006
**Document Type: DEED**
**Document Page Count: 2**

| PRESENTER: | RETURN TO: |
|---|---|
| BIG APPLE ABSTRACT CORP.--PICK UP R11443 (RS) | ROSSI & CROWLEY |
| 42-40 BELL BOULEVARD | 42-24 235 STREET |
| BAYSIDE, NY 11361 | DOUGLASTON, NY 11363 |
| 718-428-6100 | |

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 1972 | 38 | Entire Lot | 187 GATES AVENUE |

Property Type: DWELLING ONLY - 3 FAMILY

**CROSS REFERENCE DATA**

CRFN_____ *or* Document ID_____ *or* _____ Year_____ Reel_____ Page_____ *or* File Number_____

**PARTIES**

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| MORAD YEROUSHALMI | MBM DEVELOPMENT, LLC |
| 683 MIDDLE NECK ROAD | 683 MIDDLE NECK ROAD |
| GREAT NECK, NY 11363 | GREAT NECK, NY 11023 |

x  Additional Parties Listed on Continuation Page

**FEES AND TAXES**

| Mortgage | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | $ | 75.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | **RECORDED OR FILED IN THE OFFICE** | |
| TASF: | $ | 0.00 | **OF THE CITY REGISTER OF THE** | |
| MTA: | $ | 0.00 | **CITY OF NEW YORK** | |
| NYCTA: | $ | 0.00 | Recorded/Filed        01-04-2007 14:29 | |
| Additional MRT: | $ | 0.00 | City Register File No.(CRFN): | |
| TOTAL: | $ | 0.00 | **2007000006202** | |
| Recording Fee: | $ | 47.00 | | |
| Affidavit Fee: | $ | 0.00 | *Annette M Hill* | |

*City Register Official Signature*

| NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER |  |
|---|---|

2006122101317001001CD7DF

**RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION)**     **PAGE 2 OF 4**

**Document ID: 2006122101317001**     Document Date: 11-15-2006     Preparation Date: 12-21-2006
Document Type: DEED

**PARTIES**
**GRANTOR/SELLER:**
FARZANEH YEROUSHALMI
683 MIDDLE NECK ROAD
GREAT NECK, NY 11023

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

**THIS INDENTURE,** made on *November 15, 2006*

**BETWEEN**

MORAD YEROUSHALMI and FARZANEH YEROUSHALMI
683 Middle Neck Road, Great Neck, N.Y. 11023

party of the first part, and

MBM DEVELOPMENT, LLC
683 Middle Neck Road, Great Neck, N.Y. 11023

party of the second part,

**WITNESSETH,** that the party of the first part, in consideration of ten dollars and other valuable consideration paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the

Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the Northerly side of Gates Avenue, distant 198 feet Westerly from the corner formed by the intersection of the Northerly side of Gates Avenue with the Westerly side of Classon Avenue;

RUNNING THENCE Westerly along the Northerly side of Gates Avenue, 22 feet;

THENCE Northerly parallel with Classon Avenue, 89 feet 7 inches more or less to a point;

THENCE easterly along said land 22 feet 7/8ths of an inch (22 feet 0 ½ inches per survey) to a point where the same would be intersected by a line drawn parallel with Classon Avenue from the place of BEGINNING;

THENCE Southerly along said line parallel with Classon Avenue 88 feet 4 inches to the Northerly side of Gates Avenue at the point or place of BEGINNING.

Property known as and by street number 187 Gates Avenue, Brooklyn, N.Y.

Being the same premises conveyed to the parties of the first part herein by deed dated November 15, 2006 and recorded on ___11/28/06___ as CRFN No.: 2006000656899

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose. The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

**IN WITNESS WHEREOF,** the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

FARZANEH YEROUSHALMI

MORAD YEROUSHALMI

On         before me, the undersigned, a Notary
Public in and for said State, personally appeared
**Morad Yeroushalmi and Farzaneh Yeroushalmi**

personally known to me or proved to me on the basis of satisfacto-
ry evidence to be the individual(s) whose name(s) is (are) sub-
scribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their capacity(ies), and
that by his/her/their signature(s) on the instrument, the individ-
ual(s), or the person upon behalf of which the individual(s) acted,
executed the instrument.

*(signature and office of person taking acknowledgment)*

NOTARY PUBLIC

REPHAD__ M __
Not__ Public, State of N.__ York
No. 02CR50__136
Qual__ __ty
Commission __ __ 5.__9__

**State of New York County of**         **ss.:**

On         before me, the undersigned, a Notary
Public in and for said State, personally appeared

personally known to me or proved to me on the basis of satisfacto-
ry evidence to be the individual(s) whose name(s) is (are) sub-
scribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their capacity(ies), and
that by his/her/their signature(s) on the instrument, the individ-
ual(s), or the person upon behalf of which the individual(s) acted,
executed the instrument.

*(signature and office of person taking acknowledgment)*

---

On         before me, the undersigned, a Notary
Public in and for said State, personally appeared

the subscribing witness(es) to the foregoing instrument, with whom
I am personally acquainted, who, being by me duly sworn, did
depose and say that he/she/they reside(s) in *(if the place of resi-
dence is in a city, include the street and street number, if any, thereof);*

that he/she/they know(s)

to be the individual(s) described in and who executed the foregoing
instrument; that said subscribing witness(es) was (were) present
and saw said

execute the same; and that said witness(es) at the same time sub-
scribed his/her/their name(s) as a witness(es) thereto.

*(signature and office of person taking acknowledgment)*

---

**Bargain and Sale Deed**
WITHOUT COVENANT AGAINST GRANTOR'S ACTS
TITLE No.    R - 11443

MORAD YEROUSHALMI & FARZANEH YEROUSHALMI

**TO**

MBM DEVELOPMENT, LLC

SECTION
BLOCK    1972
LOT    38
COUNTY OR TOWN    Queens

**RETURN BY MAIL TO:**

Rossi & Crowley, LLP
42-24 235th Street
Douglaston, N.Y. 11363

Zip No.

*Reserve this space for use of Recording Office.*

NYC DEPARTMENT OF FINANCE
OFFICE OF THE CITY REGISTER



Case 1:12-cv-04167-NG-RML   Document 2   Filed 08/21/12   Page 127 of 177 PageID #: 122

2006122101317001001S1BDE

| SUPPORTING DOCUMENT COVER PAGE | PAGE 1 OF 1 |
|---|---|

**Document ID: 2006122101317001**   Document Date: 11-15-2006   Preparation Date: 12-21-2006
Document Type: DEED

**ASSOCIATED TAX FORM ID: 2006111400552**

**SUPPORTING DOCUMENTS SUBMITTED:**

Page Count

RP - 5217 REAL PROPERTY TRANSFER REPORT     2
SMOKE DETECTOR AFFIDAVIT     1

**REAL PROPERTY TRANSFER REPORT**
STATE OF NEW YORK
STATE BOARD OF REAL PROPERTY SERVICES

**RP - 5217NYC**

(Rev 11/2002)

**FOR CITY USE ONLY**

| C1. County Code | | C2. Date Deed Recorded | Month | Day | Year |
|---|---|---|---|---|---|

C3. Book OR | | C4. Page | |

C5. CRFN | |

---

**PROPERTY INFORMATION**

**1. Property Location**  187  GATES AVENUE  BROOKLYN  11238
STREET NUMBER    STREET NAME    BOROUGH    ZIP CODE

**2. Buyer Name**  MBM DEVELOPMENT, LLC
LAST NAME / COMPANY    FIRST NAME

LAST NAME / COMPANY    FIRST NAME

**3. Tax Billing Address**  Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form)  LAST NAME / COMPANY    FIRST NAME

STREET NUMBER AND STREET NAME    CITY OR TOWN    STATE    ZIP CODE

**4. Indicate the number of Assessment Roll parcels transferred on the deed**  | # of Parcels OR | Part of a Parcel

4A. Planning Board Approval - N/A for NYC
4B. Agricultural District Notice - N/A for NYC

Check the boxes below as they apply:
6. Ownership Type is Condominium
7. New Construction on Vacant Land

**5. Deed Property Size**  | X | OR | |
FRONT FEET    DEPTH    ACRES

**8. Seller Name**  YEROUSHALMI  MORAD
LAST NAME / COMPANY    FIRST NAME

YEROUSHALMI  FARZANEH
LAST NAME / COMPANY    FIRST NAME

**9. Check the box below which most accurately describes the use of the property at the time of sale:**

| A | One Family Residential | C | Residential Vacant Land | E | Commercial | G | Entertainment / Amusement | I | Industrial |
| B | ✓ 2 or 3 Family Residential | D | Non-Residential Vacant Land | F | Apartment | H | Community Service | J | Public Service |

---

**SALE INFORMATION**

**10. Sale Contract Date**  11 / 15 / 2006
Month  Day  Year

**11. Date of Sale / Transfer**  11 / 15 / 2006
Month  Day  Year

**12. Full Sale Price**  $  0

( Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.)  *Please round to the nearest whole dollar amount.*

**13. Indicate the value of personal property included in the sale**

**14. Check one or more of these conditions as applicable to transfer:**

| A | Sale Between Relatives or Former Relatives |
| B | Sale Between Related Companies or Partners in Business |
| C | One of the Buyers is also a Seller |
| D | Buyer or Seller is Government Agency or Lending Institution |
| E | Deed Type not Warranty or Bargain and Sale (Specify Below ) |
| F | Sale of Fractional or Less than Fee Interest ( Specify Below ) |
| G | Significant Change in Property Between Taxable Status and Sale Dates |
| H | Sale of Business is Included in Sale Price |
| I | Other Unusual Factors Affecting Sale Price ( Specify Below ) |
| J | ✓ None |

---

**ASSESSMENT INFORMATION – Data should reflect the latest Final Assessment Roll and Tax Bill**

**15. Building Class**  C 0

**16. Total Assessed Value (of all parcels in transfer)**

**17. Borough, Block and Lot / Roll Identifier(s) ( If more than three, attach sheet with additional identifier(s) )**

BROOKLYN 1972 38

---

**CERTIFICATION**    I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and I understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

**BUYER**    **BUYER'S ATTORNEY**

_Joseph Gerlik_
BUYER SIGNATURE    member    DATE

LAST NAME    FIRST NAME

STREET NUMBER    STREET NAME (AFTER SALE)    718  428-9180
AREA CODE    TELEPHONE NUMBER

**SELLER**

CITY OR TOWN    STATE    ZIP CODE    SELLER SIGNATURE    DATE

2006111400552201

| CERTIFICATION | I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments. |

**BUYER**

_Member_

DATE: 12/15/06

**BUYER'S ATTORNEY**

LAST NAME | FIRST NAME

AREA CODE 718 | TELEPHONE NUMBER 428-9180

BUYER SIGNATURE

STREET NUMBER | STREET NAME (AFTER SALE)

**SELLER**

SELLER SIGNATURE

DATE: 12/15/06

CITY OR TOWN | STATE | ZIP CODE

2006111400552201

# AFFIDAVIT OF COMPLIANCE
## WITH SMOKE DETECTOR REQUIREMENT
## FOR ONE- AND TWO-FAMILY DWELLINGS

State of New York        )
                         ) SS.:
County of   ی ۔ ۷۷      )

The undersigned, being duly sworn, depose and say under penalty of perjury that they are the grantor and grantee of the real property or of the cooperative shares in a cooperative corporation owning real property located at

| 187 GATES AVENUE | | | | |
|---|---|---|---|---|
| Street Address | | | | Unit/Apt. |
| **BROOKLYN** | New York, | 1972 | 38 | (the "Premises"); |
| Borough | | Block | Lot | |

That the Premises is a one or two family dwelling, or a cooperative apartment or condominium unit in a one- or two-family dwelling, and that installed in the Premises is an approved and operational smoke detecting device in compliance with the provisions of Article 6 of Subchapter 17 of Chapter 1 of Title 27 of the Administrative Code of the City of New York concerning smoke detecting devices;

That they make affidavit in compliance with New York City Administrative Code Section 11-2105 (g). (The signatures of at least one grantor and one grantee are required, and must be notarized).

_Farzaneh Yerushalmi_
**Name of Grantor (Type or Print)**

_F. Yerushalmi_
**Signature of Grantor**

_Farzaneh Yerushalmi_
**Name of Grantee (Type or Print)**

_Yerushale_
**Signature of Grantee**

Sworn to before me
this ___15___ date of __November__ 2006
BERNADETTE M CROWLEY
Notary Public State of New York
No. 02CR5046136
Qualified in Queens County
Commission Expires July 3, 19 2007

Sworn to before me
this __15__ date of __November__ 2006
BERNADETTE M CROWLEY
Notary Public State of New York
No. 02CR5046136
Qualified in Queens County
Commission Expires July 3, 19 2007

These statements are made with the knowledge that a willfully false representation is unlawful and is punishable as a crime of perjury under Article 210 of the Penal Law.

**NEW YORK CITY REAL PROPERTY TRANSFER TAX RETURNS FILED ON OR AFTER FEBRUARY 6th, 1990, WITH RESPECT TO THE CONVEYANCE OF A ONE- OR TWO-FAMILY DWELLING, OR A COOPERATIVE APARTMENT OR A CONDOMINIUM UNIT IN A ONE- OR TWO-FAMILY DWELLING, WILL NOT BE ACCEPTED FOR FILING UNLESS ACCOMPANIED BY THIS AFFIDAVIT.**

( 1 )

2006111400552101

# AGREEMENT

AGREEMENT made on April 20ᵗʰ, 2005, by and among M&M DEVELOPER LLC having an address at 683 Middle Neck Road, Great Neck, New York 11021 (hereinafter referred to as "M&M") and JANINA Y. DAVIS, having an address at 139 Clinton Avenue, Brooklyn, New York 11205 (hereinafter referred to as the "Janina"). M&M and Janina shall also hereinafter be referred individually as the "Party," and collectively as the "Parties."

## WITNESSETH:

WHEREAS, Janina is the record owner of that certain property located at 139 Clinton Ave, Brooklyn New York 11238 (Section 7, Block 1888, Lot 11) (the "Property"). Janina represents that a first mortgage has been recorded against the Property and that the present indebtedness, secured by said mortgage, is in amount of $1,040,000.00.

WHEREAS, M&M and Janina are desirous of entering a joint partnership (hereinafter referred to as the "Joint Partnership"), under which the Joint Partnership shall take legal title and develop the said Property into the maximum allowable per code condominium dwelling and as approved by the applicable governing New York City building authority (hereinafter referred to as the "Project").

WHEREAS, this agreement exists pursuant to an oral agreement and the Parties desire to memorialize this agreement into writing.

AND WHEREAS, in consideration of the mutual promises contained herein, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1.    The preamble is hereby incorporated into this Agreement by reference and shall be treated as a part hereof and M&M and Janina hereby covenant and agree to comply with the obligations set forth in the whereas clauses.

2.    Prior to transfer of title from Janina to the Joint Partnership, Janina shall be solely responsible for any and all costs in connection with the Property, including but not limited to debt service, real estate taxes, water & sewer rents, etc. (the "Carrying Costs of the Property").

3.    Immediately after the execution of this agreement by both Parties, M&M shall order a title report for the Property. Upon review and approval of title for the Property by M&M, Janina shall transfer legal title to the Joint Partnership for consideration contained herein. Nonetheless, the note and the indebtedness secured by the mortgage against the Property shall remain Janina's sole responsibly. In the event that upon examination of the title report, M&M discovers defect(s) in title or existence of violations which may prevent Janina to transfer good and marketable title to the Joint Partnership, M&M may provide written notice to Janina upon which this agreement shall become null and void and neither party shall have any further rights against the other.

4.    Janina has full power, in accordance with law, to enter into this agreement and to consummate the transaction provided for herein, and neither the entering into this agreement nor the consummation of such transaction will constitute a violation or breach by Janina of any agreement or other instrument to which Janina

1

is a party or by which any of her assets or properties may be affected, or any judgment, order right, injunction or decree issued against or imposed upon it, or will result in violation of any applicable law, order, rule or regulation of any governmental authority. Janina represents and warrants that there is no litigation, arbitration, assessments, special assessments, or other proceeding or governmental investigation pending or, to Janina's best knowledge, threatened against or relating to the Janina and the Property. Janina covenants and agrees to indemnify and hold M&M harmless from and against any loss, cost, damage, liability or expense (including, without limitation, reasonable attorneys' fees and disbursements) rising out of or in connection with any misrepresentation or breach of warranty by Janina in connection with this agreement.

5. At all times subsequent to the transfer of title, with ownership of the Property held by the Joint Partnership, and throughout the Project and upon its conclusion, Janina shall remain responsible for payment of all the Carrying Costs of the Property, including but not limited the cost of refinancing said mortgage and the debt service of a similar debt subsequent to such refinance . By contrast, M&M shall be responsible to advance payment of all expenses in connection with the Project, including but not limited to obtaining construction loan, soil testing, survey, etc. ("Construction Costs") on behalf of the Joint Partnership.

6. M&M shall advance the following sums of monies to Janina, against Janina's Fifty (50.0%) Percent of Net Proceeds, as follows: (a) One Hundred Thousand ($100,000.00) Dollars upon transfer of legal title of the Property to the Joint Partnership; (b) Two Hundred Thousand ($200,000.00) Dollars when plans for the Project are approved by New York City and the construction loan is obtained and funded; (c) Two Hundred Thousand ($200,000.00) Dollars upon completion of fifty (50.0%) percent of the Project; and (d) Two Hundred Thousand ($200,000.00) Dollars upon final completion of the Project. *all checks has to be certified*

7. Under the Joint Partnership, throughout the Project and upon its conclusion, the following terms and conditions shall apply to the Parties:
   A. Upon the sale or lease of any and all portions of the Property, the Parties shall be each entitled to Fifty (50.0%) Percent of Net Proceeds. Net Proceeds shall be defined as the proceeds remaining after any and all costs, expenses, and indebtedness for that portion of Property, including but not limited to full payment to the Construction Corp. (as defined under B.) and reimbursement of entire Construction Costs. In the event that either Party receive an advance of any monies during the term of the Project, such Party shall not receive distributions of Net Proceeds before equal distribution to the other Party.
   B. M&M shall exclusively conduct and manage the business and affairs of the Project under an existing or a new corporation solely owned by M&M, independent and separate from the Joint Partnership (hereinafter referred to as the "Construction Corp."). The Construction Corp. shall be paid on the basis of $150 per buildable sq/ft plus demolition costs.
   C. The Construction Corp. shall be solely responsible to secure financing for the Project.
   D. Both Parties shall cooperate in carrying out the purposes of the Joint Partnership, but neither of them shall be required to devote any fixed amount of time thereto. Both of the Parties may engage in any other business or activities, including ownership and operating of any other real property, except that both Parties shall devote as much time as may be required to the Project.
   E. M&M shall exclusively make decisions regarding the Property, including but not limited to obtaining financing, renting or selling the Property or portions thereof.
   F. The Joint Partnership shall keep adequate books and records at its place of business, setting forth a true and accurate account of all business transactions arising out of and in connection with the conduct of the Joint Partnership. The Parties agree that the books and records of the Construction Corp. remains the exclusive private business of M&M.
   G. The Parties may not admit new parties (or transferees of any interests of existing Parties) into the Joint Partnership without the written unanimous vote or consent of all the Parties.
   H. The Joint Partnership shall terminate upon the sale of the entire Property, at which time the remaining proceeds of sale and all other assets of the Joint Partnership shall be applied and

2

distributed to the Parties pursuant to this Agreement after payments of the expenses of liquidation and the debts and liabilities of the Joint Partnership are paid in full.

8.   Immediately following the closing of title for the Property, M&M shall furnish and perform the following professional services under the Construction Corp.:

A.   Prepare or cause to be prepared a complete boundary survey of the Property showing all rights-of-way, easements, and other physical burdens now encumbering the land, and stake out all corners of the Property.

B.   Make such soil-bearing tests, investigations, and reports as may be required to determine the soil-bearing capacity of the Property, the types of soil contained in the property, and the amount of filing and other remedial work that may be necessary to render the property suitable for the purposes intended by the Joint Partnership.

C.   Prepare or cause to be prepared all things reasonably required to gain approval or conditional approval of a plan for construction of a condominium dwelling by the applicable governmental agency.

D.   Prepare or cause to be prepared detailed plans, specifications for the maximum allowable condominium units dwelling, and other improvements, required by law or otherwise to be installed on the Property by the Joint Partnership.

E.   Prepare or cause to be prepared, such invitations for bids, instructions to bidders, and bid forms as may reasonably be required to enable awarding a beneficial contract for construction and installation.

F.   Receive and evaluate any bids obtained for the construction and installation of the Project.

G.   Proceed with work of construction, and shall perform or cause to be performed, all of the work and furnish or cause to be furnished, all of the materials shown in the plans and specifications covering the development to be constructed pursuant to the Project.

H.   In each instance, the work to be performed shall be commenced as quickly as possible and the same shall be carried through expeditiously and continuously to completion as rapidly as the proper doing of work, the employment of available crews of labor, the prompt placing of orders by contractors, the availability of materials will permit.

I.   Exercise general supervision at project manager level over the work of any contractor employed by the Joint Partnership to construct and install the Project development.

J.   M&M will exercise his best efforts to cause the work to be done as promptly as possible.

K.   M&M shall insure that all work under this Project is to be performed in all respects in compliance with building laws, ordinances, and regulations of any and all governmental agencies entitled to impose such laws, ordinances, or regulations; and all such work shall be done in a good and workmanlike manner.

9.   Other than specifically provided for herein, no Party shall pledge, transfer, sell, encumber, mortgage, hypothecate, pledge, create a security interest in or lien on or otherwise dispose of any interest in the Property or in the Joint Partnership without the written consent of all of other Parties.

10.   This Agreement constitutes the full and complete understanding of the parties hereto, and no representations, promises, or covenants other than those expressly set forth have been made or shall be considered. No amendment or modification of this Agreement shall be valid or binding upon the parties unless made in writing and signed by both parties.

11.   The parties acknowledge that they have each consulted with an attorney of their own choosing with respect to this Agreement, and that they have signed this Agreement after having had their attorney review it and explain its provisions to their satisfaction. The undersigned have and are deemed to have fully read this Agreement and understand the terms and provisions therein, and agree to be bound by same.

12.   All notices given to any party hereunder shall be delivered to the address for that party set forth hereinabove.

3

13.     If any provision of this Agreement herein is contrary to, prohibited by or deemed invalid under the applicable laws, rules or regulations of any jurisdiction within which this Agreement is sought to be enforced, then such provision shall be deemed inapplicable but such shall not serve to invalidate any remaining provisions hereof.

14.     This Agreement shall be governed by the laws of the State of New York.

     **IN WITNESS WHEREOF**, the parties hereto have set their names and seals the day and year first above written.

M&M DEVELOPER   LLC                           JANINA Y. DAVIS
By: MOUSSA YEROUSHALMI, V.P.

DATED: April ___, 2005

## ACKNOWLEDGEMENTS

STATE OF NEW YORK, COUNTY OF _____ , ss.

     On the ___ day of April, 2005, before me, the undersigned notary public, personally appeared MOUSSA YEROUSHALMI, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                    _____
                         Notary Public
                    My commission expires on

STATE OF NEW YORK, COUNTY OF _____ , ss.

     On the ___ day of April, 2005, before me, the undersigned notary public, personally appeared JANINA Y. DAVIS, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

*This is a copy.*
*orginal was signed*
*at David Pour & Assoc.*
*Great Neck. NY.*

                    _____
                         Notary Public
                    My commission expires on

4

# ALTRIA DEVELOPMENT LLC

683 Middle Neck Road.
Great Neck, New York 11023
Tel: 516-487-5444    Fax: 516-487-2523

REF:    139 Clinton Ave. and 132 Waverly Ave.
Brooklyn, New York
Section : 7   Block : 1888   Lot : 11

This is an agreement made on February 9, 2006 between Janina Davis (JD) and Aswad Ayune Destula (Baku), ALTRIA DEVELOPMENT LLC (Altria) and M&M DEVELOPER LLC (M&M);

1. All of the parties agreed that this agreement supersedes **all** the previous agreements for the above referenced project;

2. All of the parties agreed that this agreement is in accordance with their own freewill with consultation and approval of their respective Legal Advisers or Attorneys;

3. JD & Baku agreed to sell out **all** of their shares from ALTRIA DEVELOPMENT LLC in relation to the above project to M&M DEVELOPER LLC;

4. All the parties agreed that the buy out amount for all the shares of JD and Baku from ALTRIA DEVELOPMENT LLC to M&M DEVELOPER LLC is $ 850,000.00;

5. All of the parties agreed to the following payment schedule:

| | | |
|---|---|---|
| January 2006 | $ 3,000.00 | - * *payment have been received by JD And Baku.* |
| February 2006 | 3,000.00 | |
| March 2006 | 5,000.00 | |
| April 2006 | 5,000.00 | |
| May 2006 | 5,000.00 | |
| June 2006 | 5,000.00 | |
| July 2006 | 5,000.00 | |
| August 2006 | 5,000.00 | |
| September 2006 | 10,000.00 | |
| October 2006 | 10,000.00 | |
| November 2006 | 10,000.00 | |
| December 2006 | 10,000.00 | |
| January 2007 | 100,000.00 | |
| February 2007 | 100,000.00 | |
| March 2007 | 100,000.00 | |
| April 2007 | 150,000.00 | |
| May 2007 | 150,000.00 | |
| June 2007 | 150,000.00 | |

6. All of the parties agreed that the payment schedule in item # 6 represents the full amount of the money involve in buying out the shares of JD and Baku;

7. All of the parties agreed that its individual or entity can not have any claim, encumbrance , lien whatsoever against each other; and

8. All of the parties agreed that by signing this agreement, JD and Baku willfully and consciously transferring the ownership of the above project and their shares from ALTRIA DEVELOPMENT LLC to M&M DEVELOPER LLC.

AGREED and ACCEPTED:

_____
Janina Davis
Date : _2/10/06_

_____
Aswad Ayune Destula
Date : _____

ALTRIA DEVELOPMENT LLC:

_____
Janina Davis
Date : _2/11/06_

_____
Aswad Ayune Destula
Date : _____

_____
Morad Yeroushalmi
Date : _2/10/06_

_____
Farzaneh Yeroushalmi
Date: _2/10/06_

M&M DEVELOPER LLC:

_____
Morad Yeroushalmi
Date : _2/10/06_

_____
Farzaneh Yeroushalmi
Date: _2/10/06_

# ALTRIA DEVELOPMENT LLC

683 Middle Neck Road.
Great Neck, New York 11023
Tel: 516-487-5444        Fax: 516-487-2523

## ADDENDUM TO AGREEMENT MADE ON FEBRUARY 9, 2006

REF:    139 Clinton Ave. and 132 Waverly Ave.
Brooklyn, New York
Section : 7  Block : 1888  Lot : 11

This is an addendum agreement made on April 11, 2006 between Eutha  Davis (ED), Janina Davis (JD) and Aswad Ayune Destula (Baku), ALTRIA DEVELOPMENT LLC (Altria) and M&M DEVELOPER LLC (M&M);

1. This addendum of agreement is hereby agreed and being initiated by Janina Davis (JD) and Aswad Ayune Destula (Baku) and will serve as the final payment of the buy-out agreement dated February 9, 2006.

2. All of provisions indicated in the February 9, 2006 agreement remains the same EXCEPT on the schedule of payment for the balance of this contract which was requested by Baku and JD  to be revised as follows:

   a) The 75 % of the scheduled monthly payment will be paid to Mrs. EUTHA DAVIS, Janina's mother,  and the   remaining 25% will be paid to Aswad Ayune Destula (Baku) with the exception of month of APRIL 2006 which will be described in item b;

   b) All parties agreed that the payment for the month of APRIL 2006 is $ 2,500.00 net of the $ 2,500.00 rent payment for the same month which will be paid to Ms. EUTHA DAVIS, therefore, **no** payment will be made to Mr. ASWAD AYUNE DESTULA (Baku) for the month of APRIL 2006;

   c) All parties agreed that the following schedule of payment remained the same with the consideration of payment ratio as indicated in item a.

| | EUTHA DAVIS 75% | BAKU DESTULA 25% | TOTAL |
|---|---|---|---|
| May 2006 | 3,750.00 | 1,250.00 | 5,000.00 |
| June 2006 | 3,750.00 | 1,250.00 | 5,000.00 |
| July 2006 | 3,750.00 | 1,250.00 | 5,000.00 |
| August 2006 | 3,750.00 | 1,250.00 | 5,000.00 |
| September 2006 | 7,500.00 | 2,500.00 | 10,000.00 |
| October 2006 | 7,500.00 | 2,500.00 | 10,000.00 |
| November 2006 | 7,500.00 | 2,500.00 | 10,000.00 |

1

| | | |
|---|---|---|
| December 2006 | 7,500.00 | 2,500.00 | 10,000.00 |
| January 2007 | 75,000.00 | 25,000.00 | 100,000.00 |
| February 2007 | 75,000.00 | 25,000.00 | 100,000.00 |
| March 2007 | 75,000.00 | 25,000.00 | 100,000.00 |
| April 2007 | 112,500.00 | 37,500.00 | 150,000.00 |
| May 2007 | 112,500.00 | 37,500.00 | 150,000.00 |
| June 2007 | 112,500.00 | 37,500.00 | 150,000.00 |

AGREED and ACCEPTED:

Eutha Davis
Date : 4/15/06

Janina Davis
Date : 4/11/06

ALTRIA DEVELOPMENT LLC:

Janina Davis
Date : 4/11/06

Morad Yeroushalmi    Member
Date : 4/28/06

M&M DEVELOPER LLC:

Morad Yeroushalmi    Member
Date : 4/28/06

Aswad Ayune Destula
Date: 4/11/06

Aswad Ayune Destula
Date: 4/11/06

Farzaneh Yeroushalmi
Date: 4/11/06

Farzaneh Yeroushalmi
Date: 4/11/06

# ALTRIA DEVELOPMENT LLC

683 Middle Neck Road.
Great Neck, New York 11023
Tel: 516-487-5444         Fax: 516-487-2523

## AMENDMENT TO AGREEMENT

REF:   139 Clinton Ave. and 132 Waverly Ave.
       Brooklyn, New York
       Section : 7   Block : 1888   Lot : 11

This amendment is made on January 22, 2007 among Eutha Davis (ED) and Janina Davis (JD) , ALTRIA DEVELOPMENT LLC (Altria) and M&M DEVELOPER LLC (M&M), and shall hereinafter collectively be referred as "Parties",  to resolve the defects in  the deal made for the  above referenced properties, hereinafter also known as "Project";

**Inclusions:** Parties agreed that the following amount paid or to be paid  by  M&M should  be part of the purchase amount of the above referenced property:

1. The amount of $ 150,000.00 paid to JD for 187 Gates Ave, Brooklyn and 148 West 127 Street, NY, NY.
2. The amount of $ 100,000.00 paid to Suphanna Rahim which should be resolved between Ms. Rahim and JD.    M&M has neither been participant nor has had any relations with the issues concerning Ms. Rahim and JD.
3. The Attorney's fee of $ 28,500.00  as  JD's legal representation for 187 Gates Ave., Brooklyn, NY.
4. The amount of approximately $ 150,000.00 representing expenses and damages caused by Suphanna Rahim at 187 Gates Ave., Brooklyn, NY which should be resolved between Ms. Rahim and JD.
5. The open violation from the Environment Control board for unauthorized curb cut and sidewalk at 132 Waverly Ave., Brooklyn, NY prior to closing of the project. The possible judgment amount would be $ 7,500.00 to $ 15,000.00 which should be the obligation of JD.
6. The total amount of $ 60,000.00 which was collected by JD from the tenants of 139 Clinton Ave., Brooklyn during the partnership which was not shared with the partners.
7. Loss from construction loan financing because of not vacating 139 Clinton Ave on agreed time  of JD and Baku.  Attorney's fees and other related fees is approximately $20,000.00 plus other damages caused by delay in evacuation which will be computed later.
8. The parties agreed that the purchase price of the above property would be corrected based on the market value.  It was previously priced $500,000.00 more than the value by JD and Baku.
9. JD is not responsible for any of the above items other than # 5. *MY*

**Exclusions:**

1. This amendment is solely made for JD who is entitled for her own 75% of the purchase amounts as previous ——— owner.  The other 25% would be covered

by a separate contract under Aswad O. Ayinde.

**Amended Mode of Payment:** The parties agreed that for the time being the following schedule of payment would be made from M&M to JD representing payment for JD's 75% share balance:

| | |
|---|---|
| January 2007 | $ 15,000.00 |
| February 2007 | 15,000.00 |
| March 2007 | 5,000.00 |
| April 2007 | 5,000.00 |
| May 2007 | 5,000.00 |
| June 2007 | 5,000.00 |
| July 2007 | 5,000.00 |
| August 2007 | 5,000.00 |
| September 2007 | 5,000.00 |
| October 2007 | 5,000.00 |
| November 2007 | 5,000.00 |
| December 2007 | 5,000.00 |

**Settlement of Agreement:**

Parties agreed that if M&M and Altria Development LLC is unsatisfied with the deal, M&M has the following options in settling the remaining balance of JD:

Option 1    On or about August 2007 M&M would pay JD one full payment of $350,000.00 for the remaining balance due.

Option 2    M&M would pay JD base on the above amended mode of payment and the remaining balance would be paid in one full payment of $ 330,000.00

Option 3    If M&M would not be able to pay base on option 2 due to financial limitation, M&M agreed and obliged to pay JD as computed below:

| | | |
|---|---|---|
| Total | | $ 575,000.00 |
| Less | (total payment made after Dec. 2007) | ( 80,000.00) |
| | ( penalty fee for the curb cut ) | ( 15,000.00) |
| Total amount to be paid to JD | | $ 480,000.00 |

The parties agreed that the above monthly schedule would be revised or amended before the end of December 2007 for the full settlement on 2008.

AGREED and ACCEPTED:

Janina Davis
Date: 1/23/07

Eutha Davis
Date: 1/23/07

Janina Davis
Date: 1/23/07

ALTRIA DEVELOPMENT LLC:

Date: 1/23/07

Morad Yeroushalmi  member
Date: 1/23/07

Farzaneh Yeroushalmi
Date: 1/23/07

M&M DEVELOPER LLC:

Morad Yeroushalmi, member
Date: 1/23/07

Farzaneh Yeroushalmi
Date: 1/23/07

Witness:

Date: 1/23/07



**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

2005082300464001002E0330

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 4 |
|---|---|---|
| **Document ID: 2005082300464001** | Document Date: 08-15-2005 | Preparation Date: 08-29-2005 |

Document Type: DEED
Document Page Count: 3

| PRESENTER: | RETURN TO: |
|---|---|
| IMPERIAL ABSTRACT, IMA3926 | DAVID POUR AND ASSOCIATES |
| AS AGENT FOR COMMONWEALTH LAND | 10 CUTTER MILL ROAD |
| TITLE INSURANCE CO. | GREAT NECK, NY 11021 |
| 441 ROUTE 306 (HOLD-FOR-PICKUP) | |
| MONSEY, NY 10952 | |
| 845-362-6410 | |

## PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 1888 | 11 | Entire Lot | 139 CLINTON AVENUE |

Property Type: DWELLING ONLY - 4 FAMILY

## CROSS REFERENCE DATA

CRFN_____ *or* Document ID_____ *or* _____ Year_____ Reel _____ Page _____ *or* File Number_____

## PARTIES

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| JANINA Y. DAVIS | ALTRIA DEVELOPMENT LLC |
| 139 CLINTON AVENUE | 683 MIDDLENECK ROAD |
| BROOKLYN, NY 11205 | GREAT NECK, NY 11023 |

## FEES AND TAXES

| Mortgage | | | Recording Fee: $ | 52.00 |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | Affidavit Fee: $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax Filing Fee: | |
| Exemption: | | | $ | 165.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | $ | 8,800.00 |
| Spec (Additional): | $ | 0.00 | **RECORDED OR FILED IN THE OFFICE** | |
| TASF: | $ | 0.00 | **OF THE CITY REGISTER OF THE** | |
| MTA: | $ | 0.00 | **CITY OF NEW YORK** | |
| NYCTA: | $ | 0.00 | Recorded/Filed     09-01-2005 16:38 | |
| Additional MRT: | $ | 0.00 | City Register File No.(CRFN): | |
| TOTAL: | $ | 0.00 | 2005000493358 | |

NYC HPD Preliminary Residential Property Transfer Form

*City Register Official Signature*

Bargain and Sale Deed, with Covenant Against Grantor's Acts-
CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT – THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

**THIS INDENTURE,** made the 15th day of August, in the year 2005

**BETWEEN**

> **JANINA Y. DAVIS,**
> With address at 139 Clinton Avenue, Brooklyn, New York 11205

party of the first part, and

> **ALTRIA DEVELOPMENT LLC,**
> residing at 683 Middle neck Road, Great Neck, New York 11023

party of the second part,

**WITNESSETH,** that the party of the first part, in consideration of Ten ($10) Dollars paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the

<u>SEE SCHEDULE "A" ATTACHED HERETO</u>

**BLK: 1888**
**LOT: 11**            SAID PREMISES being more commonly known as and by the Street Address: 139 Clinton Avenue, Brooklyn, New York.  Being the same premises described in the deed to the parties of the first part herein by deed, dated 09/09/1998, recorded 12/11/1998 in reel 4346, page 1560.

**TOGETHER** with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; **TOGETHER** with the appurtenances and all the estate and rights of the party of the first part in and to said premises; **TO HAVE AND TO HOLD** the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

**AND** the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid. **AND** the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose. The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

**IN WITNESS WHEREOF,** the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

JANINA Y. DAVIS

### Schedule A Description

Title Number **IMA3926**

Page    **1**

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the Easterly side of Clinton Avenue, distant 200 feet northerly from the Northeast corner of Clinton Avenue and Myrtle Avenues and opposite the center of a party wall;

RUNNING THENCE northerly along Clinton Avenue 22 feet 6 inches to the center line of Section 20 on a Map bought by George W. Pine from John Spader dated 09/17/1833 and filed in Kings County Register's Office as Map #385.

RUNNING THENCE easterly and parallel with Myrtle Avenue 150 feet;

RUNNING THENCE northerly and parallel with Waverly Avenue 25 feet;

RUNNING THENCE easterly and parallel with Myrtle Avenue 50 feet to the westerly side of Waverly Avenue;

RUNNING THENCE southerly along the westerly side of Waverly Avenue 47 feet 6 inches;

RUNNING THENCE westerly parallel with Myrtle Avenue and part of the distance through the center of the party wall, 200 feet to the point or place of BEGINNING.

FOR INFORMATION ONLY:  Commonly known as 139 CLINTON AVENUE, Brooklyn, NY.

IMPERIAL ABSTRACT CORP.
441 ROUTE 306
MONSEY, NY  10952
PH. (845) 362-6410
FAX (845) 362-6415

## NEW YORK UNIFORM OF ACKNOWLEDGMENT

**STATE OF NEW YORK** ]
**COUNTY OF NASSAU** ] ss:

On the 15th day of August, in the year 2005 before me, the undersigned, personally appeared **JANINA Y. DAVIS**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

Notary Public

JEANETTE SOMMO
Notary Public, State of New York
No. 4823349
Qualified in Suffolk County
Commission Expires May 31, 2007

**SEAL**

**STATE OF NEW YORK** ]
**COUNTY OF NASSAU** ]

On the        day of        in the year 2005 before me, the undersigned, personally appeared                , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their   signature(s) on the instrument, the individual(s), or the person on behalf of which the individual(s) acted, executed the instrument.

Notary Public

IMA 3924
Bargain and Sale Deed
with Covenant Against Grantor's Acts

Section:
Block:    1888
Lot:    11
County:    Brooklyn
Kings County
Record & Return to:

| DAVIS | DAVID POUR & ASSOCIATES |
|---|---|
| -to- | 10 CUTTER MILL ROAD |
| | GREAT NECK, NEW YORK 11021 |
| ALTRIA DEVELOPMENT LLC | |

THIS SPACE FOR USE OF RECORDING OFFICE:

| NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER |  |
|---|---|

2005082300464001002SCDB1

| **SUPPORTING DOCUMENT COVER PAGE** | | **PAGE 1 OF 1** |
|---|---|---|
| **Document ID: 2005082300464001** | **Document Date: 08-15-2005** | **Preparation Date: 08-29-2005** |
| **Document Type: DEED** | | |

**ASSOCIATED TAX FORM ID: 2005081500133**

**SUPPORTING DOCUMENTS SUBMITTED:**

Page Count

RP - 5217 REAL PROPERTY TRANSFER REPORT      1

**FOR CITY USE ONLY**

C1. County Code |___|  C2. Date Deed Recorded |___|___|___| Month Day Year

C3. Book OR |_____|  C4. Page |_____|

C3. CRFN |_____|

**PROPERTY INFORMATION**

**REAL PROPERTY TRANSFER REPORT**
STATE OF NEW YORK
STATE BOARD OF REAL PROPERTY SERVICES

# RP - 5217NYC
(Rev 11/2002)

| 1. Property Location | 139 | CLINTON AVENUE | | BROOKLYN | 11205 |
|---|---|---|---|---|---|
| | STREET NUMBER | STREET NAME | | BOROUGH | ZIP CODE |

**2. Buyer Name** ALTRIA DEVELOPMENT LLC
LAST NAME / COMPANY                    FIRST NAME

LAST NAME / COMPANY                    FIRST NAME

**3. Tax Billing Address** Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form)

LAST NAME / COMPANY                    FIRST NAME

STREET NUMBER AND STREET NAME        CITY OR TOWN        STATE   ZIP CODE

**4. Indicate the number of Assessment Roll parcels transferred on the deed** |___1___| # of Parcels OR [ ] Part of a Parcel

4A. Planning Board Approval - N/A for NYC
4B. Agricultural District Notice - N/A for NYC

Check the boxes below as they apply:
6. Ownership Type is Condominium [ ]
7. New Construction on Vacant Land [ ]

**5. Deed Property Size** | 33 | X | 200 | OR |_____|
FRONT FEET    DEPTH              ACRES

**6. Seller Name** DAVIS                    JANINA
LAST NAME / COMPANY                    FIRST NAME

LAST NAME / COMPANY                    FIRST NAME

**9. Check the box below which most accurately describes the use of the property at the time of sale:**

| A [ ] One Family Residential | C [ ] Residential Vacant Land | E [ ] Commercial | G [ ] Entertainment / Amusement | I [ ] Industrial |
|---|---|---|---|---|
| B [ ] 2 or 3 Family Residential | D [ ] Non-Residential Vacant Land | F [✓] Apartment | H [ ] Community Service | J [ ] Public Service |

**SALE INFORMATION**

10. Sale Contract Date | 5 / 6 / 2005 |
                         Month Day Year

11. Date of Sale / Transfer | 8 / 15 / 2005 |
                              Month Day Year

12. Full Sale Price $ |__2,2,0,0,0,0,0__|
( Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.) Please round to the nearest whole dollar amount.

13. Indicate the value of personal property included in the sale |_____|

**14. Check one or more of these conditions as applicable to transfer:**

A [ ] Sale Between Relatives or Former Relatives
B [ ] Sale Between Related Companies or Partners in Business
C [ ] One of the Buyers is also a Seller
D [ ] Buyer or Seller is Government Agency or Lending Institution
E [ ] Deed Type not Warranty or Bargain and Sale (Specify Below)
F [ ] Sale of Fractional or Less than Fee Interest (Specify Below)
G [ ] Significant Change in Property Between Taxable Status and Sale Dates
H [ ] Sale of Business is Included in Sale Price
I [ ] Other Unusual Factors Affecting Sale Price (Specify Below)
J [✓] None

**ASSESSMENT INFORMATION** - Data should reflect the latest Final Assessment Roll and Tax Bill

15. Building Class | C.3 |

16. Total Assessed Value (of all parcels in transfer) |__6,4,0,3,5__|

17. Borough, Block and Lot / Roll Identifier(s) ( If more than three, attach sheet with additional identifier(s) )

BROOKLYN 1888 11 |_____|  |_____|

**CERTIFICATION**  I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and I understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

Altria Development LLC
**BUYER**

Morad Yeroushalmi, Member
BUYER SIGNATURE    8/15/05 DATE

683 Middleneck Rd.
STREET NUMBER  STREET NAME (AFTER SALE)

Great Neck    N.Y. 11023
CITY OR TOWN    STATE ZIP CODE

**BUYER'S ATTORNEY**
Pour                    David
LAST NAME              FIRST NAME

516  829-1990
AREA CODE  TELEPHONE NUMBER

**SELLER**
Janina Y. Davis
SELLER SIGNATURE    8/15/05 DATE

2005081500133201

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2006051701335001001E3B4B

## RECORDING AND ENDORSEMENT COVER PAGE

| | | |
|---|---|---|
| **Document ID: 2006051701335001** | Document Date: 05-12-2006 | Preparation Date: 05-17-2006 |
| Document Type: DEED | | |
| Document Page Count: 3 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| CLASS ABSTRACT SERVICES, INC., PICK UP RSR AS AGENT FOR COMMONWEALTH TITLE INSURANCE COMPANY 72 JERICHO TURNPIKE CLC 40184K MINEOLA, NY 11501 | DAVID POUR & ASSOCIATES, LLP 10 CUTTERMILL ROAD SUITE 406 GREAT NECK, NY 11021 |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 1888 | 11 | Entire Lot | 139 CLINTON AVENUE |

Property Type: DWELLING ONLY - 4 FAMILY

### CROSS REFERENCE DATA

CRFN _____ *or* Document ID _____ *or* _____ Year _____ Reel ____ Page _____ *or* File Number _____

### PARTIES

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| ALTRIA DEVELOPMENT LLC 683 MIDDLE NECK ROAD GREAT NECK, NY 11023 | MORAD YEROUSHALMI 683 MIDDLE NECK ROAD GREAT NECK, NY 11023 |

x Additional Parties Listed on Continuation Page

### FEES AND TAXES

| Mortgage | | | Recording Fee: $ | 52.00 |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | Affidavit Fee: $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax Filing Fee: | |
| Exemption: | | | $ | 165.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | **RECORDED OR FILED IN THE OFFICE** | |
| TASF: | $ | 0.00 | **OF THE CITY REGISTER OF THE** | |
| MTA: | $ | 0.00 | **CITY OF NEW YORK** | |
| NYCTA: | $ | 0.00 | Recorded/Filed 05-23-2006 08:56 | |
| Additional MRT: | $ | 0.00 | City Register File No.(CRFN): | |
| TOTAL: | $ | 0.00 | 2006000284940 | |

NYC HPD Preliminary Residential Property Transfer Form

*Jeanette M. Jill*

*City Register Official Signature*

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2006051701335001001C39CB

**RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION)**   **PAGE 2 OF 5**

**Document ID: 2006051701335001**    Document Date: 05-12-2006    Preparation Date: 05-17-2006
Document Type: DEED

**PARTIES**
**GRANTEE/BUYER:**
FARZANEH YEROUSHALMI
683 MIDDLE NECK ROAD
GREAT NECK, NY 11023

CLC 40184K

NY ST/ O

Conveyance Date of May 12, 2006

# BARGAIN AND SALE DEED WITH COVENANT AGAINST GRANTOR'S ACTS (INDIVIDUAL OR CORPORATION)

## FORM 8007

CAUTION: THIS AGREEMENT SHOULD BE PREPARED BY AN ATTORNEY AND REVIEWED BY ATTORNEYS FOR SELLER AND PURCHASER BEFORE SIGNING.

*THIS INDENTURE,* made the 10th day of May 2006,

**between**

ALTRIA DEVELOPMENT LLC, with offices located at 683 Middle Neck Road, Great Neck, New York 11023

party of the first part, and

MORAD YEROUSHALMI and FARZANEH YEROUSHALMI residing at 683 Middle Neck Road, Great Neck, New York 11023     as tenants in common

**6-1888** party of the second part,

**L - 11**        *WITNESSETH,* that the party of the first part, in consideration of Ten Dollars and No Cents ($10.00), lawful money of the United States, paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

*ALL* that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the

SEE ATTACHED SCHEDULE "A" DESCRIPTION
Premises known as 139 Clinton Ave, Brooklyn, NY
Being and intended to be the same premises as conveyed to the grantor herein by deed dated 8/15/2005, recorded 9/1/2005 as CRFN2005000493358.
Premises more commonly known as 139 Clinton Avenue, Brooklyn, New York.

*TOGETHER* with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof,

*TOGETHER* with the appurtenances and all the estate and rights of the party of the first part in and to said premises,

*TO HAVE AND TO HOLD* the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

*AND* the party of the first part, covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.

*AND* the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

*IN WITNESS WHEREOF,* the party of the first part has duly executed this deed the day and year first above written.

*IN PRESENCE OF:*

ALTRIA DEVELOPMENT LLC

BY: _____
MORAD YEROUSHALMI, Member

**Title No.** CLC 40184K

## SCHEDULE A

BLOCK: 1888 LOT: 11
on the Tax Map of Kings County

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Brooklyn, County of Kings. City and State of New York, bounded and described as follows:

BEGINNING at a point on the easterly side of Clinton Avenue, distant 200 feet northerly from the northeasterly corner of Clinton Avenue and Myrtle Avenue and opposite the center of a party wall;

RUNNING THENCE northerly along Clinton Avenue, 22 feet 6 inches to the center line of Section 20 on a Map bought by George W. Pine from John Spader dated 9/17/1833 and filed in Kings County Register's Office as Map No. 385;

THENCE easterly and parallel with Myrtle Avenue, 150 feet;

THENCE northerly and parallel with Waverly Avenue, 25 feet;

THENCE easterly and parallel with Myrtle Avenue, 50 feet to the westerly side of Waverly Avenue;

THENCE southerly along the westerly side of Waverly Avenue, 47 feet 6 inches;

THENCE westerly, parallel with Myrtle Avenue and part of the distance through the center of the party wall, 200 feet to the point or place of BEGINNING.

Acknowledgment by a Person Within New York State (RPL § 309-a)

STATE OF NEW YORK )
COUNTY OF NASSAU )   ) ss.:
)

As of On the 10th day of May, 2006, before me, the undersigned, personally appeared Morad Yeroushalmi, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he executed the same in his capacity(ies), and that by his signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
(signature and office of individual taking acknowledgment)

**SEAL**

RUSSELL J. COYNE
Notary Public, State of New York
No. 02CO6141855
Qualified in Nassau County
Commission Expires February 27, 2010

## BARGAIN & SALE DEED WITH COVENANTS AGAINST GRANTOR'S ACTS

| | |
|---|---|
| **Title No.** COMMONWEALTH LAND TITLE INSURANCE CO. BY CLASS ABSTRACT SERVICES #CLC4018K | **Section**<br>**Block** 1888<br>**Lot** 11<br>**County or Town** Kings<br>**Street Address** 139 Clinton Avenue<br>          Brooklyn, New York 11205 |

ALTRIA DEVELOPMENT LLC
        **To**
MORAD YEROUSHALMI and
FARZANEH YEROUSHALMI

**Return By Mail To:**

DAVID POUR & ASSOCIATES, LLP
10 CUTTERMILL ROAD, SUITE 406
GREAT NECK, NEW YORK 11021

Reserve This Space For Use Of Recording Office

Case 1:12-cv-04167-NG-RML Document 1 Filed 08/20/12 Page 156 of 177 PageID #: 156

NYC DEPARTMENT OF FINANCE
OFFICE OF THE CITY REGISTER



2006051701335001001SF5CA

| SUPPORTING DOCUMENT COVER PAGE | | PAGE 1 OF 1 |
|---|---|---|

**Document ID: 2006051701335001**        Document Date: 05-12-2006        Preparation Date: 05-17-2006
Document Type: DEED

**ASSOCIATED TAX FORM ID: 2006050900551**

**SUPPORTING DOCUMENTS SUBMITTED:**

Page Count

RP - 5217 REAL PROPERTY TRANSFER REPORT        1
SMOKE DETECTOR AFFIDAVIT        1

| FOR CITY USE ONLY | | | REAL PROPERTY TRANSFER REPORT |
|---|---|---|---|
| **C1. County Code** | | **C2. Date Deed Recorded** Month Day Year | STATE OF NEW YORK STATE BOARD OF REAL PROPERTY SERVICES |
| **C3. Book OR** | | **C4. Page** | **RP - 5217NYC** (Rev 11/2002) |
| **C5. CRFN** | | | |

**PROPERTY INFORMATION**

| 1. Property Location | 139 STREET NUMBER | CLINTON AVENUE STREET NAME | | BROOKLYN BOROUGH | 11205 ZIP CODE |
|---|---|---|---|---|---|

| 2. Buyer Name | YEROUSHALMI LAST NAME / COMPANY | MORAD FIRST NAME |
|---|---|---|
| | YEROUSHALMI LAST NAME / COMPANY | FARZANEH FIRST NAME |

**3. Tax Billing Address** Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form)

LAST NAME / COMPANY          FIRST NAME

STREET NUMBER AND STREET NAME          CITY OR TOWN          STATE   ZIP CODE

**4. Indicate the number of Assessment** Roll parcels transferred on the deed    1    # of Parcels OR ☐ Part of a Parcel

4A. Planning Board Approval - N/A for NYC
4B. Agricultural District Notice - N/A for NYC

**5. Deed Property Size** 22.5 FRONT FEET X 200 DEPTH OR _____ ACRES

Check the boxes below as they apply:
6. Ownership Type is Condominium ☐
7. New Construct on on Vacant Land ☐

| 8. Seller Name | ALTRIA DEVELOPMENT LLC LAST NAME / COMPANY | FIRST NAME |
|---|---|---|
| | LAST NAME / COMPANY | FIRST NAME |

**9. Check the box below which most accurately describes the use of the property at the time of sale:**

| A ☐ One Family Residential | C ☐ Residential Vacant Land | E ☐ Commercial | G ☐ Entertainment / Amusement | I ☐ Industrial |
|---|---|---|---|---|
| B ☐ 2 or 3 Family Residential | D ☐ Non-Residential Vacant Land | F ☑ Apartment | H ☐ Community Service | J ☐ Public Service |

**SALE INFORMATION**

**14. Check one or more of these conditions as applicable to transfer:**

**10. Sale Contract Date** 5 / 12 / 2006
Month Day Year

**11. Date of Sale / Transfer** 5 / 12 / 2006
Month Day Year

**12. Full Sale Price** $ _____

( Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.) Please round to the nearest whole dollar amount.

**13. Indicate the value of personal property included in the sale** _____

| A ☐ | Sale Between Relatives or Former Relatives |
|---|---|
| B ☑ | Sale Between Related Companies or Partners in Business |
| C ☐ | One of the Buyers is also a Seller |
| D ☐ | Buyer or Seller is Government Agency or Lending Institution |
| E ☐ | Deed Type not Warranty or Bargain and Sale (Specify Below ) |
| F ☐ | Sale of Fractional or Less than Fee Interest ( Specify Below ) |
| G ☐ | Significant Change in Property Between Taxable Status and Sale Dates |
| H ☐ | Sale of Business is Included in Sale Price |
| I ☐ | Other Unusual Factors Affecting Sale Price ( Specify Below ) |
| J ☐ | None |

**ASSESSMENT INFORMATION - Data should reflect the latest Final Assessment Roll and Tax Bill**

**15. Building Class** C 3    **16. Total Assessed Value (of all parcels in transfer)** 6 4 0 3 5

**17. Borough, Block and Lot / Roll Identifier(s) ( If more than three, attach sheet with additional identifier(s) )**

BROOKLYN 1888 11

**CERTIFICATION** I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and I understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

| **BUYER** | **BUYER'S ATTORNEY** |
|---|---|
| BUYER SIGNATURE          DATE | LAST NAME          FIRST NAME |
| | 516 \| 829-1990 |
| STREET NUMBER   STREET NAME (AFTER SALE) | AREA CODE   TELEPHONE NUMBER |
| | **SELLER** |
| CITY OR TOWN          STATE   ZIP CODE | SELLER SIGNATURE          DATE |

2006050900351201

**REAL PROPERTY TRANSFER REPORT**

STATE OF NEW YORK
STATE BOARD OF REAL PROPERTY SERVICES

## RP - 5217NYC

(Rev 11/2002)

### FOR CITY USE ONLY

| | |
|---|---|
| C1. County Code | C2. Date Deed Recorded ___/___/___ (Month/Day/Year) |
| C3. Book OR C5. CRFN | C4. Page |

### PROPERTY INFORMATION

**1. Property Location**  139  CLINTON AVENUE   BROOKLYN   11205
STREET NUMBER  STREET NAME  BOROUGH  ZIP CODE

**2. Buyer Name**  YEROUSHALMI  MORAD
LAST NAME / COMPANY  FIRST NAME
YEROUSHALMI  FARZANEH
LAST NAME - COMPANY  FIRST NAME

**3. Tax Billing Address**  Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form)
LAST NAME / COMPANY  FIRST NAME
STREET NUMBER AND STREET NAME  CITY OR TOWN  STATE  ZIP CODE

**4. Indicate the number of Assessment Roll parcels transferred on the deed** ____ # of Parcels  OR  ☐ Part of a Parcel

4A. Planning Board Approval - N/A for NYC
4B. Agricultural District Notice - N/A for NYC

**5. Deed Property Size**  22.5  X  200  OR  ____ ACRES
FRONT FEET  DEPTH

Check the boxes below as they apply:
6. Ownership Type is Condominium  ☐
7. New Construction on Vacant Land  ☐

**8. Seller Name**  ALTRIA DEVELOPMENT LLC
LAST NAME / COMPANY  FIRST NAME
LAST NAME / COMPANY  FIRST NAME

**9. Check the box below which most accurately describes the use of the property at the time of sale:**

| | |
|---|---|
| A ☐ One Family Residential | C ☐ Residential Vacant Land | E ☐ Commercial | G ☐ Entertainment / Amusement | I ☐ Industrial |
| B ☐ 2 or 3 Family Residential | D ☐ Non-Residential Vacant Land | F ☑ Apartment | H ☐ Community Service | J ☐ Public Service |

### SALE INFORMATION

**10. Sale Contract Date**  5 / 10 / 2006 (Month/Day/Year)

**11. Date of Sale / Transfer**  5 / 10 / 2006 (Month/Day/Year)

**12. Full Sale Price** $ _____

( Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations )  Please round to the nearest whole dollar amount.

**13. Indicate the value of personal property included in the sale** _____

**14. Check one or more of these conditions as applicable to transfer:**

| | |
|---|---|
| A ☐ | Sale Between Relatives or Former Relatives |
| B ☑ | Sale Between Related Companies or Partners in Business |
| C ☐ | One of the Buyers is also a Seller |
| D ☐ | Buyer or Seller is Government Agency or Lending Institution |
| E ☐ | Deed Type not Warranty or Bargain and Sale (Specify Below ) |
| F ☐ | Sale of Fractional or Less than Fee Interest ( Specify Below ) |
| G ☐ | Significant Change in Property Between Taxable Status and Sale Dates |
| H ☐ | Sale of Business is Included in Sale Price |
| I ☐ | Other Unusual Factors Affecting Sale Price ( Specify Below ) |
| J ☐ | None |

### ASSESSMENT INFORMATION - Data should reflect the latest Final Assessment Roll and Tax Bill

**15. Building Class**  C. 3
**16. Total Assessed Value (of all parcels in transfer)**  6 4 0 3 5

**17. Borough, Block and Lot / Roll Identifier(s)** ( If more than three, attach sheet with additional identifier(s) )

BROOKLYN 1888 11

### CERTIFICATION

I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and I understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

**BUYER**
Morad Yeroushalmi  5/10/06
BUYER SIGNATURE  DATE

683 MIDDLE NECK RD, 2ND FLR.
STREET NUMBER  STREET NAME (AFTER SALE)

GREAT NECK  N Y  11023
CITY OR TOWN  STATE  ZIP CODE

**BUYER'S ATTORNEY**
POUR  DAVID
LAST NAME  FIRST NAME

516  829-1990
AREA CODE  TELEPHONE NUMBER

**SELLER**
Morad Yeroushalmi  Member  5/10/06
SELLER SIGNATURE  DATE

2006050900551201

Affidavit of Compliance with Smoke Detector Requirement for One and-Two Family Dwellings

# AFFIDAVIT OF COMPLIANCE
## WITH SMOKE DETECTOR REQUIREMENT
### FOR ONE- AND TWO-FAMILY DWELLINGS

State of New York          )
                           ) SS.:
County of _____            )

The undersigned, being duly sworn, depose and say under penalty of perjury that they are the grantor and grantee of the real property or of the cooperative shares in a cooperative corporation owning real property located at

### 139  CLINTON AVENUE
Street Address                                                                Unit/Apt.

BROOKLYN              New York,         1888          11        (the "Premises");
Borough                                 Block          Lot

That the Premises is a one or two family dwelling, or a cooperative apartment or condominium unit in a one- or two-family dwelling, and that installed in the Premises is an approved and operational smoke detecting device in compliance with the provisions of Article 6 of Subchapter 17 of Chapter 1 of Title 27 of the Administrative Code of the City of New York concerning smoke detecting devices;

That they make affidavit in compliance with New York City Administrative Code Section 11-2105 (g). (The signatures of at least one grantor and one grantee are required, and must be notarized).

ALTRIA DEVELOPMENT LLC
Name of Grantor (Type or Print)

_Signature of Grantor_

Morad Yeroushalmi
Name of Grantee (Type or Print)

_Signature of Grantee_

Sworn to before me
this 10th date of May, 16          2006

RUSSELL J. COYNE
Notary Public, State of New York
No. 02CO6141886
Qualified in Nassau County

Sworn to before me
this 10th date of May, 12          2006

RUSSELL J. COYNE
Notary Public, State of New York
No. 02CO6141886
Qualified in Nassau County
Commission Expires February 21, 2010

These statements are made under penalty of perjury, and any false statement is a crime of perjury under Article 210 of the Penal Law.

**NEW YORK CITY REAL PROPERTY TRANSFER TAX RETURNS FILED ON OR AFTER FEBRUARY 6th, 1990, WITH RESPECT TO THE CONVEYANCE OF A ONE- OR TWO-FAMILY DWELLING, OR A COOPERATIVE APARTMENT OR A CONDOMINIUM UNIT IN A ONE- OR TWO-FAMILY DWELLING, WILL NOT BE ACCEPTED FOR FILING UNLESS ACCOMPANIED BY THIS AFFIDAVIT.**

( 1 )

2006050900551101

JANINA DAVIS / ASWAD AYINDE
SCHEDULE OF PAYMENT
From 2005 to 2007

| Date | Check No. | Payee | Amount | Payment for | Paid by | |
|------|-----------|-------|--------|-------------|---------|---|
| 6/10/2005 | 1038 | Country Wide Home Loans Se | 4,258.26 | Mortgage | M&M | |
| 6/10/2005 | 1039 | Country Wide Home Loans Se | 4,258.26 | Mortgage | M&M | |
| 7/12/05 | 93 | Country Wide Home Loans Se | 4,193.72 | Mortgage | MBM | |
| 8/22/05 | 1012 | Country Wide Home Loans Se | 4,193.72 | Mortgage | MBM | |
| 9/13/05 | 1015 | Country Wide Home Loans Se | 4,193.72 | Mortgage | MBM | |
| 10/18/05 | 1018 | Country Wide Home Loans Se | 4,193.72 | Mortgage | MBM | |
| 10/20/2005 | 1132 | Country Wide Home Loans Se | 5,000.00 | Mortgage | M&M | |
| 11/14/05 | 1019 | Country Wide Home Loans Se | 4,193.72 | Mortgage | MBM | |
| 1/13/06 | 1023 | Country Wide Home Loans Se | 4,193.72 | Mortgage | MBM | |
| 4/13/06 | 1030 | Country Wide Home Loans Se | 4,193.72 | Mortgage | MBM | |
| 4/13/06 | 1034 | Country Wide Home Loans Se | 4,193.72 | Mortgage | MBM | |
| 5/17/06 | 93 | Country Wide Home Loans Se | 4,193.72 | Mortgage | MBM | |
| 5/17/06 | 94 | Country Wide Home Loans Se | 4,193.72 | Mortgage | MBM | |
| | | TOTAL | 55,453.72 | | | |
| 6/3/2005 | 1035 | Emigrant Mortgage Company , | 5,335.58 | Mortgage | M&M | |
| 6/20/2005 | 1048 | Emigrant Mortgage Company , | 5,335.00 | Mortgage | M&M | |
| 7/8/2005 | 1058 | Emigrant Mortgage Company , | 5,526.87 | Mortgage | M&M | |
| 8/10/05 | 1008 | Emigrant Mortgage Company , | 5,335.58 | Mortgage | ALTRIA DEVT | |
| 9/13/05 | 1014 | Emigrant Mortgage Company , | 5,335.58 | Mortgage | ALTRIA DEVT | |
| 10/12/05 | 1139 | Emigrant Mortgage Company , | 5,335.58 | Mortgage | M&M | |
| 11/14/05 | 1176 | Emigrant Mortgage Company , | 5,335.58 | Mortgage | M&M | |
| 1/10/2006 | 1286 | Emigrant Mortgage Company , | 5,335.58 | Mortgage | M&M | |
| 3/14/2006 | 1321 | Emigrant Mortgage Company, | 5,335.58 | Mortgage | M&M | |
| 5/10/2006 | 1422 | Emigrant Mortgage Company, | 5,335.58 | Mortgage | M&M | |
| 12/13/2006 | 1234 | Emigrant Mortgage Company . | 5,335.58 | Mortgage | M&M | |
| | | TOTAL | 58,882.09 | | | |
| 6/10/2005 | 1037 | OCWEN Federal Bank | 1,704.13 | Mortgage | M&M | 139 Clinton |
| 7/18/2005 | 1059 | OCWEN Federal Bank | 1,959.10 | Mortgage | M&M | 139 Clinton |
| 8/24/2005 | 1093 | OCWEN Federal Bank | 1,959.10 | Mortgage | M&M | 139 Clinton |
| 9/19/2005 | 1123 | OCWEN Federal Bank | 1,959.10 | Mortgage | M&M | 139 Clinton |
| 10/14/2005 | 1140 | OCWEN Federal Bank | 1,959.10 | Mortgage | M&M | 139 Clinton |
| 11/16/2005 | 1177 | OCWEN Federal Bank | 1,959.10 | Mortgage | M&M | 139 Clinton |
| 1/23/2006 | 1287 | OCWEN Federal Bank | 1,959.10 | Mortgage | M&M | 139 Clinton |
| 3/15/2006 | 1373 | OCWEN Federal Bank | 1,704.13 | Mortgage | M&M | 139 Clinton |
| 4/14/2006 | 1374 | OCWEN Federal Bank | $1,449.16 | Mortgage | M&M | 139 Clinton |
| 4/14/2006 | 1389 | OCWEN Federal Bank | $1,449.16 | Mortgage | M&M | 139 Clinton |
| 5/12/2006 | 1423 | OCWEN Federal Bank . | $1,449.16 | Mortgage | M&M | 139 Clinton |
| 12/19/2006 | 1230 | OCWEN Federal Bank | 1,959.10 | Mortgage | M&M | 139 Clinton |
| | | TOTAL | 21,469.44 | | | |
| 6/10/2005 | 1038 | Countrywide Home Loan | 4,258.26 | Mortgage | M&M | 148 West |
| 6/10/2005 | 1039 | Countrywide Home Loan | 4,258.26 | Mortgage | M&M | 148 West |
| 10/20/2005 | 1132 | Countrywide Home Loan | $5,000.00 | Mortgage | M&M | 148 West |
| | | TOTAL | $13,516.52 | | | |
| 6/9/2005 | 1040 | GMAC Mortgage Corp | 4,414.13 | Mortgage | M&M | 187 Gates Ave |
| 6/9/2005 | 1041 | GMAC Mortgage Corp | 4,414.13 | Mortgage | M&M | |
| | | TOTAL | $8,828.26 | | | |
| 4/22/2005 | 1007 | Aswad Ayinde | 5,000.00 | Others | M&M | |
| 5/4/2005 | 1017 | Aswad Ayinde | $1,500.00 | Others | M&M | |
| 5/6/2005 | 1022 | Aswad Ayinde | 17,951.00 | Others | M&M | |
| 5/18/2005 | 1030 | Aswad Ayinde | 16,300.00 | Others | M&M | |
| 6/13/2005 | 1046 | Aswad Ayinde | $2,500.00 | Others | M&M | |
| 6/16/2005 | 1047 | Aswad Ayinde | 10,000.00 | Others | M&M | |
| 6/20/2005 | 1049 | Aswad Ayinde | $10,000.00 | Others | M&M | |
| 7/12/05 | 94 | Aswad Ayinde | 500.00 | Others | MBM | |
| 7/18/05 | 1375 | Aswad Ayinde | 5,000.00 | Others | MBM | |
| 7/22/05 | 95 | Aswad Ayinde | 6,000.00 | Others | MBM | |

JANINA DAVIS / ASWAD AYINDE
SCHEDULE OF PAYMENT
From 2005 to 2007

| Date | Check No. | Payee | Amount | Payment for | Paid by |
|---|---|---|---|---|---|
| 8/1/05 | 1009 | Aswad Ayinde | 5,000.00 | Others | MBM |
| 9/12/05 | 101 | Aswad Ayinde | 5,000.00 | Others | MBM |
| 10/12/2005 | 1138 | Aswad Ayunde | 12,500.00 | Others | M&M |
| 11/2/2005 | 1183 | Aswad Ayinde | $2,000.00 | Others | M&M |
| 11/17/2005 | 1203 | Aswad Ayinda | 4,000.00 | Others | M&M |
| 11/16/2005 | 1216 | Aswad Ayinde | $1,600.00 | Others | M&M |
| 11/21/2005 | 1225 | Aswad Ayinde | $1,000.00 | Others | M&M |
| 11/30/2005 | 1235 | Aswad Ayinde | $2,000.00 | Others | M&M |
| 1/3/2006 | 1274 | Aswad Ayinde | $500.00 | Others | M&M |
| 1/5/06 | 1026 | Aswad Ayinde | 2,500.00 | Others | MBM |
| 1/5/06 | 1027 | Aswad Ayinde | 700.00 | Others | MBM |
| 1/13/2006 | 1305 | Aswad Ayunde | 1,500.00 | Others | M&M |
| 1/17/2006 | 1306 | Aswad Ayunde | $700.00 | Others | M&M |
| 1/23/2006 | 1315 | Aswad Ayunde | $2,500.00 | Others | M&M |
| 1/23/2006 | 1311 | Aswad Ayunde | $700.00 | Others | M&M |
| 2/2/06 | 113 | Aswad Ayunde | 700.00 | Others | MBM |
| 2/8/06 | 114 | Aswad Ayunde | 10,000.00 | Others | MBM |
| 2/15/06 | 117 | Aswad Ayunde | 700.00 | Others | MBM |
| 2/27/06 | 115 | Aswad Ayunde | 700.00 | Others | MBM |
| 2/28/06 | 119 | Aswad Ayunde | 700.00 | Others | MBM |
| 3/14/06 | 123 | Aswad Ayunde | 2,700.00 | Others | MBM |
| 3/20/06 | 125 | Aswad Ayunde | 700.00 | Others | MBM |
| 3/20/06 | 126 | Aswad Ayunde | 700.00 | Others | MBM |
| 3/20/06 | 125 | Aswad Ayunde | 700.00 | Others | MBM |
| 3/20/06 | 126 | Aswad Ayunde | 700.00 | Others | MBM |
| 4/3/06 | 129 | Aswad Ayunde | 8,000.00 | Others | MBM |
| 4/3/06 | 128 | Aswad Ayunde | 2,000.00 | Others | MBM |
| 4/3/06 | 129 | Aswad Ayunde | 8,000.00 | Others | MBM |
| 4/3/06 | 128 | Aswad Ayunde | 2,000.00 | Others | MBM |
| 4/14/06 | 130 | Aswad Ayunde | 5,000.00 | Others | MBM |
| 4/14/06 | 130 | Aswad Ayunde | 5,000.00 | Others | MBM |
| 5/15/2006 | 1446 | Aswad Ayunde | $1,250.00 | Others | M&M |
| 5/18/06 | 135 | Aswad Ayunde | 1,000.00 | Others | MBM |
| 5/23/06 | 136 | Aswad Ayunde | 4,000.00 | Others | MBM |
| 6/16/06 | 138 | Aswad Ayunde | 3,000.00 | Others | MBM |
| 6/22/06 | 127 | Aswad Ayunde | 2,000.00 | Others | MBM |
| 6/23/06 | 139 | Aswad Ayunde | 10,000.00 | Others | MBM |
| 8/7/06 | 1003 | Vincent McGill | 2,500.00 | Others | ATRIA |
| 10/20/2006 | 1108 | Aswad Ayinde-Vincent Mc. Gil | $2,500.00 | Others | M&M |
| 11/13/2006 | 1150 | Aswad Ayinde | $2,000.00 | Others | M&M |
| 11/21/06 | 1090 | Aswad Ayinde | 26,250.00 | Others | A1 |
| 11/30/06 | 1003 | Aswad Ayunde | 30,000.00 | Others | MBM |
| 12/15/2006 | 1254 | Aswad Ayinde | $500.00 | Others | M&M |
| 12/19/2006 | 1258 | Aswad Ayinde | $700.00 | Others | M&M |
| 12/28/2006 | 1276 | Aswad Ayinde | $2,500.00 | Others | M&M |
| 12/28/2006 | 1275 | Aswad Ayinde | $600.00 | Others | M&M |
| 1/19/07 | 1136 | Vincent McGill | 20,000.00 | Others | A1 |
| 2/5/07 | 1157 | Aswad Ayinde | 10,000.00 | Others | A1 |
| 3/30/07 | 1201 | Vincent McGill | 13,800.00 | Others | A1 |
| 5/8/07 | 1236 | Vincent McGill | 12,500.00 | Others | A1 |
| 6/8/07 | 1281 | Vincent McGill | 7,000.00 | Others | A1 |
| 6/15/07 | 1291 | Vincent McGill | 15,000.00 | Others | A1 |
| 6/28/07 | 1307 | Vincent McGill | 25,000.00 | Others | A1 |
| 7/12/07 | 1321 | Vincent McGill | 7,000.00 | Others | A1 |
| 7/20/07 | 1341 | Vincent McGill | 10,000.00 | Others | A1 |
| 8/6/07 | 1352 | Vincent McGill | 5,000.00 | Others | A1 |
| 8/20/07 | 1368 | Vincent McGill | 5,000.00 | Others | A1 |
| 8/30/07 | 1398 | Vincent McGill | 5,000.00 | Others | A1 |
| 9/10/07 | 1399 | Vincent McGill | 7,500.00 | Others | A1 |
| 9/25/07 | 1429 | Vincent McGill | 2,000.00 | Others | A1 |
| 10/11/07 | 1453 | Vincent McGill | 7,000.00 | Others | A1 |
| 10/22/07 | 1478 | Vincent McGill | 1,000.00 | Others | A1 |
| 11/1/07 | 1487 | Vincent McGill | 5,500.00 | Others | A1 |
| 11/1/07 | 1495 | Vincent McGill | 750.00 | Others | A1 |

JANINA DAVIS / ASWAD AYINDE
SCHEDULE OF PAYMENT
From 2005 to 2007

| Date | Check No. | Payee | Amount | Payment for | Paid by |
|------|-----------|-------|--------|-------------|---------|
| 9/17/10 | 1412 | Vincent McGill | 7,500.00 | Others | A1 |
| | | TOTAL | $420,601.00 | | |
| | | | | | |
| 5/6/2005 | 1023 | Eutha Davis | 20,000.00 | Others | M&M |
| 7/18/05 | 97 | Janina Davis | 6,000.00 | Others | MBM |
| 7/19/05 | 93 | Janina Davis | 768.00 | Others | MBM |
| 8/11/05 | 98 | Janina & Eutha Davis | 6,000.00 | Others | MBM |
| 8/17/2005 | 1095 | Janina Davis | 8,728.21 | Others | M&M |
| 9/21/05 | 105 | Janina Davis | 2,000.00 | Others | MBM |
| 10/5/2005 | 1136 | Janina Davis | 14,008.00 | Others | M&M |
| 10/31/2005 | 1137 | Janina Davis | 14,008.00 | Others | M&M |
| 1/9/2006 | 1289 | Janina Davis | 3,000.00 | Others | M&M |
| 2/16/2006 | 1337 | Janina Davis | 3,000.00 | Others | M&M |
| 3/20/2006 | 1377 | Janina Davis | $2,500.00 | Others | M&M |
| 5/10/06 | 1418 | Eutha Davis | 2,500.00 | Others | M&M |
| 5/17/2006 | 1445 | Eutha Davis | $3,750.00 | Others | M&M |
| 6/26/06 | 107 | Eutha Davis | 3,497.43 | Others | ATRIA |
| 7/24/06 | 115 | Eutha Davis | 3,750.00 | Others | ATRIA |
| 9/5/06 | 1007 | Eutha Davis | 3,750.00 | Others | ATRIA |
| 9/27/06 | 1018 | Eutha Davis | 4,000.00 | Others | ATRIA |
| 10/20/06 | 1023 | Eutha Davis | 4,000.00 | Others | ATRIA |
| 11/24/06 | 1027 | Eutha Davis | 4,000.00 | Others | ATRIA |
| 12/26/2006 | 1198 | Eutha Davis | $6,000.00 | Others | M&M |
| 1/27/2007 | 1245 | Eutha Davis | $15,000.00 | Others | M&M |
| 2/27/2007 | 1246 | Eutha Davis | $15,000.00 | Others | M&M |
| 3/28/2007 | 1300 | Eutha Davis | $5,000.00 | Others | M&M |
| 4/26/2007 | 1323 | Eutha Davis | $5,000.00 | Others | M&M |
| 6/7/2007 | 1346 | Eutha Davis | $5,000.00 | Others | M&M |
| | | TOTAL | 160,259.64 | | |
| | | | | | |
| 8/19/2005 | 1091 | Imperial Abstract Corp | 86,990.00 | Others | M&M |
| | | TOTAL | 86,990.00 | | |
| | | | | | |
| | | GRAND TOTAL | $826,000.67 | | |

SCP

At an I.A.S. Trial Term, Part   of  the Supreme
Court of the State of New York, held in and for the
County of Kings, at the Courthouse, located at
Civic Center, Borough of Brooklyn, City and State
of New York, on the  12  day of SEPT  20 05

P R E S E N T :
Hon. SCHMIDT
_____
Justice

_____

Subhana Rahim                          Cal. No.
                     Plaintiff(s)      Index No. 31765/2004

    - against -

Arune Destula, Janma Davis, et al
                     Defendant(s)

The following papers numbered 1 to    read on this motion        Papers Numbered
Notice of Motion – Order to Show Cause
and Affidavits (Affirmations) Annexed_____
Answering Affidavit (Affirmation)_____
Reply Affidavit (Affirmation)_____
_____Affidavit (Affirmation)_____
Pleadings – Exhibits_____
Stipulations – Minutes_____
Filed Papers_____

The parties, Rahim and Davis, stipulate and agree as
follows:

(1) The subscribing parties shall release and forever forgoe
any and all claims, interest, causes of action related to
the herein complained action and any and all other
potential causes of action before today, contingent
on the completion of terms below,

For Clerks use only  X
MG___
MD___
Motion Seq. #        X
                     Andre Zeleth Esq.

                                    E N T E R

X                                  _____
   JANMA DAVIS                      J.S.C.

EJV-rev 11-04                       HON. DAVID I. SCHMIDT

X                                                  page 1 of 3
   Julie Clark, Esq.

X
   Man Developer, LLC

P1202

## PAGE 2

INDEX# 31765 - 2004          DATE 9/12/2005

PLAINTIFF Rahim. vs DEFENDANT Dostula

(2) Davis shall sell the premises to M3M Developer, LLC
on or before January 2, 2006 at a price equal to
the price to settle the current mortgage on the
premises (currently estimated at $252,000.00).

(3) Rahim and Davis shall each receive and an additional
$100,000 net each on or before January 2, 2006
at a time simultaneous with closing from the
buyer, M3M Developer, LLC.

(4) Rahim shall reside in a unit at the premises until
December 31, 2005, thereafter Rahim shall vacate
or enter into a lease with the buyer M3M Developer LLC,
at a market rate, M3M Developer LLC shall send a 30 day
notice of rental to Rahim 1/2 full month before
such rent shall be due, see page 3

(5) Buyer M3M Developer, LLC shall pay $15000 deposit to
Rahim by her attorney, Sklit & Company, against the
$100,000 total due her upon execution of this agreement.

(6) Premises herein referred to is 187 Gates Ave., Brooklyn Block
1972
Lot 58
Kings Cty

(7) As Rahim & Davis agree that the Notice of Pendency shall
be removed and vacated immediately upon the clearance
of funds of the $15,000.00 deposit to Rahim.

X _____          **ENTERED/SO ORDERED**

X _Andre Sklit, Esq._                   _____

X _Feangya Davis_                        **JSC**

X _Jhille Clark, Esq._          **PAGE 2 of 3** HON. DAVID I. SCHMIDT

                                 X _M3M Developer LLC_ "member"

PAGE 3

INDEX# 32765 - 2004    DATE 9/12/2005

PLAINTIFF Rahim    VS    DEFENDANT Destula

(4) Rahim shall reside in a unit at the premises until
December 31, 2005 with no rent; thereafter, Rahim
shall vacate the premises or, if Rahim shall
decide to remain, Rahim shall live at the garden
level apartment with exclusive access to the
back yard of the premises, for one year at a
rate of $1,500.00 a month plus utilities paid
by Rahim and Rahim shall give to M3M Developers, LLC
security of $1,500.00 at closing. Failure to
vacate as per This agreement will make Rahim
liable to M3M Developers for all legal fees
Rents and 20% interest upon eviction or
her vacating The premises.

X _____
   Subhana Rahim

X _____
   Andre Soto, Esq.

X _____
   Shuma Davis

X _____
   Julie Clark, Esq.

X _____     ENTERED/SO ORDERED
   M.3M Developer, LLC

PAGE 3 of 3

JSC

HON. DAVID I. SCHMIDT

1

1  SUPREME COURT OF THE STATE OF NEW YORK
   COUNTY OF KINGS - TRIAL TERM - PART SCP
2  ------------------------------------------------X
   SUBHANA RAHIM,
3
                        Plaintiff,
4
                   -against-
5
   ARUNE DESTULA (a/k/a ASWAD AYINDE), JANINE DAVIS,
6  VERONICA VILLALOBOS and HOMECOMINGS FINANCIAL
   NETWORK, INC.,
7
                        Defendants.
8  ------------------------------------------------X

9  Index No. 31765/2004        360 Adams Street
   STIPULATION                 Brooklyn, New York 11201
10                             September 12, 2005

11 B E F O R E:

12             HONORABLE DAVID SCHMIDT,
                        Justice
13

14 A P P E A R A N C E S:

15     SOLEIL & COMPANY, P.C.
       Attorneys for the Plaintiff
16     461 Willougbhy Avenue - Suite 2
       Brooklyn, New York 11206
17     BY:  ANDRE RAMON SOLEIL, ESQ.

18
       JULIE CLARK, ESQ.
19     Attorney for the Defendants
       32 Court Street - Suite 707
20     Brooklyn, New York 11201

21

22

23
                        DAVID R. SEDACCA
24                      OFFICIAL COURT REPORTER

25


                        DRS


P1206

1          THE COURT:  First of all, I want to swear you

2     both in.  Raise your right hand.

3          (Whereupon, Subhana Rahim and          were duly

4     sworn by the Court.)

5          THE COURT:  What is your name?

6          MS. DAVIS:  Janina Davis.

7          THE COURT:  And what is your name?

8          MS. RAHIM:  Subhana Rahim.

9          THE COURT:  I understand you're settling this

10    case; is that correct?

11         MS. RAHIM:  Yes.

12         MS. DAVIS:  Yes.

13         THE COURT:  Are you settling this on your own

14    free will MS. DAVIS:  Yes, I am.

15         MS. RAHIM:  Yes.

16         THE COURT:  You both spoke to your attorney

17    before you settled this case?

18         MS. DAVIS:  Yes.

19         MS. RAHIM:  Yes.

20         THE COURT:  You had a weekend to think about

21    this case and you decided on your own free will you're

22    settling this case?

23         MS. DAVIS:  Yes.

24         MS. RAHIM:  Yes.

25         THE COURT:  Okay.

DRS

3

## Stipulation of Settlement

1    The way I understand this case is being settled

2    is that there are going to be two buyers who are going to

3    buy the property.

4    Is it going to be two or one?

5    MR. YERUSALEM:  It's two, M & M Developers.

6    THE COURT:  What is your name?

7    MR. MOSHE:  Musa Moshe.

8    THE COURT:  And yours?

9    MR. YERUSALEM:  Moraed Yerusalem.

10    THE COURT:  Okay?

11    Now, it's hereby settled and agreed by and

12    between the above-actioned parties that the

13    above-actioned case is settled as follows:

14    All parties are to give up all claims against

15    each other, and that -- what is your name?

16    MS. DAVIS:  Janina Davis.

17    THE COURT:  -- and that Janina Davis will

18    transfer the property to M & M, and M & M guarantees that

19    each one will have a hundred thousand dollars net, net,

20    net.  That means no transfer taxes, sales transfer taxes,

21    no purchase taxes.  They will end up with each, the

22    plaintiff and the defendant, with a hundred thousand

23    dollars in their pocket.

24    And this is subject to the agreement in which

25    they entered into.  It's a three-page agreement which is

DRS

## Stipulation of Settlement

1  signed by all parties.

2  MR. SOLEIL:  Your Honor, I would actually like

3  to read the three-page agreement into the record.

4  THE COURT:  What's the purpose?  You can just

5  submit it.

6  MR. SOLEIL:  I would like to.

7  THE COURT:  If it makes you feel better, go

8  ahead and do it.

9  MR. SOLEIL:  I'm quoting.  The three-page

10  agreement reads as follows:

11  The parties, Rahim and Davis, stipulate and

12  agree as follows:

13  The subscribing parties shall release and

14  forever forego any and all claims, interests, causes of

15  action related to the herein-complained action and any

16  and all other potential causes of action before today

17  contingent on the completion of the terms below.

18  2:  Davis shall sell the premises to M & M

19  Developer, L.L.C. on or before January 2nd, 2006 at a

20  price equal to the price to settle the current mortgage

21  on the premises, currently estimated at $752,000.

22  3:  Rahim and Davis shall receive an additional

23  one-hundred-thousand dollars net each on or before

24  January 2nd 2006 at a time simultaneous with closing from

25  the buyer M & M Developer, L.L.C.

DRS

5

Stipulation of Settlement

1    4:  Shall be recited later.

2    5:  Buyer M & M Developer, L.L.C. shall pay

3    $15,000 deposit to Rahim by her attorney, Soleil &

4    Company, against the one-hundred-thousand dollars total

5    due her upon execution of this agreement.

6    6:  The premises herein referred to is 187

7    Gates Avenue, Brooklyn, New York, Block 1972, Lot 38 of

8    Kings County.

9    7:  Rahim and Davis agree that the notice of

10   pendency shall be removed and vacated immediately upon

11   the clearance of funds of the 15-thousand-dollar deposit

12   to Rahim.

13   Now going back to 4:  Rahim shall reside in a

14   unit at the premises until December 31st, 2005, with no

15   rent.  Thereafter, Rahim shall vacate the premises, or,

16   if Rahim shall decide to remain, Rahim shall live at the

17   garden-level apartment with exclusive access to the

18   backyard of the premises for one year at a rate of $1,500

19   a month, plus utilities, paid by Rahim, and Rahim shall

20   give to M & M Developer, L.L.C. security of $1,500 at the

21   closing.

22   Failure to vacate as per this agreement will

23   make Rahim liable to M & M Developer, L.L.C. for all

24   legal fees, rents and 20-percent interest upon her

25   eviction or her subsequent vacating the premises.

*DRS*

6

Stipulation of Settlement

1      THE COURT:  Subject to that, it's so

2   stipulated?

3      MS. RAHIM:  Yes.

4      MS. DAVIS:  Yes.

5      THE COURT:  So stipulated?

6      MR. SOLEIL:  Yes, your Honor.

7      MS. CLARK:  Yes.

8      THE COURT:  You agree to abide by this

9   agreement; is that correct?

10      MR. MOSHE:  I agree.

11      THE COURT:  And, Moraed, you're agreeing to

12   abide by this agreement, too?

13      MR. YERSULAEM:  Yes.

14      THE COURT:  So you're buying the property and

15   you will in essence give them a hundred thousand dollars

16   net to each, the plaintiff and the defendant, and you

17   will pay the transfer tax, both the sellers' transfer tax

18   and the buyers' transfer tax or any other expenses that

19   there are pursuant to this transfer of the property

20   between you and Janina, and they will get a hundred

21   thousand dollars apiece.

22      Is that correct?

23      MR. MOSHE:  Yes.

24      THE COURT:  So stipulated, everybody?

25      MR. SOLEIL:  Yes, your Honor.

DRS

Stipulation of Settlement

1  MS. CLARK: Yes.

2

3         * * * *

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21     It is hereby certified that the
       foregoing is a true and accurate
22     transcript of the proceedings.

23     DAVID R. SEDACCA
       OFFICIAL COURT REPORTER
24

25

       DRS

$S c \wp$

> At an I.A.S. Trial Term, Part    of   the Supreme
> Court of the State of New York, held in and for the
> County of Kings, at the Courthouse, located at
> Civic Center, Borough of Brooklyn, City and State
> of New York, on the /9 day of JULY 20 / /

P R E S E N T :
Hon. _SCHMIDT_
                    **Justice**

_____

    RAHIM                    **Plaintiff(s)**        Cal. No.
                                                      Index No. 31765-04
        - against -

    DESTUCA
                              **Defendant(s)**

The following papers numbered 1 to    read on this motion          **Papers Numbered**
Notice of Motion - Order to Show Cause
and Affidavits (Affirmations) Annexed_____
Answering Affidavit (Affirmation)_____
Reply Affidavit (Affirmation)_____
                    Affidavit (Affirmation)_____
Pleadings - Exhibits_____
Stipulations - Minutes_____
Filed Papers_____

The stipulation annexed is
a valid stipulation that was
entered before me with full
consent of all the signatories
thereto. Moddi, as a manage-
ment had a right to
sign on behalf
of the CCC and bind the
CCC to this hybrid stipola-
tion contract

For Clerks use only
MG___
MD___
Motion Seq. #

_____

                                    ENTER

                                    _____
                                    J.S.C.

EJV-rev 11-04                        **HON. DAVID I. SCHMIDT**

2011 AUG 26  AM 10: 10

KINGS COUNTY CLERK
FILED